# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

THOMAS POWER,

      Plaintiff,

      vs.

HEWLETT-PACKARD COMPANY,

      Defendant.

CIVIL DIVISION

Docket No.:

Code:

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiff:
Thomas Power

Counsel of Record for this Party:

Peter D. Friday, Esquire
Pa I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa I.D. # 318783
jlicata@fridaylaw.com

Jesse A. Drumm, Esquire
Pa I.D. # 319471
jdrumm@fridaylaw.com

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA  15216-2320
Telephone:  (412) 561-4290
Facsimile:  (412) 561-4291

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

THOMAS POWER,                                    CIVIL DIVISION

      Plaintiff,                                Docket No.:

      vs.                                      Code:

HEWLETT-PACKARD COMPANY,

      Defendant.

## **NOTICE TO DEFEND**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by an attorney and by filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service**
**The Allegheny County Bar Association**
**11th Floor Koppers Building, 436 Seventh Avenue**
**Pittsburgh, PA  15219**
**Telephone: (412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

THOMAS POWER,                                    CIVIL DIVISION

      Plaintiff,                              Docket No.:

      vs.                                     Code:

HEWLETT-PACKARD COMPANY,

      Defendant.

## COMPLAINT IN CIVIL ACTION

Plaintiff Thomas Power, by and through his attorneys Peter D. Friday, Esquire, Joshua S. Licata, Esquire, Jesse A. Drumm, Esquire and Friday & Cox LLC complains and alleges as follows:

1.     Plaintiff Thomas Power is an adult individual residing at 424 Carothers Avenue, Apt. 5, Carnegie, Allegheny County, Pennsylvania 15106.

2.     Defendant Hewlett-Packard Company is a California corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California, 94304.

3.     At all relevant times, defendant was registered to conduct business in the Commonwealth of Pennsylvania and regularly conducted business in and through Allegheny County, Pennsylvania.

4.     At all relevant times, defendant regularly sold, marketed, advertised, distributed and profited from sale, marketing, advertising and distribution of laptop computers and other electronic devices in and through Allegheny County, Pennsylvania.

5.     At all relevant times, defendant designed, manufactured, assembled, distributed, sold, tested and otherwise placed into the stream of commerce, for profit, consumer electronic

products, including the subject laptop computer, its lithium ion battery and battery charger and power cord ("charger").

6.    At all relevant times, defendant held itself out to the public as being knowledgeable, skilled and experienced in the design, manufacture, production, assembly, distribution and sale of laptop computers, lithium ion batteries, chargers and their component parts, such as the HP EliteBook Mobile Workstation, model number HP8730w, lithium ion rechargeable battery included as part of the HP EliteBook Mobile Workstation and the charger.

7.    The subject laptop was powered by the rechargeable lithium ion battery, which was incorporated for use with and in the subject laptop and recharged by the subject charger, creating an integrated product when it left defendant's possession and/or control and was placed into the stream of commerce.

8.    The incident giving rise to this lawsuit occurred on or about June 20, 2015, when plaintiff suffered, *inter alia*, severe thermal and chemical burns as a result of the lithium ion battery cells contained in the subject laptop short circuiting, overheating, igniting and exploding on plaintiff's arms, hands, torso and lower extremities.

9.    Defendant designed, manufactured, marketed, distributed and/or sold to the public, including plaintiff, for profit, the subject laptop, the lithium ion batteries and charger, which was manufactured, marketed, distributed, designed, assembled and/or sold in a defective condition such that the lithium ion battery cells would short circuit, overheat, ignite and/or otherwise explode while in use.

10.    Defendant was fully aware of the danger the defective products it was placing into the stream of commerce posed to its customers, specifically lithium ion batteries, which have repeatedly been shown to pose an unreasonable risk of fire and burn injuries.

11.     In fact, dozens of lithium ion batteries have been recalled by defendant, with large scale recalls occurring in 2006, 2011 and 2016.

12.     Prior to June 20, 2015, it was well-known to defendant that laptops and their lithium ion batteries and chargers that are the same or similar to the subject laptop, lithium ion battery and charger presented particular hazards, including but not limited to, risk of short circuiting, catching fire, overheating and explosion.

13.     In particular, defendant was aware that many consumers of their laptop, lithium ion battery and charger products have been seriously injured, burned, killed and/or suffered significant property loss, including the loss of entire homes, due to the defective nature of those products.

14.     Defendant was also aware of the various legal complaints filed against it alleging substantially the same or similar defects in its products to those alleged herein, including but not limited to, defects resulting in its products short circuiting, overheating, igniting and exploding.

15.     Therefore, defendant had more than transitory, fleeting or anecdotal notice of the risks posed by their laptops, lithium ion batteries and chargers, including the subject laptop, lithium ion battery and charger.  Indeed, defendant knew and was aware of these dangers for years, and these dangers are widely known throughout the mobile computing and electronic technology industries.

