IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,

            Plaintiff,            No. 2:17-cv-00154

    v.

                          **TRIAL BY JURY OF 12 DEMANDED**

HEWLETT-PACKARD COMPANY,

            Defendant.

## ANSWER OF HP INC., INCORRECTLY PLED AS HEWLETT-PACKARD COMPANY, WITH AFFIRMATIVE DEFENSES

Defendant, HP Inc., incorrectly pled as Hewlett-Packard Company (hereinafter "Answering Defendant"), by and through its attorneys, Bennett, Bricklin & Saltzburg LLC and Michael A. Weiner, Esquire, answers Plaintiff's Complaint as follows:

1. The information necessary to answer the averments of this corresponding paragraph of Plaintiff's Complaint is not within the knowledge of Answering Defendant and is therefore denied. Strict proof is demanded.

2. Admitted in part. Denied in part. It is admitted only that Answering Defendant has a principal place of business located at 3000 Hanover Street, Palo Alto, California 94304. It is denied that Answering Defendant is a California corporation. Answering Defendant is a Delaware Corporation.

3. Admitted.

4. Admitted.

5. It is admitted that Answering Defendant designs, tests and distributes HP EliteBook Mobile Workstation model HP8730w for use by consumers. The remaining averments of this

paragraph are denied.  Strict proof is demanded.

6. It is admitted that Answering Defendant designs, tests and distributes HP EliteBook Mobile Workstation model number HP8730w.  The remaining averments of the corresponding paragraph of Plaintiff's Complaint are denied.  Strict proof is demanded.

7. Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

8. Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

9. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

10. Denied.  Strict proof is demanded.

11. Admitted in part.  Denied in part.  It is admitted only that certain lithium ion battery types have been subject to recall due to alleged manufacturing defects during specified periods as identified on the website of the Consumer Product Safety Commission.  Answering Defendant denies that "dozens of lithium ion batteries" have been recalled by it.

12. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding

paragraph of Plaintiff's Complaint as plaintiff has not identified the "subject laptop" nor has plaintiff identified the lithium ion batteries or chargers. Accordingly, Answering Defendant denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

13. Denied. Strict proof is demanded.

14. Admitted in part. Denied in part. Answering Defendant is aware of other lawsuits to which it is or was a party filed in unidentified jurisdictions over an unidentified time period. The remaining averments contained in the corresponding paragraph of Plaintiff's Complaint are denied.

15. The averments of this corresponding paragraph of Plaintiff's Complaint are denied as conclusions of law to which no response is required. To the extent an answer is deemed required, denied. Strict proof is demanded.

16. Denied. Strict proof is demanded.

17. Denied. Strict proof is demanded.

18. Denied. Strict proof is demanded.

19. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

20. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

21. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this

corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

22. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

23. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

24. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

25. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

26(a)-(g). Any and all allegations of causation are denied and deemed at issue pursuant to the applicable rules of procedure. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

27.     Denied.  Any and all allegations of causation are denied and deemed at issue pursuant to the applicable rules of procedure.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

28(a)-(i).     Denied.  Any and all allegations of causation are denied and deemed at issue pursuant to the applicable rules of procedure.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments of the corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

**COUNT I**
*Thomas Power v. Hewlett-Packard Company*
**Strict Products Liability**

29.     Answering Defendant incorporates by reference its answers to paragraphs one through twenty-eight as though same were set forth herein at length.

30.     Denied.  It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

31.     Admitted in part.  Denied in part.  It is admitted that Answering Defendant designs, tests and distributes HP EliteBook Mobile Workstation model number HP8730w to consumers.  It is denied that Answering Defendant sold the subject laptop to the Plaintiff.  The

remaining averments contained in this corresponding paragraph of Plaintiff's Complaint are denied as conclusions of law to which no response is required.

32. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

33. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

34. Denied. All allegations of negligence and wrongdoing on the part of Answering Defendant are denied and deemed at issue pursuant to the applicable rules of procedure. Any and all allegations of intentional, deliberate and outrageous conduct on the part of Answering Defendant are expressly denied. Strict proof is demanded.

35. Denied. It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

36. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue,

demands strict proof thereof at the time of trial.

37. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

38. Denied. It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

39. Denied. It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

40(a)-(d). Denied. It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial. Additionally, the averments are further denied as

conclusions of law to which no response is required.

41.     Denied.  It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

42.     The averments contained in this corresponding paragraph of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent an answer is deemed required, denied.  Strict proof is demanded.

WHEREFORE, Answering Defendant, HP Inc., incorrectly pled as Hewlett-Packard Company, demands that judgment be entered in its favor, together with the costs of defense of this matter.

**COUNT II**
*Thomas Power v. Hewlett-Packard Company*
**Negligence**

43.     Answering Defendant incorporates by reference its answers to paragraphs one through forty-two as though same were set forth herein at length.

44.     Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

45.     Denied.  It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable

use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

46(a)-(l). All allegations of negligence, carelessness and recklessness on the part of Answering Defendant are denied and deemed at issue pursuant to the applicable rules of procedure. Any and all allegations of causation are denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

47. Denied. It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

48. Denied. Strict proof is demanded.

WHEREFORE, Answering Defendant, HP Inc., incorrectly pled as Hewlett-Packard Company, demands that judgment be entered in its favor, together with the costs of defense of this matter.

**COUNT III**
*Thomas Power v. Hewlett-Packard Company*
**Breach of Warranties**

49. Answering Defendant incorporates by reference its answers to paragraphs one through forty-eight as though same were set forth herein at length.

50. Denied. The averments of this corresponding paragraph of Plaintiff's Complaint are denied as conclusions of law to which no response is required.

51. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the averments of this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

52. Denied. All allegations of negligence and wrongdoing on the part of Answering Defendant are denied and deemed at issue pursuant to the applicable rules of procedure. It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

53. Denied. All allegations of warranty breaches on the part of Answering Defendant are denied and deemed at issue pursuant to the applicable rules of procedure. It is denied that HP EliteBook Mobile Workstation model number HP8730w are defective, unreasonably dangerous and/or unsafe for its intended and foreseeable use. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief with respect to the truth of the remaining averments contained in this corresponding paragraph of Plaintiff's Complaint, denies same, and if relevant to the issue, demands strict proof thereof at the time of trial.

WHEREFORE, Answering Defendant, HP Inc., incorrectly pled as Hewlett-Packard Company, demands that judgment be entered in its favor, together with the costs of defense of this matter.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering whole or in part because Plaintiff's alleged injuries and damages were caused by his own negligent conduct and knowing assumption of the risk.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendant breached no duty, if any was owed.

### FOURTH AFFIRMATIVE DEFENSE

The damages alleged to be at issue were caused by the conduct of third parties over whom Answering Defendant did not exercise any dominion or control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited as the subject incident and claimed damages were not caused by any condition existing in the product at the time it left the possession or control of Answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

If Answering Defendant designed, tested and/or distributed any product or component referred to in the Complaint, the product may have undergone a substantial change or modification subsequent to the time it left the possession and control of Answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

If Answering Defendant designed, tested and/or distributed any product or component

referred to in the Complaint, the product was not used in accordance with instructions and directives provided by Answering Defendant thereby discharging Answering Defendant from any liability for the performance of the product attributable to the improper use.

## EIGHT AFFIRMATIVE DEFENSE

The product or component allegedly designed, tested and/or distributed by Answering Defendant was not maintained in accordance with instructions and directives provided with it thereby discharging Answering Defendant of any liability for the performance of the product attributable to the improper maintenance.

## NINTH AFFIRMATIVE DEFENSE

The injuries, damages and/or losses (if any) sustained by Plaintiff were a direct and proximate result of the negligence or fault of third parties over which Answering Defendant had no control or legal connection, and therefore Answering Defendant's liability (if any) to Plaintiff for some or all of such damages should be eliminated, diminished, reduced and/or offset based upon the fault or responsibility of such other persons and/or entities.

