UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | CIVIL DIVISION |
| Plaintiff, | Docket No.: 2:17-CV-00154-MRH |
| vs. | Hon. Mark R. Hornak |
| HEWLETT-PACKARD COMPANY, | |
| Defendants. | |

### FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

1. Identification of counsel and unrepresented parties.

Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

| | |
|---|---|
| **Peter D. Friday, Esquire** | **Michael A. Weiner, Esquire** |
| **pfriday@fridaylaw.com** | **Bennett, Bricklin & Saltzburg LLC** |
| **Joshua S. Licata, Esquire** | **707 Grant Street, Suite 1800** |
| **jlicata@fridaylaw.com** | **Pittsburgh, PA 15219** |
| **Jesse A. Drumm, Esquire** | **weiner@bbs-law.com** |
| **jdrumm@fridaylaw.com** | **T: (412) 561-4290** |
| **FRIDAY & COX LLC** | **F: (412) 894-4111** |
| **1405 McFarland Road** | **Counsel for Defendants** |
| **Pittsburgh, PA 15216** | |
| **T: (412) 561-4290** | |
| **F: (412) 561-4291** | |
| **Counsel for Plaintiff** | |

2. Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):

**Products Liability involving alleged personal injuries and damages.**

3. Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:

**The Rule 26(f) Conference was held on May 22, 2017 between Joshua S. Licata, Esquire for the Plaintiff and Michael A. Weiner, Esquire for the Defendant.**

4.  Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:

**May 31, 2017.**

5.  Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:

**Neither party anticipates filing a dispositive motion pursuant to Fe. R. Civ. P. 12 at this time. Defendant may file such a Motion if the upcoming product testing reveals that the "subject laptop" as identified in Plaintiff's Complaint is not an HP product or contains after-market component parts.**

6.  Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:

**The parties jointly request that early ADR be held in abeyance until the completion of the appropriate product examination. The abeyance of the ADR requirement was discussed by counsel for the parties before Judge Hornak during the Status Conference Call held on April 24, 2017. The non-destructive examination of the product has been scheduled for June 7, 2017. It is anticipated that destructive examination of the product may be necessary thereafter. The aforementioned examination is vital to identify the manufacturer of the "subject laptop" as identified in Plaintiff's Complaint as well as the component part manufacturers. The parties do not believe that ADR will be a useful tool unless and until all potential parties are identified.**

7.  Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:

**Plaintiff does not propose any such change. Defendant requests that its Initial Disclosures be held in abeyance until such time as the product examination is completed. At this time, Defendant is unable to confirm that any of its products comprise the "subject laptop" and to the extent that the "subject laptop" is Defendant's product, the actual model of the product preventing the appropriate disclosure of information. Defendant has not filed a Motion and anticipates discussing same at the upcoming Rule 16 Initial Conference. Additionally, Defendant anticipates filing a Motion for Protective Order regarding the disclosure of proprietary information should it be determined that the "subject laptop" is a product distributed by Defendant.**

8. Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

**Design, manufacture, marketing, distribution of the subject laptop, lithium ion battery, charger, charger cord, and its component parts; identity of manufacturers and/or distributors of any component parts; medical damages; and economic damages.**

9. Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

a. Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:

**Unknown pursuant to Defendant's change requested in Paragraph 7 above. It is suggested that Defendant's Rule 26(a) Disclosures be provided two weeks after the completion of non-destructive product examination or by later date fixed by the court upon Defendant's Motion should the non-destructive examination fail to identify the "subject laptop" as a discernable product distributed by Defendant.**

b. Date by which any additional parties shall be joined:

**June 20, 2017**

c. Date by which the pleadings shall be amended:

**December 31, 2017**

d. Date by which fact discovery should be completed:

**June 20, 2018**

e. If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:

**The non-destructive product examination is currently scheduled for June 7, 2017. It is anticipated by the parties that destructive examination may be necessary thereafter. The parties agree that the examination of the "subject laptop" should be completed prior to the exchange of written discovery responses.**

f. Date by which plaintiff's expert reports should be filed:

