UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                              CIVIL DIVISION

                 Plaintiff,        Docket No.: 2:17-CV-00154-MRH

vs.                                        Hon. Mark R. Hornak

HEWLETT-PACKARD COMPANY,

                 Defendant.

---

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

---

WHEREAS, Plaintiff, Thomas Power seeks discovery of confidential, proprietary and trade secret documents from Hewlett-Packard Company ("HP") regarding certain HP products ("Confidential Information");

and

WHEREAS, HP requires protection against the unrestricted disclosure and use of such Confidential Information;

THEREFORE, it is ordered, adjudged and decreed that:

1. This Confidentiality Agreement and Protective Order shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by HP or any other party or third-party.

2. A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or

1

any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement and Protective Order at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony. A party may object to the designation of Confidential Information by notifying the other party of such objection within thirty (30) days of receipt of the materials so designated. Thereafter, the attorneys for each party shall confer in good-faith to try and resolve the issue(s). If no such resolution can be reached, the objecting party shall file a motion with the Court challenging the designation within twenty-one (21) days of the conference between counsel. Confidential Information shall be treated as Confidential hereunder unless and until the Court rules otherwise. The failure of a party to challenge the designation of Confidentiality within the time frames referenced herein shall amount to a waiver of any objection thereto.

3. Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to counsel, paralegals and secretarial employees under counsel's direct supervision, the parties themselves, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsel's office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy, or record Confidential Information for any purpose other than the preparation or conduct of this case.

2

4. A document designated as Confidential may be used or marked as an exhibit in a deposition, and deposition testimony may disclose confidential information. If so, counsel for any party to this action may inform the parties of the confidentiality of any such testimony or exhibit, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript. Each transcript and exhibit so designated shall be treated as a Protected Document, and all such testimony and exhibits so designated shall be treated as confidential information. All court reporters used to take depositions in this case will be informed of this Protective Order and will be required to abide by it.

5. Any party wishing to file any Confidential Information with the Court, including any portion of a court paper that discloses Confidential Information, shall apply to file the documents separately "under seal" or as otherwise directed by the Court. When filing a motion, the filing party will cite to the Court the grounds for filing the Confidential Information under seal. The filing party shall first seek and obtain leave of Court to so file under seal.

6. If and when exhibit lists are filed in this cause of action, the Parties shall, at the appropriate time, address the use and protection of such confidential documents at trial.

7. All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s). Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of HP, whether for the purposes of this litigation or otherwise.

3

8. Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement and Protective Order in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement and Protective Order.

9. All depositions, pleadings and reports in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Order.  Should a party use any Confidential Information in any pleading filed with the Court, that party shall, at the time of filing, request that the court impound the specific portion of the pleading containing the Confidential Information.

10. Upon final termination of this litigation, each person subject to this Confidentiality Agreement and Protective Order shall return all Confidential Information to counsel for HP within thirty (30) days after the final disposition of this matter.  Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

11. The disclosure of any Confidential Information by HP shall not serve to waive any of the protections provided by this Confidentiality Agreement and Protective Order with respect to any other Confidential Information.

12. No person who has received Confidential Information shall seek to vacate or otherwise modify this Order at any time.

13. Nothing in this Confidentiality Agreement and Protective Order shall restrict HP's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure, federal or state law, or to seek a protective order preventing disclosure or limiting the discovery of Confidential Information,

4

or to seek a protective order preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Confidentiality Agreement and Protective Order.

SO ORDERED:    this _____ 11th _____ day of _____ January _____, 2018.

By the Court: _____

5