# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | CIVIL DIVISION |
| Plaintiff, | Docket No.: 2:17-CV-00154-MRH |
| vs. | Hon. Mark R. Hornak |
| HEWLETT-PACKARD COMPANY, | |
| Defendants. | |

**PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT HEWLETT-PACKARD
COMPANY'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Plaintiff, Thomas Power, by and through his attorneys, Peter D. Friday, Esquire, Josh

Licata, Esquire, Jesse A. Drumm, Esquire and Friday & Cox LLC, serves the following Answers

to Interrogatories and Responses to Requests for Production of Documents directed to Plaintiffs:

INTERROGATORIES

1.  Please identify yourself by providing your full name, address, date of birth, current

    employer (name/address) and occupation.

**ANSWER:**   **Thomas Patrick Power**

**424 Carothers Avenue, Apartment 5
Carnegie, Pennsylvania 15106**

**Date of Birth: 09/16/1955**

**Current Employer: None/ Not applicable.**

**Occupation:**   **Plaintiff works as an insurance adjuster, and/or claims
representative on an "as-needed" basis for insurance
companies in areas affected by disasters.**

2. Identify each person whom you expect to call as an expert witness at any hearing or trial in this matter, and describe in complete detail the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, the grounds for each opinion, and the substance of any written report prepared by any such expert.

**ANSWER:** **Objection. This Request seeks information protected by attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to the extent that he has not yet identified any Rule 26(a)(2) experts for trial.**

**Subject to and without waiving said objections, Plaintiff will disclose the requested information in accordance with Federal Rule of Civil Procedure 26(a)(2)(D) and the Court's Initial Case Management Order.**

3. Identify all persons (name/address) you contend have knowledge of the facts, circumstances and events surrounding the Incident, the Product and/or any damages sought by you, or who otherwise has knowledge relevant to the issues in this case. For each such witness, state what you contend is their knowledge and identify any documents concerning, involving or in any way related to your response.

**ANSWER:** **Objection. This Interrogatory is objected on the grounds that that it is a contention Interrogatory, which is inappropriate at this stage of the litigation.[1] Subject to and without waiving said objection:**

1. **Plaintiff, Thomas Power;**

2. **Unidentified Club Julian Fitness Employee;**

3. **Richard Sanderson; and**

4. **HP representative(s) and/or Rule 30(b)(6) Corporate Designee(s).**

---

[1] *See Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) (holding, *inter alia*, that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted.)

4. Describe in complete detail all injuries, losses, expenses or damages for which you seek to recover from this defendant, including without limitation in your description of each injury, the full amount of money damages you seek and the manner in which that amount was calculated.

**ANSWER:**     **Please see Plaintiff's Complaint in Civil Action and Plaintiff's Supplemental Initial Disclosures pursuant to F.R.C.P. 26(a)(1).**

5. Describe in complete detail the manner in which you contend the Incident occurred, including without limitation in your description the initial source of ignition for the Incident and its exact location and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**     **Objection. This Interrogatory is objected on the grounds that that it is a contention Interrogatory, which is inappropriate at this stage of the litigation.[2] Plaintiff further objects to the extent that the terms "initial source of ignition" are vague. Plaintiff further objects to the extent this Interrogatory calls for a legal conclusion, and/or an expert opinion.**

     **Subject to and without waiving said objection, Plaintiff believes that the at issue HP Elitebook Mobile Workstation and/or HP charger overcharged and/or allowed one or more of the cells in at issue battery to overheat, thereby causing an explosion. Examination of the at issue battery pack revealed that the cells located closest to the fan ignited and exploded.**

     **As discovery in this matter is ongoing, Plaintiff reserves the right to supplement this Answer if and when information responsive to this Interrogatory becomes available.**

6. Please describe in full and complete detail any and all injuries you claim to have sustained as a result of the Incident, stating which, if any, will be permanent. If you have recovered from a particular injury, please state the approximate date on which you recovered.

