# EXHIBIT D

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all medical records, reports, letters, bills, diagnostic films and statements, including full and complete medical records made in connection with the injuries allegedly sustained by the plaintiff as a result of the Incident.

**RESPONSE: Please see the medical and billing records attached as Exhibit "A," the Medicare lien documentation attached as Exhibit "B," and out-of-pocket expense documentation attached as Exhibit "C".**

2. Any and all photographs which relate in any way to the Incident, the Product and/or the injuries allegedly sustained by the plaintiff.

**RESPONSE: Please see the photographs attached as Exhibit "F".**

3. Any and all statements taken from or given by the plaintiff which relates in any way to the Incident, the Product or to injuries that the plaintiff allegedly received from the Incident.

**RESPONSE: None.**

4. All reports and statements signed, unsigned or transcribed, written and oral which were taken from or given by any person which relate in any way to the Incident, the Product and/or the injuries that the plaintiff allegedly received from the Incident.

**RESPONSE: None.**

5. All documents by any police, fire department or other governmental agency/unit which relate in any way to the Incident, the Product or the injuries that the plaintiff allegedly received from the Incident.

**RESPONSE: Please see the Ross/West View EMSA report, attached as part of Exhibit "A". As a further Response, Plaintiff's counsel has requested a copy of the Fire Marshall's report relating to this incident and will supplement this Response if and when said report is received.**

6. All documents setting forth the names and addresses of witnesses either directly or indirectly to the Incident.

**RESPONSE: None.**

7. All reports, opinions, statements and any letters which were filed out and/or completed by any expert or experts concerning the Incident, the Product or the injuries that the plaintiff allegedly received from the Incident.

**RESPONSE: Plaintiff will disclose the requested information in accordance with Federal Rule of Civil Procedure 26(a)(2) and (3) and the Court's Initial Case Management Order. Plaintiff reserves the right to supplement this response if and when information responsive to this Request becomes available.**

**As a further Response, please see the redacted battery testing data attached as Exhibit "G".**

8. If you are making a claim of lost wages, income and/or earning capacity, all records which pertain or relate to wages, salaries, tips, commissions or other income or earnings of the plaintiff for a period of three (3) years prior to the date of the Incident and continuing to the present.

**RESPONSE: Plaintiff will supplement this response with his tax returns and/or other documentation responsive to this Request.**

9. If you are making a claim for lost wages, income and/or earning capacity, all State and Federal Income Tax returns which the plaintiff filed with the State or the Federal Government for a period of three (3) years prior to the date of the Incident and continuing to the present.

**RESPONSE: Plaintiff will supplement this response with the requested documentation. Alternatively, Plaintiff is willing to execute an authorization permitting Defendant to access the same.**

13

10. If plaintiff received workers' compensation, social security disability, or private disability compensation as a result of the Incident, all documents related thereto.

**RESPONSE: No.**

11. All documents related to or evidencing any other lawsuits to which you have been a party concerning personal injuries to you.

**RESPONSE: None.**

12. All documents that accompanied and/or were provided to you when you purchased the Product.

**RESPONSE: None.**

13. All documents evidencing the purchase of the Product including, but not limited to, credit card bills, receipts, paypal statements and all communications to and from the seller.

**RESPONSE: Please see the PayPal ledger attached as Exhibit "D".**

14. All documents evidencing or relating to any modification, alteration, service, repair, damage or other change to the Product from its original condition from the time it allegedly left the possession or control of the defendant until the time of the Incident.

**RESPONSE: None.**

15. All documents evidencing or relating to any design defect you contend with respect to the Product.

**RESPONSE: None at this time. Plaintiff reserves the right to supplement this response if and when information responsive to this Request becomes available.**

16. All documents evidencing or relating to any manufacturing defect you contend with respect to the Product.

**RESPONSE: None at this time. Plaintiff reserves the right to supplement this response if and when information responsive to this Request becomes available.**

17. All documents evidencing or relating to the identity of the manufacturer of the battery pack/cells in the Product at the time of the Incident including all documents supportive of any contention that said battery pack/cells were original to the Product when shipped by defendant.

**RESPONSE: None at this time. Plaintiff reserves the right to supplement this response if and when information responsive to this Request becomes available.**

18. All documents evidencing all dates and times when any expert acting on your behalf examined, inspected, tested or otherwise reviewed the Product (including any and all component parts or accessories thereof).

**RESPONSE: Objection. This Request seeks information protected by attorney-client privilege and/or attorney work product doctrine. Subject to and without waiving said objections, Plaintiff will disclose the requested information in accordance with Federal Rule of Civil Procedure 26(a)(2) and the Court's Initial Case Management Order.**

**As a further Response, please see the video attached as Exhibit "H". Please note, the audio has been redacted, where appropriate, pursuant to the attorney work product doctrine.**

19. All documents evidencing or relating to any problems or issues with the Product prior to the Incident.

**RESPONSE: None at this time. Plaintiff reserves the right to supplement this response if and when information responsive to this Request becomes available.**

20. All documents supporting your contention that defendant was negligent and caused the Incident.

**RESPONSE: Objection. This Request is objected on the grounds that that it is a contention, which is inappropriate at this stage of the litigation.[6] Subject to and without waiving said objection, none at this time. Plaintiff reserves the right to supplement this response if and when information responsive to this Request becomes available.**

---

[6] *See Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992) (holding, *inter alia*, that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted.)

15

21. All documents evidencing damages suffered by you as a result of the Incident that have not been produced in response to the requests set forth above.

**RESPONSE: None at this time. Plaintiff reserves the right to supplement this response if and when information responsive to this Request becomes available.**

22. All documents that you refer to in your answers to defendant's interrogatories.

**RESPONSE:** See Exhibits "A" through "H".

Respectfully submitted,

**FRIDAY & COX LLC**

*/s/ Peter D. Friday, Esquire*
Peter D. Friday, Esquire
Pa. I.D. # 48746

Jesse A. Drumm, Esquire
Pa. I.D. # 319471

Josh S. Licata, Esquire
Pa. I.D. # 318783

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
Tele: (412) 561-4290
Fax: (412) 561-4291
pfriday@fridaylaw.com

(*Counsel for Plaintiff*)

16

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                                          CIVIL DIVISION

                Plaintiff,                     Docket No.: 2:17-CV-00154-MRH

vs.

HEWLETT-PACKARD COMPANY,

                Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2018, a true and correct copy of the foregoing *Plaintiff's Answers and Responses to defendant Hewlett-Packard Company's First Set of Interrogatories and Request for Production of Documents directed to Plaintiff* was served via electronic mail and/ or the Court's Electronic Case Filing System upon the following:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com
(*Counsel for Defendants*)

        Respectfully submitted,

        **FRIDAY & COX LLC**

        */s/ Peter D. Friday, Esquire*
        Peter D. Friday, Esquire
        Pa I.D. # 48746
        Attorney for Plaintiffs

        Friday & Cox LLC
        1,405 McFarland Road
        Pittsburgh, PA 15216
        Tele: (412) 561-4290
        Fax:  (412) 561-4291
        pfriday@fridaylaw.com

        (*Counsel for Plaintiff*)

17

## VERIFICATION

I, Thomas Power, being duly sworn according to law, depose and say that the facts contained in *Plaintiff's Answers and Responses to defendant Hewlett-Packard Company's First Set of Interrogatories and Request for Production of Documents directed to Plaintiff* are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. Con. Stat. § 4904 relating to unsworn falsification to authorities.

_____
Thomas Power