UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | CIVIL DIVISION |
| Plaintiff, | Docket No.: 2:17-CV-00154-MRH |
| vs. | Hon. Mark R. Hornak |
| HEWLETT-PACKARD COMPANY, | |
| Defendants. | |

### PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES

Plaintiff, Thomas Power, by and through his attorneys, Joshua S. Licata, Esquire and Friday & Cox LLC, files the following Brief in Opposition to Defendant's Motion to Strike Plaintiff's Expert Disclosures and in support, avers as follows:

### BACKGROUND

This case arises out of severe thermal and chemical burns suffered by plaintiff as a result of plaintiff's HP laptop overheating, igniting and exploding on plaintiff's lower extremities. Plaintiff then filed a Complaint setting forth claims of strict products liability, negligence and breach of warranty against defendant. Most important to the resolution of defendant's Motion, plaintiff asserted numerous failure to warn allegations in his Complaint, which are outlined below:

> 16. Therefore, defendant had an actual appreciation of the nature of the risk posed to users of such products, yet **failed to adequately inform the public** and continued to design, manufacture, market, advertise, assemble, distribute and sell laptops, lithium ion batteries and chargers, such as the subject laptop, lithium ion battery and charger, to the public.
>
> 32. At all relevant times, the subject laptop, lithium ion battery, charger and their component parts were defective in its design, manufacture **and warnings**, causing the subject laptop lithium ion battery and charger to short circuit, overheat, ignite and explode on plaintiff's lap while being used for its intended purpose in a reasonable foreseeable manner.

1

34. At all relevant times, defendant negligently, intentionally, deliberately and outrageously **failed to disclose to plaintiff and other similarly situated persons adequate warnings** of the nature and extent of the danger resulting from the use of their products.

40(d). In **failing to warn foreseeable users** of the latent dangers of the subject laptop, lithium ion battery, charger and their component parts while being operated in a normal, intended and foreseeable manner.

46(h). In **failing to adequately warn prospective users** of the unreasonable dangers of the subject laptop, lithium ion battery charger and their component parts.

46(i). In **failing to place warnings** on the subject products and their component parts alerting prospective users, including plaintiff of the unreasonable danger of short circuiting, overheating, igniting and exploding while using the subject products in a reasonable, intended and foreseeable manner.

On October 30, 2020, plaintiff timely disclosed the expert reports of Kenneth J. Kutchek, P.E. CFEI and William F. Kitzes, J.D. Both Mr. Kutchek and Mr. Kitzes opined that defendant failed to inform or warn the user of the dangers in using a non-HP approved battery pack for one of HP's notebook computers. *See* Kutchek Expert Report attached hereto as **Exhibit A**, at 16 and Kitzes Expert Report attached hereto as **Exhibit B**, at 12-13, 34-35. Defendant now seeks to strike plaintiff's experts on the basis that plaintiff's expert's failure to warn theory is "essentially a new theory not adequately plead." *See* Def.'s Memorandum of Law at 9. This is not accurate considering the extensive failure to warn allegations plaintiff made in his Complaint.

In its Memorandum of Law, defendant provides a tiresome recitation of the discovery that has occurred in this case. Unfortunately, for the purposes of its Motion, it is irrelevant. The reality is that plaintiff provided notice of his failure to warn claim in his Complaint, filed at the outset of this case. Therefore, it should come as no surprise that plaintiff's experts opined that defendant failed to warn its users of the dangers in using a non-approved HP battery pack.

Through the course of discovery, plaintiff had no obligation to inform defendant as to his legal strategy in prosecuting this case. Defendant is a sophisticated party represented by counsel,

2

who has had ample time to prepare a defense to plaintiff's failure to warn theory. As plaintiff has sufficiently plead his failure to warn theory in his Complaint, plaintiff respectfully requests that this Court deny defendant's Motion to Strike in its entirety.

## ARGUMENT

I.  **Plaintiff's expert disclosures do not result in unfair surprise or prejudice to defendant as plaintiff provided notice of his failure to warn claim in his Complaint.**

Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Fundamentally, Rule 8 requires that a complaint provide fair notice of "what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The rule "ensure[s] that claims [are] not filtered for merit at the pleading stage, but [are] determined on their merits rather than through missteps in pleading." *Garrett v. Wexford Health*, 938 F.3d 69, 92–93 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611, (2020) *quoting* J. Moore, 2 *Moore's Federal Practice* § 8.04[1][a] (3d ed. 2019).

In this case, plaintiff adequately pleaded his failure to warn claim providing notice to defendant. Notably, defendant did not file a Motion to Dismiss challenging the sufficiency or specificity of the allegations in the Complaint. Therefore, it was assumed that defendant read and understood the failure to warn allegations at the outset of the case. Plaintiff did not have to remind defendant of these allegations before disclosing his expert reports.