16.     Therefore, defendant had an actual appreciation of the nature of the risk posed to users of such products, yet failed to adequately inform the public and continued to design, manufacture, market, advertise, assemble, distribute and sell laptops, lithium ion batteries and chargers, such as the subject laptop, lithium ion battery and charger, to the public.

17.     Defendant knew that the extent of injury posed by products, such as the subject laptop, lithium ion battery, charger and their component parts, including severe thermal burns, chemical burns and death, yet favored their own pecuniary gain and "reputation" over the health and safety of the public.

18.     To the extent defendant denies in this suit that it did not design, manufacture, distribute, sell or supply the at issue lithium ion battery and/or charger, defendant caused, allowed, permitted and recommended that the at issue lithium ion battery and charger was suitable for use by users and consumers of the at issue laptop computer.

19.     Plaintiff purchased the subject laptop, lithium ion battery and charger on or about April 29, 2013 from a seller using www.ebay.com, and the products were in the same or substantially similar condition as it was when it left defendant's possession and control.

20.     At the time the subject laptop, lithium ion battery and charger left defendant's possession and control, and when it arrived at plaintiff's household, it did not include any warnings regarding the risk of short circuiting, overheating, ignition and exploding while being used in a normal, intended and foreseeable manner.

21.     On or about June 20, 2015, plaintiff was using the subject laptop in the lobby of Club Julian 24 Hour Fitness, with the subject laptop placed on his lap.  The subject laptop was plugged in using the subject charger to a nearby power outlet.

22.     At all relevant times, plaintiff was using the subject laptop, lithium ion battery and charger for its intended purposes in a reasonable and foreseeable manner.

23.     In the early morning hours of June 20, 2015, the subject laptop and lithium ion battery suddenly and without warning, short circuited, overheated, ignited and exploded on

6

plaintiff's lap while the subject laptop was plugged in to a nearby power outlet with the subject charger.

24.     Plaintiff immediately removed the still burning and exploding laptop from his lap and furiously attempted to brush off superheated chemicals and plastics from his lower extremities.

25.     The subject laptop and lithium ion battery continued to blaze, explode and deposit battery metals and chemicals, setting off several explosions, before being put out with a fire extinguisher by a third party.

26.     Plaintiff suffered the following injuries as a direct and proximate result of the explosion of the subject laptop and lithium ion battery, some or all of which may be permanent in nature:

   a.  Deep partial thickness burns covering 3% total body surface area on his lower extremities bilaterally requiring skin grafts, including:

      i.  Second degree burns to the right inner knee approximately 4 inches in diameter;

      ii. Second degree burns to the left leg in a 4 inch by 8 inch area with skin sluffing;

   b.  Cellulitis in the left knee;

   c.  Invasive burn wound infections in the left knee;

   d.  Left lower extremity swelling;

   e.  Gastrointestinal, urinary and kidney dysfunction;

   f.  Nervousness, emotional tension, anxiety and depression; and

   g.  Other injuries to be proven at trial.

27.    Plaintiff's injuries were a direct and proximate result of the dangerous, hazardous and defective condition of the subject laptop computer, lithium ion battery, charger and their component parts, which at all relevant times were being used for their intended purpose in a normal and foreseeable manner by plaintiff.

28.    As a direct and proximate result of the dangerous, hazardous and defective condition of the subject laptop computer, lithium ion battery, charger and their component parts, plaintiff suffered the following damages, some or all of which may be ongoing:

   a.   Great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

   b.   Plaintiff will be required to expend large sums of money for treatment and care, including by not limited to, skin grafting, plastic surgery, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, prescription medication, and other attendant services;

   c.   Plaintiff was required to undergo skin debridement and skin grafting surgeries, which was caused him substantial, prolonged pain and suffering;

   d.   Plaintiff was unable to walk to due to great pain following his various surgeries;

   e.   Plaintiff's gastrointestinal, urinary and kidney dysfunction caused him to defecate and urinate himself without warning for several months, resulting in considerable inconvenience, embarrassment and emotional distress;

   f.   Plaintiff's future earning capacity has been reduced and may be permanently impaired;

   g.   Inability to enjoy various pleasures of life and participate in various activities that were previously enjoyed;

   h.   Permanent scarring and disfigurement; and

   i.   Loss and impairment of general health, strength and vitality.

**COUNT I**
*Thomas Power v. Hewlett-Packard Company*
**Strict Products Liability**

8

29.     All of the preceding paragraphs are incorporated herein by reference.

30.     At all relevant times, defendant designed, tested, manufactured, supplied, sold and/or otherwise placed into the stream of commerce the subject laptop computer, lithium ion battery, charger and the component parts thereof, in a defective condition, unreasonably dangerous and unsafe for its intended and foreseeable use.