## TENTH AFFIRMATIVE DEFENSE

No alleged act, omission, breach of duty or breach of warranty by Answering Defendant caused or contributed to Plaintiff's alleged damages or losses, and all of Plaintiff's alleged damages, injuries and/or losses (if any) were the result of conduct of persons other than Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable Statute of Limitations and/or Statute of Repose.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the product or component allegedly designed, tested and/or distributed by Answering Defendant was fit for its ordinary purpose and particular purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering whole or in part on any theory of negligence because of Plaintiff's own negligent conduct and other misconduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any release which Plaintiff may have entered into, and/or which Plaintiff may enter into in the future, acts as a reduction, in whole or in part, of any damages that Plaintiff may be entitled to recover from this Answering Defendant or that any other Defendant or third party Defendant may be entitled to recover over this Answering Defendant by way of contribution or indemnity.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by spoilation of evidence.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred either in full or in part by the Doctrine of Federal Preemption.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The product or component allegedly designed, tested and/or distributed by Answering Defendant met or exceeded all applicable codes, standards and regulations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendant because the product or component is not "unreasonably dangerous".

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendant because a reasonable person would not conclude that the probability and seriousness of harm caused by the product outweighed the burden or costs of taking precautions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendant because the average or ordinary consumer would not be capable of forming an expectation about the product.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendant because the average or ordinary consumer comprehends the obvious dangers inherit with product misuse.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendant because Plaintiff cannot establish that the product presented an unknowable and unacceptable danger to the average or ordinary consumer.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Answering Defendant hereby preserves any and all defenses under Tincher v. Omega Flex, Inc., 104 A.3d 328 (Pa. 2014).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred and/or limited by his failure to mitigate his damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the Doctrine of Waiver, Consent, Latches and Estoppel.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the Doctrine of *Res Judicata*,

Collateral Estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages against Answering Defendant would violate the Sixth Amendment of the United States Constitution as Answering Defendant is not informed of the nature and cause of the accusations against it, and thus, the allegations are void for vagueness.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages against Answering Defendant would violate Answering Defendant's rights to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution; violate the due process clause of the Fourteenth Amendment to the United States Constitution; violate Answering Defendant's rights to equal protection as provided in the Fourteenth Amendment of the United States Constitution; violate Answering Defendant's rights to contract, as provided in Article I, §10 of the United States Constitution; expose Answering Defendant to double jeopardy in violation of the Fifth Amendment of the United States Constitution; constitute and impermissible burden on interstate commerce in violation of Article I, §8 of the United States Constitution; violate the Separation of Powers Doctrine embodied in Article VI of the United States Constitution; constitute the imposition of an excessive fine in violation of Answering Defendant's rights provided in the Eighth Amendment of the United States Constitution; and violate the due process provisions of the Constitution of the Commonwealth of Pennsylvania, and would prove improper under the common law and public policies of the Commonwealth of Pennsylvania.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any award of punitive damages under Pennsylvania law, without bifurcating the trial and trying all punitive damage issues only if and after liability on the merits has been found, would

violate Answering Defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and by the due process provisions of the Constitution of the Commonwealth of Pennsylvania, and would be improper under the common law and public policies of the Commonwealth of Pennsylvania.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff cannot establish liability against Answering Defendant because the utility of the product outweighed any risk associated with the product as a matter of law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The product at issue and all relevant components thereof conform to the prevailing state of the art with respect to similar products at the time it was sold.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The damages alleged were a result of unforeseeable intervening or superceding acts of others independent of Answering Defendant which bars Plaintiff's cause of action.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred for failure to join necessary and indispensable parties.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's causes of actions are barred by the gist of the Action Doctrine.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as plaintiff cannot establish that the "subject laptop" identified in Plaintiff's Complaint was a HP EliteBook Mobile Workstation model number HP8730w or any other product designed, manufactured, distributed, sold or placed into the stream of commerce by Answering Defendant.

WHEREFORE, Answering Defendant, HP Inc., incorrectly pled as Hewlett-Packard

Company, demands that judgment be entered in its favor, together with the costs of defense of this matter.

**TRIAL BY JURY OF 12 DEMANDED**

Respectfully submitted:

BENNETT, BRICKLIN & SALTZBURG LLC

*/s/ Michael A. Weiner*
Michael A. Weiner, Esquire
Counsel for Defendant, HP Inc.
Pa. I.D. 93640
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4100
Fax: (412) 894-4111
Email: weiner@bbs-law.com