**August 31, 2018**

g. Date by which depositions of plaintiff's expert(s) should be completed:

**December 31, 2018**

h. Date by which defendant's expert reports should be filed:

**September 31, 2018**

i. Date by which depositions of defendant's expert(s) should be completed:

**January 31, 2019**

j. Date by which third party expert's reports should be filed:

**September 31, 2018**

k. Date by which depositions of third party's expert(s) should be completed:

**January 31, 2019**

10. If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

**The parties do not propose any changes.**

11. Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after

the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:

a. ESI. Is either party seeking the discovery of ESI in this case? **Plaintiff is seeking ESI. However, Defendant does not believe that ESI is warranted in this matter.**

If disputed, identify the nature of the dispute   **See above.**

b. Metadata: Will any metadata be relevant in this case? **Plaintiff seeks metadata. However, Defendant opposes any such request.**

If yes, with respect to what ESI   **Unknown at this time**

If disputed, identify the nature of the dispute   **See above.**

c. Format. Have the parties agreed on the format(s) for production of ESI? **No**

If no, what disputes remain outstanding   **N/A**

d. Clawback Agreement. Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D? **Yes**

If no, will an alternative provision be proposed?   **N/A**

e. Search terms. Have the parties agreed on any protocol for review of electronic data? **No**

If no, please identify what issues remain outstanding: **Relevant search terms unknown at this time.**

f. Accessibility. Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)? **No**

If no, please identify the nature of the dispute: **This issue was not discussed among the parties**.

g. Preservation. Are there any unresolved issues pertaining to the preservation of ESI? If so, please describe: **Unknown at this time**

h. Other. Identify all outstanding issues or disputes concerning ESI   **N/A**

5

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are not required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

**The parties elect to schedule a post-discovery conference after fact discovery.**

a. Settlement and/or transfer to an ADR procedure;

b. Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;

c. Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

d. Dates by which parties' pre-trial statements should be filed;

e. Dates by which *in limine* and Daubert motions and responses thereto should be filed;

f. Dates on which motions *in limine* and Daubert motions shall be heard;

g. Dates proposed for final pre-trial conference;

h. Presumptive and final trial dates.

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

**None at this time.**

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

**None at this time.**

6

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

**N/A.**

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

**The parties are both open to settlement negotiations. However, Defendant is not in a position to discuss settlement until the component part manufacturers are identified.**


Respectfully submitted,


*/s/ Peter D. Friday*  
Peter D. Friday, Esquire  
PA I.D. # 48746  
Attorney for Plaintiffs  

Friday & Cox LLC  
1405 McFarland Road  
Pittsburgh, PA 15216  
Tele: (412) 561-4290  
Fax:  (412) 561-4291  
(*Counsel for Plaintiff*)

/s/ *Michael A. Weiner*  
Michael A. Weiner, Esquire  
PA I.D. # 93640  
Attorney for Defendant  

Bennett, Bricklin & Saltzburg LLC  
707 Grant Street, Suite 1800  
Pittsburgh, PA 15219  
T: (412) 561-4290  
F: (412) 894-4111  
(*Counsel for Defendants*)

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                                CIVIL DIVISION

                Plaintiff,               Docket No.: 2:17-CV-00154-MRH

     vs.

HEWLETT-PACKARD COMPANY,

                Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2017, a true and correct copy of the foregoing *Fed. R. Civ. P. 26(f) Report Of The Parties* was served via electronic mail and/ or the Court's Electronic Case Filing System upon the following parties, to-wit:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com
(*Counsel for Defendants*)

Respectfully submitted:

*/s/ Peter D. Friday*
Peter D. Friday, Esquire
PA I.D. # 48746
Attorney for Plaintiffs

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
Tele: (412) 561-4290
Fax:  (412) 561-4291

8