---

[2] *See Id.*

3

**ANSWER:** **Please see Plaintiff's Complaint and Civil Action and the medical and billing records attached as Exhibit "A". As a further answer, Plaintiff has permanent scarring on his lower extremities and he continues to have issues with incontinency.**

7. Did you receive medical treatment for the injuries you sustained as a result of the Incident? If your answer is in the affirmative, please provide the following information:

   a. The name and address of any and all persons or institutions from which you received medical or other treatment for such injuries;
   b. The approximate number of treatments received, setting forth as accurately as possible the dates of such treatments and the treating institution or person; and
   c. An itemized account of all expenses incurred for such treatment, setting forth which expenses have been paid by you and which have not been paid by you.

**ANSWER:** **Yes.**

   a.
   **Ross West View Emergency Medical Services**
   **5325 Perry Highway**
   **Pittsburgh, PA 15229**
   **Tele: (412) 931-8200**
   **Fax: (412) 931-6708**

   **UPMC Mercy Hospital**
   **1400 Locust Street**
   **Pittsburgh, PA 15219**
   **Tele: (412) 232-8111**
   **Fax: (412) 232-7583**

   **Peter A. Dickinson, M.D.**
   **Gateway Medical Group-UPMC**
   **1100 Washington Avenue, Suite 115**
   **Carnegie, PA 15106**
   **Tele: (412) 279-8940**
   **Fax: (412) 279-8871**

   **Paul Dafe Ogagan, MD**
   **UPMC McKeesport Painter Building**
   **500 Hospital Drive, Suite 8, 3rd Floor**
   **McKeesport, PA 15132**
   **Tele: (412) 664-3392**

> Maureen Lawlor, MD
> Three Rivers Nephrology & Hypertension Assoc., LLC
> 1401 Forbes Avenue, Suite 350
> Pittsburgh, PA 15219
> Tele: (412) 232-8688

    b.  **Please see the medical and billing records attached as Exhibit "A".**

    c.  **Please see the medical and billing records attached as Exhibit "A," Medicare lien documentation attached as Exhibit "B," and out-of-pocket expense documentation attached as Exhibit "C".**

8. Describe in complete detail how you purchased or otherwise came into possession of the Product (including any and all component parts or accessories thereof) at issue in this case, including without limitation in your description the identity of the person from whom you purchased or obtained the Product, the consideration or purchase price you paid for the Product, when you purchased or first obtained the Product, any accessories, parts manuals, instructions, worksheets, warranties, warnings or other materials or documents that accompanied the Product, any representations you contend were made by this defendant that you relied upon in the purchasing or otherwise obtaining the Product, and identify any documents concerning, involving or in any way related to your response.

**ANSWER:**    **Objection. This Interrogatory is objected on the grounds that that it is a contention Interrogatory, which is inappropriate at this stage of the litigation.[3] Subject to and without waiving said objections, Plaintiff purchased the at issue HP Elitebook Mobile Workstation, bearing model number HP8730w, HP-brand AC adaptor, bearing model number F3-07100343220C, and battery pack and/or cells from an unknown supplier/manufacturer through eBay from Richard Sanderson on or about April 29, 2013, for $230, as evidenced by the PayPal ledger attached as Exhibit "D".**

---

[3] *See id.*

9. Please state whether the Product (including any and all component parts or accessories thereof) was modified, altered, serviced, repaired, damaged or otherwise changed from its original condition from the time it allegedly left the possession or control of the defendant until the time of the Incident and, if so, please describe how it was modified, altered, serviced, damaged, repaired or otherwise changed, when and by whom.

**ANSWER:**   **After a diligent search, Plaintiff is without sufficient information to Answer this Interrogatory. As a further answer, Plaintiff did not modify, alter, service, repair, damage or otherwise change the Product and/or any of its components parts or accessories at any time prior to the Incident described in Plaintiff's Complaint.**

10. Do you contend there was a design defect with respect to the Product (including any and all component parts or accessories thereof)?  If so, please describe said design defect in detail and state what you contend would be the appropriate alternative design including all facts supporting that such was feasible.