Defendant explains numerous things that it would have done differently had it known plaintiff would pursue this theory at trial. *See* Def.'s Memorandum at 9-10. However, defendant mistakes its lack of preparation with prejudice. Again, defendant has had the opportunity to prepare

a defense against plaintiff's failure to warn claim since plaintiff first filed his Complaint. Defendant makes passing references to three distinguishable cases to support its prejudice argument: *Finjan, Inc. v. Rapid7, Inc.*, 2020 U.S. Dist. LEXIS178523,*9 (D. Del. September 28, 2020); *Tq Deltav, LLC v. Adtran, Inc.*, 2019 U.S. Dist. LEXIS 155470, *4 (D. Del. September 12, 2019) (Andrews, J.); *McDaniel v. Kidde Residential & Commer.*, 2015 U.S. Dist. LEXIS 148892, *14 (W.D. Pa. November 3, 2015).

In *Finjan*, the court struck portions of plaintiff's expert reports, but only because the court had specifically warned plaintiff that its allegations were not specific enough. The court explained the issue as follows:

> Here, however, Finjan received at least two warnings from the Court to provide specificity in its infringement contentions. The second warning addressed the situation here: "if you don't supplement and get more specific with what you're claiming, what aspects of this meet the claim elements, you're not going to be able to do [that] for the first time and surprise them in the expert reports." 12/13/2019 Hearing Transcript at 12. Because Finjan's new reliance on the Universal Translator capability violates the Court's warning, the new disclosure must be stricken.

*Finjan, Inc. v. Rapid7, Inc.*, at *9.

There was no similar warning by the Court in the instant case, nor did defendant challenge the sufficiency or specificity of the allegations plaintiff made in his Complaint. The *Tq Deltav. Adtran, Inc.*, case is also distinguishable from the instant case because it involves patent infringement claims, which are more stringent than product liability claims. Finally, the *McDaniel* case involved a party trying to disclose a supplemental report, which added opinions not present in the initial report.

Defendant also claims that allowing plaintiff's expert disclosures would disrupt an orderly and efficient trial as defendant would need to conduct additional discovery to prepare a defense. *See* Def.'s Memorandum at 11. However, this is again an attempt by defendant to shift its failure in preparing a defense onto plaintiff. Defendant had every opportunity to conduct discovery how it chose. It cannot seek a do-over now. Additionally, it is hard to take this argument seriously when

4

defendant is filing this Motion to Strike three months after plaintiff filed his expert disclosures on October 30, 2020. Therefore, this Court should deny defendant's Motion to Strike Plaintiff's Expert Disclosures.

### II. Plaintiff had no duty to supplement his discovery responses to inform defendant of a claim that he already plead in his Complaint.

Defendant argues that plaintiff should have supplemented his discovery responses and that this lack of supplementing was willful. *See* Def.'s Memorandum at 11. Plaintiff does not dispute that a party has a duty to supplement discovery responses that are incomplete, incorrect or if additional information has not been made known to other parties during the discovery process. *See* Fed. R. Civ. P. 26. However, this duty was not triggered in this case because plaintiff had no duty to inform defendant of a claim that he had already plead in his Complaint.

Specifically, defendant argues that plaintiff should have supplemented his discovery answers to inform defendant that the battery was non-HP approved. However, this argument fails for two primary reasons. First, defendant has been adamant from the outset of this case that the battery was non-HP approved. Therefore, there is no prejudice or surprise to defendant when plaintiff's experts agree to this fact. Second, plaintiff timely informed defendant of the fact that the battery was non-HP approved with the disclosure of his expert reports. While discovery was ongoing, plaintiff was without sufficient knowledge to admit whether the battery was non-HP approved. But, with the disclosure of his expert reports, plaintiff has timely informed defendant of this fact that defendant was already aware of.

Lastly, plaintiff did not willfully withhold information from defendant. In fact, plaintiff has followed the rules of civil procedure throughout this case, placing defendant on notice of his claims before the Court. Plaintiff pleaded his failure to warn claim at the outset of this case and timely

disclosed his expert reports to defendant. That is all that the rules require plaintiff to do with respect to this issue.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court deny defendant's Motion to Strike in its entirety.

                    Respectfully submitted,

                    **FRIDAY & COX LLC**

                    */s/ Joshua S. Licata, Esquire*
                    Joshua S. Licata, Esquire
                    Pa I.D. # 318783
                    Attorneys for Plaintiff

                    1405 McFarland Road
                    Pittsburgh, PA 15216
                    Tele: (412) 561-4290
                    Fax: (412) 561-4291
                    jlicata@fridaylaw.com
                    jdrumm@fridaylaw.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | CIVIL DIVISION |
| Plaintiff, | Docket No.: 2:17-CV-00154-MRH |
| vs. | |
| HEWLETT-PACKARD COMPANY, | |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021, a true and correct copy of the foregoing *Plaintiff's Response in Opposition to Defendant's Motion to Strike Plaintiff's Expert Disclosures* was served via electronic mail and/ or the Court's Electronic Case Filing System upon the following parties, to-wit:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com
(*Counsel for Defendants*)

Respectfully submitted,

**FRIDAY & COX LLC**

/s/ Joshua S. Licata, Esquire
Joshua S. Licata, Esquire
Pa. I.D. # 318783
Attorney for Plaintiff

1405 McFarland Road
Pittsburgh, PA 15216
Tele: (412) 561-4290
Fax:  (412) 561-4291
jlicata@fridaylaw.com