31.     At all relevant times, defendant was in the business of designing, constructing, testing, marketing, distributing and selling the subject laptop, lithium ion battery, charger and their component parts to the ultimate users and consumers of these products, including plaintiff.

32.     At all relevant times, the subject laptop, lithium ion battery, charger and their component parts were defective in its design, manufacture and warnings, causing the subject laptop lithium ion battery and charger to short circuit, overheat, ignite and explode on plaintiff's lap while being used for its intended purpose in a reasonable foreseeable manner.

33.     At all relevant times, the subject laptop, lithium ion battery, charger and their component parts were unsafe for their intended use.

34.     At all relevant times, defendant negligently, intentionally, deliberately and outrageously failed to disclose to plaintiff and other similarly situated persons adequate warnings of the nature and extent of the danger resulting from the use of their products.

35.     Plaintiff was unaware of the unreasonably dangerous condition of the subject laptop, lithium ion battery and charger prior to or at the time of the subject incident.

36.     On or about June 20, 2015, plaintiff used the subject laptop, lithium ion battery, charger and their component parts in a manner and for a purpose defendant had intended, and as

the actual and proximate result of their use, the subject laptop, lithium ion battery, charger and their component parts caused plaintiff to suffer the aforementioned damages.

37.     Plaintiff purchased the subject laptop, lithium ion battery and charger and they reached plaintiff without substantial change in condition when plaintiff purchased the products from www.ebay.com.

38.     At all relevant times, the subject laptop, lithium ion battery, charger and their component parts were in a defective condition that was unknowable, unacceptable and unreasonably dangerous to the average or ordinary consumer, including plaintiff.

39.     At all relevant times, the subject laptop, lithium ion battery, charger and their component parts were in an unreasonably defective condition, such that a reasonable person would conclude that the probability and seriousness of harm caused by the subject laptop, lithium ion battery and charger short circuiting, overheating, igniting and exploding outweighs the burdens or costs of taking precautionary measures in the design, manufacture, sale, distriubtion and warnings of the subject laptop, lithium ion battery, and charger.

40.     Accordingly, the subject laptop, lithium ion battery, charger and their component parts as supplied to the plaintiff was in a defective condition, unreasonably dangerous and unsafe for its intended and reasonably foreseeable uses as contemplated by § 402A of the Restatement (Second) of Torts, in the following particulars:

      a.   In designing, manufacturing, selling and/or distributing the subject laptop, lithium ion battery, charger and their component parts in a manner such that it was susceptible to short circuiting, overheating, igniting and exploding while being operated in a normal, intended foreseeable manner;

      b.   In designing, manufacturing, selling and/or distributing the subject laptop, lithium ion battery, charger and its component parts without proper protection from short circuiting, overheating, igniting, exploding while being operated in a normal, intended and foreseeable manner;

    c.  In designing, manufacturing, selling and/or distributing the subject laptop, lithium ion battery, charger and their component parts without adequate safety features, including but not limited to fail safe features, that would prevent them from short circuiting, overheating, igniting, exploding while being operated in normal, intended and foreseeable manner; and

    d.  In failing to warn foreseeable users of the latent dangers of the subject laptop, lithium ion battery, charger and their component parts while being operated in a normal, intended and foreseeable manner.

41.    The incident and resulting damages were a direct and proximate result of the defects in the subject laptop computer, lithium ion battery, charger and component parts thereof, all of which existed at the time that the products were designed, manufactured, distributed, tested, sold and otherwise placed into the stream of commerce by defendant.

42.    Therefore, defendant is strictly liable for the damages incurred by plaintiff as a result of this incident.

WHEREFORE, plaintiff demands compensatory and punitive damages against defendant, in an amount in excess of the jurisdictional amount for arbitration, together with such interest, costs and fees as may be determined by the Court.

## COUNT II
*Thomas Power v. Hewlett-Packard Company*
### Negligence

43.    All of the preceding paragraphs are incorporated herein by reference.

44.    Defendant knew the subject laptop, lithium ion battery, charger and their component parts were to be used by consumers without inspection for defects.

45.    The subject laptop, lithium ion battery, charger and component parts were manufactured, designed, tested, marketed, sold, supplied, distributed and/or otherwise placed into

11

the stream of commerce by defendant containing a defect in the design, manufacture, assembly and warnings.