**ANSWER:**   **Objection. This Interrogatory is objected on the grounds that that it is a contention Interrogatory, which is inappropriate at this stage of the litigation.[4] Plaintiff further objects to the extent this Interrogatory calls for a legal conclusion and/or an expert opinion. Subject to and without waiving said objections, yes. Please see Plaintiff's Complaint in Civil Action.**

**As a further answer, Plaintiff contends the at issue Products were defective in the following ways:**

---

[4] *See id.*

a.  The HP-brand AC adaptor, bearing model number F3-07100343220C, was defective in that it overcharged the cells and/or batteries in the subject HP Elitebook Mobile Workstation.

b.  The HP Elitebook Mobile Workstation, bearing model number HP8730w, and HP-brand AC adaptor, bearing model number F3-07100343220C, collectively failed to recognize and prevent through mechanical, electronic, or other means that the batteries and/or cells in the in the subject laptop from being overcharged.

c.  The HP Elitebook Mobile Workstation, bearing model number HP8730w, and HP-brand AC adaptor, bearing model number F3-07100343220C, independently and/or collectively failed to recognize and prevent through mechanical, electronic, or other means the batteries and/or cells in the in the subject laptop from overheating.

d.  The thermal sensors and/or temperature regulators within the HP Elitebook Mobile Workstation, bearing model number HP8730w, and HP-brand AC adaptor, bearing model number F3-07100343220C, collectively failed to recognize and prevent through mechanical, electronic, or other means the batteries and/or cells in the subject laptop from being overcharged and/or overheating.

e.  The HP Elitebook Mobile Workstation, bearing model number HP8730w, and HP-brand AC adaptor, bearing model number F3-07100343220C, and/or any product literature distributed therewith collectively failed to warn consumers, including Plaintiff, of the risks of bodily harm associated with using non-HP brand batteries and/or cells, although it is not admitted that the at issue batteries or cells were not HP approved.

f.  The HP Elitebook Mobile Workstation, bearing model number HP8730w, and HP-brand AC adaptor, bearing model number F3-07100343220C, collectively failed to warn consumers, including Plaintiff, via the internal software and/or software logic that the batteries and/or cells installed in the at issue HP

7

Elitebook Mobile Workstation were non-HP brand/ HP non-HP approved batteries or cells. Plaintiff further contends that such warnings are commercially available on similar products, as evidenced by the screenshot attached hereto as Exhibit "E". Again, it is not admitted that the at issue batteries or cells were not HP approved.

Plaintiff reserves the right to supplement this Answer if and when information responsive to this Interrogatory becomes available.

11. Do you contend there was a manufacturing defect with respect to the Product (including any and all component parts or accessories thereof)?  If so, please describe said manufacturing defect in detail, when/where it occurred and state what you contend would be the correct way to manufacture the Product so as to avoid that defect.

ANSWER:   Objection. This Interrogatory is objected on the grounds that that it is a contention Interrogatory, which is inappropriate at this stage of the litigation.[5] Plaintiff further objects to the extent this Interrogatory calls for a legal conclusion and/or an expert opinion. Subject to and without waiving said objections, yes. Please see Plaintiff's Complaint in Civil Action and Plaintiff's Answer to Interrogatory No. 10. Discovery in this matter is ongoing, and Plaintiff reserves the right to supplement this Answer if and when information responsive to this Interrogatory becomes available.

12. The defendant contends that the battery pack/cells in the Product at the time of the Incident were not original to the Product.  If you dispute that assertion, please state all facts upon which you rely in support of your position.  Please include in your answer who you contend are the manufacturer of those battery pack/cells.

ANSWER:   Objection, to the extent this Interrogatory calls for a legal conclusion and/or an expert opinion. Subject to and without waiving said objections, Plaintiff is without sufficient information to Answer this Interrogatory at this time. However, it is not admitted that the at issue batteries or cells were not HP approved. Discovery in this matter is

---

[5] *See id.*

8

**ongoing, and Plaintiff reserves the right to supplement this Answer if and when information responsive to this Interrogatory becomes available.**

13. Please state all dates and times when any expert acting on your behalf examined, inspected, tested or otherwise reviewed the Product (including any and all component parts or accessories thereof).  As to each occasion, please state with specificity what they did.