    46.    The subject incident and plaintiff's resulting damages and injuries were directly and proximately caused by the negligence, carelessness and recklessness of defendant in the following manners:

    a.  In designing, testing, producing, and/or manufacturing the subject laptop, lithium ion battery, charger and their component parts in a defective condition, unreasonably dangerous to its prospective users, including plaintiff;

    b.  In designing, testing, producing and/or manufacturing the subject laptop, lithium ion battery and charger with defective component parts capable of short circuiting, overheating, igniting, exploding and causing serious injuries while being used in their intended and foreseeable manner;

    c.  In designing, distributing, testing and/or manufacturing the subject laptop, lithium ion battery and charger containing defective and/or inadequate materials for their intended and foreseeable use;

    d.  In failing to design, test, manufacture, sell, distribute and supply the subject laptop, lithium ion battery and charger with proper and adequate safeguards/devices to protect its users from injury;

    e.  In failing to properly design and manufacture the subject laptop, lithium ion battery, charger and their component parts so that they were reasonably safe for their intended and foreseeable use by the average consumer, including plaintiff;

    f.  In failing to properly and adequately inspect the subject laptop, lithium ion battery, charger and their component parts so as to discover the defects contained therein;

    g.  In failing to properly test the capability of the lithium ion battery cells for causing short circuiting, overheating, igniting and explosions before placing the laptop, lithium ion battery, charger and their component parts into the stream of commerce;

    h.  In failing to adequately warn prospective users of the unreasonable dangers of the subject laptop, lithium ion battery, charger and their component parts;

i.   In failing to place warnings on the subject products and their component parts alerting prospective users, including plaintiff of the unreasonable danger of short circuiting, overheating, igniting and exploding while using the subject products in a reasonable, intended and foreseeable manner;

j.   In installing defective battery cells into the laptop, when said battery cells were unsafe, hazardous and unreasonably dangerous to the average consumer, including plaintiff;

k.   In negligently designing and manufacturing the subject laptop, lithium ion battery, charger and their component parts in a manner that they were susceptible to short circuiting, overheating, igniting, exploding and injuring users during its normal, intended and foreseeable operation; and

l.   In failing to exercise due care under the circumstances in the manufacturing, designing, marketing, testing, distributing and selling of the defective laptop, lithium ion battery, charger and their component parts.

47.   Some or all of defendant's above-described acts and omissions were wanton, willful, reckless and outrageous as defendant knowingly placed defective products, including the subject laptop, lithium ion battery, charger and their component parts into the stream of commerce.

48.   Said acts or omissions were taken despite defendant's actual and/or constructive knowledge that its laptops, lithium ion batteries, chargers and their component parts have been shown to cause serious injury, burns, death and/or significant property loss, due to the defective nature of those products, as specified above.

WHEREFORE, plaintiff demands judgment for compensatory and punitive damages against defendant in an amount in excess of the jurisdictional amount for arbitration, together with such interest, costs and fees as permitted by the Court.

**COUNT III**
*Thomas Power v. Hewlett-Packard Company*
**Breach of Warranties**

49.   All of the preceding paragraphs are incorporated herein by reference.

50.     Defendant expressly and/or impliedly warranted that the subject laptop, lithium ion battery, charger and their component parts were of merchantable quality, safe and fit for its particular purpose when used under ordinary conditions and used in an ordinary or foreseeable manner.

51.     At all relevant times, plaintiff used the subject laptop, lithium ion battery, charger and their component parts in a manner consistent with its intended and foreseeable use and function and for the particular purpose for which it was designed, manufactured, marketed and sold.

52.     Defendant materially breached the warranties of merchantability and fitness for a particular purpose by negligently, carelessly and recklessly designing, manufacturing, assembling, supplying, distributing and/or selling the subject laptop, lithium ion battery, charger and their component parts in a manner that they were susceptible to short circuiting, overheating, igniting, exploding and injuring users during their normal, intended and foreseeable operation and/or in failing to exercise due care under the circumstances in the manufacturing, designing, distributing, marketing, producing and selling of the defective products.

53.     As a direct and proximate result of the aforesaid warranty breaches, the subject laptop, lithium ion battery, charger and their component parts failed and were caused to short circuit, overheat, ignite and otherwise explode while in use, resulting in plaintiff sustaining the severe bodily injuries, set forth above.

WHEREFORE, plaintiff demands judgment against defendant in an amount in excess of the jurisdictional amount for arbitration, together with such interest, costs and fees permitted by the Court.

Respectfully submitted,

Peter D. Friday, Esquire
Pa I.D. # 48746
Joshua S. Licata, Esquire
Pa I.D. # 318783
Jesse A. Drumm, Esquire
Pa I.D. # 319471
Attorneys for Plaintiff

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA  15216
(412) 561-4290 (Phone)
(412) 561-4291 (Fax)
pfriday@fridaylaw.com
jlicata@fridaylaw.com
jdrumm@fridaylaw.com

**VERIFICATION**

I, Thomas Power, being duly sworn according to law, depose and say that the facts contained in the foregoing are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Thomas Power

Date: 01/18/2017