> **ANSWER:** **Objection. This Interrogatory seeks information protected by attorney-client privilege and/or attorney work product doctrine. Plaintiff further objects to the extent that he has not yet identified any Rule 26(a)(2) experts for trial.**
>
> **Subject to and without waiving said objections, Plaintiff will disclose the requested information in accordance with Federal Rule of Civil Procedure 26(a)(2) and the Court's Initial Case Management Order.**
>
> **As a further Answer, Plaintiff's counsel and consultant examined and tested the HP-brand AC adaptor, bearing model number F3-07100343220C, against an exemplar HP-brand AC adaptor on or about January 3, 2018. The purpose of the inspection and testing was to make a threshold determination as to whether or not the at issue HP-brand AC adaptor, bearing model number F3-07100343220C, overcharged the batteries and/or cells in the subject laptop.**

14. Did you have any problems or issues with the Product prior to the Incident?  If so, please state what those were, when you experienced them and what you did to correct or fix them, if anything.

> **ANSWER:** **Objection. This Interrogatory is vague, confusing and the terms "problems or issues" are undefined. Subject to and without waiving said objections, Plaintiff did not experience any problems or issues with the Product and its components parts overheating, exploding and/or igniting prior to this incident. In addition, Plaintiff did not receive any warnings or system errors indicating that the batteries and/or cells were not properly installed and/or were overheating, nor did Plaintiff receive any warnings or system errors indicating the batteries and/or cells were not manufactured by HP, Inc.**

9

15. Please identify in detail all witnesses you intend to call at the time of trial including

name(s), residential address(es), business address(es) and date(s) of birth.

**ANSWER:    Plaintiff will disclose the requested information in accordance with Federal Rule of Civil Procedure 26(a)(3) and the Court's Initial Case Management Order. Plaintiff reserves the right to supplement this answer if and when information responsive to this Interrogatory becomes available.**

16. With respect to any and all communications between you and any agent or

representative of defendant regarding the Incident or your injuries, please describe

fully and in complete detail the date, time, place and identity of all persons, whether

the communication was oral or written, and state the substance of the communication.

**ANSWER:    Plaintiff was contacted by an individual from Texas who identified himself as an HP representative on or about August 2016. The representative asked Plaintiff if he would be willing to send him the at issue laptop. Plaintiff informed the individual that he was represented by the undersigned and the call was terminated.**

17. Do you anticipate the need for future medical treatment for the injuries you allegedly

sustained as a result of the Incident?  If your answer is in the affirmative, please

provide the following information:

       a.    The injury for which you require future medical treatment;
       b.    The type of treatment that will be required;
       c.    The approximate date on which you will undergo such future medical treatment;
       d.    The reason for the future medical treatment; and
       e.    The name and address of the physician or medical professional who will be providing the future medical treatment.

**ANSWER:    Yes. Plaintiff anticipates ongoing medication management and plans to seek additional treatment with a urologist for his ongoing incontinence issues.**

18. Are you claiming lost income or lost earning capacity as a result of the Incident?  If your answer is anything other than an unqualified "no," please state as accurately as possible:

      a.   The dates during which you were incapacitated from working;
      b.   The average weekly income received by you in the two years prior to the Incident; and
      c.   The amount of financial loss suffered by you as a result of your lost time from work.

**ANSWER:**    **Objection, to the extent this Interrogatory requires an expert economic loss and/or expert medical opinion. Subject to and without waiving said objection, yes.**

      **a.   Plaintiff was totally incapacitated for approximately six months.**
      **b.   Undetermined. Plaintiff works as a sub-contractor. The pay for which varies job-to-job. Plaintiff typically works on a production schedule basis, earning no less than $1,000/ day, when employed; and**
      **c.   Plaintiff's financial loss are undetermined. Plaintiff reserves the right to supplement this Answer in accordance with the Federal Rules of Civil of Procedure, when and if information responsive to this request becomes available.**

19. If you have been a party to any other lawsuits in which you alleged personal injury damages, please state: the court and docket number of each such lawsuit; the names of all parties to each such lawsuit; the facts underlying each such lawsuit, including the injuries that you claimed to have suffered; and the ultimate resolution or disposition of each such lawsuit, including the amount of any settlement or award.

**ANSWER:**    **No.**

11