UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                                         Civil Division
                    Plaintiff,

                                                      Docket No. 2:17-CV-00154-MRH
v.

                                                      Hon. Mark R. Hornak
HEWLETT-PACKARD COMPANY,
                    Defendant.                        February 23, 2021

**DEFENDANT HP INC.'S REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S EXPERT DISCLOSURES**

 The Defendant, HP, Inc., incorrectly named as Hewlett-Packard Company ("HP"),

hereby submits this Reply in further support of its Motion to Strike the Plaintiff's Expert

Disclosures, dated January 21, 2021 under this Court's Standing Order And Procedures On Civil

Motion Practice, § 5. Doc. 111. The Plaintiff, with his disclosures of Mr. Kutchek and Mr.

Kitzes' reports, attempts to pursue a new theory of defect–failure to prevent or warn against the

use of non-HP batteries–for the first time in this case. The Plaintiff's failure to disclose this

theory prior to the production of his expert reports is not cured by the allegations made in his

complaint, or by the fact that discovery was previously ongoing. *See* Doc. 116, at 3-5.

 First, the Plaintiff's Complaint never apprised HP of this new theory of defect because

the Complaint only alleged a failure to warn concerning "**subject** laptop**,** lithium ion batteries,

and charger"–those that HP allegedly "designed, manufactured, marketed, distributed, and/or

sold to the public, including plaintiff." *See* Doc. 116 at 1-2, quoting Doc. 1-2, ¶¶ 16, 32, 34,

40(d), 40(h), 46(i) (emphasis added); Doc. 1-2, ¶ 9. The Plaintiff's Complaint **never** alleged a

failure to warn concerning non-HP approved batteries; it alleged the opposite, and the Plaintiff never sought to amend it.

The distinction between the two claims is not without consequence. In fact, they are diametrically opposed. Because the Plaintiff's Complaint alleged that HP's failed to warn about products "it [HP] designed, manufactured, distributed and/or sold," HP's defense, discovery, and focus in this was necessarily focused on *HP'*s design, manufacture, distribution processes. That is, what HP did or did not do with respect to the "subject laptop"; and HP's practices and procedures regarding it. Had Plaintiff's Complaint alleged that HP failed to warn about **other manufacturer's products**, then the defense, discovery, and focus would necessarily have involved an outward approach–whether there was a marketplace for aftermarket batteries in 2009; whether a marketplace for aftermarket batteries arose *after* 2009; and what was the prevailing industry practice among similarly situated manufacturers in 2009. This could have been aided by discovery (both formally and informally) directed to plaintiff as well as outside parties and industry organizations. Those opportunities are either lost or would necessitate an expensive "re-do" of most discovery done to date. Importantly, the defense could have focused on Mr. Power and his knowledge. For example, Plaintiff now contends through the expert reports sought to be stricken that other companies obtained patents at various times between 2008 and 2014 for authentication systems for batteries and other consumables. *See* Doc. 112-5 at 18-19. However, since Plaintiff never disclosed a theory that HP failed to warn Power about non-HP products, HP did not conduct discovery of Mr. Power (or his prior employers) regarding Power's potential knowledge or experience with other computers that might have had these

alleged authentication systems prior to this incident[1] nor has HP had the chance, via discovery, to determine the relevant state of the art in 2009 in order to adequately prepare its defense.

Second, while the Plaintiff concedes "that a party has a duty to supplement discovery responses that are incomplete, incorrect or if additional information has not been made known to other parties during the discovery process," Doc. 116 at 5, his claim that "while discovery was ongoing, plaintiff was without sufficient knowledge to admit whether the battery was non-HP approved" is belied by the record. Doc. 116 at 5. Specifically, the Plaintiff's engineering expert, Mr. Kutchek, concluded that the battery was non-HP approved on the basis of an examination he conducted on **December 19, 2019**, nearly a year prior to the Plaintiff's disclosure of his report. *See* Doc. 112-5 at 10. The Plaintiff had sufficient knowledge to comply with his duty to supplement his discovery responses prior to the production of his expert reports on October 30, 2020.

The Plaintiff has not–because he cannot–justify his untimely and improper disclosure of a new theory of defect in HP's alleged failure to warn against a non-HP approved battery, after insisting from the outset that his claims "are based on the fact that defendant manufactured, marketed and sold a laptop lithium ion battery and charger, one of which caused the laptop and lithium ion battery to overheat, ignite and explode on plaintiff causing him to suffer severe burns." *See* Doc. 53 at 4. Accordingly, his expert reports should be stricken.

---

[1] While Plaintiff was asked generally about other computers he had owned, because it was not an issue in the case, he was never asked about what, if any, battery authentication systems they had.

**ARGUMENT**

I.     **The Complaint only alleged a failure to warn about the "dangers of the *subject* laptop, lithium ion battery, and charger" designed and manufactured by HP.**

The Plaintiff's expert reports untimely and improperly disclosed by the Plaintiff opine that HP failed to warn against non-HP approved batteries. *See* Docs. 112-5, 6. The Plaintiff's Complaint, by contrast, alleges that HP failed to warn about a battery that HP designed and manufactured. Plaintiff's argument that his expert disclosures do not unfairly surprise and prejudice HP because he "provided notice of this failure to warn claim in his Complaint" is unsupported. Doc. 116 at 3.

The Plaintiff's Complaint alleges the "**subject** laptop was powered by the rechargeable lithium ion battery, which was incorporated for use with and in the subject laptop and recharged by the subject charger, **creating an integrated product** when it left defendant's possession and/or control and was placed into the stream of commerce." Doc. 1-2, ¶ 7 (emphasis added). Indeed, the Complaint further expressly alleges that HP designed and manufactured the "subject" laptop, battery and charger: "Defendant designed, manufactured, marketed, distributed, and/or sold to the public, including plaintiff, for profit, the **subject** laptop, the lithium ion batteries and charger." Doc. 1-2 at ¶ 9 (emphasis added). The Complaint's allegations concerning a failure to warn are all addressed to the "subject" battery, alleged to have been designed and manufactured by HP.  As such, the Complaint did not provide notice to HP that the Plaintiff would claim HP failed to warn against batteries it neither manufactured nor approved.

While the Plaintiff points to his Complaint and claims that it provided notice to HP of "numerous failure to warn allegations," Doc. 116 at 1-2, the fact of the matter is that the allegations of the Complaint recited and emphasized by the Plaintiff all concern batteries allegedly designed and manufactured by HP. Put another way, Plaintiff's Complaint does not

4

allege **anywhere** that HP negligently permitted the use of "aftermarket" batteries or failed to warn about them. This is a critical distinction because Plaintiff's expert disclosures sought to be stricken opine that HP did not design or manufacture the battery. Each of the paragraphs cited by the Plaintiff in support of his argument that the Complaint afforded notice to HP of the failure to warn claims articulated in his expert reports refers to the "subject" laptop, battery, and charger, alleged to have been designed and manufactured by HP. *See* Doc. 116 at 1-2, quoting Doc. 1-2, ¶¶ 16, 32, 34, 40(d), 40(h), 46(i). However, it is patent that each of these allegations relates exclusively to the "subject" batteries–those batteries allegedly designed and manufactured by HP for use with the laptop alleged to have caused the plaintiff's injuries. *See* Doc. 1-2, ¶¶ 16 ("subject laptop, lithium ion battery and charger"), 32 (same), 34 ("their [HP's] products"), 40(d) ("subject laptop, lithium ion battery and charger"), 40(h) (same), 46(i) ("subject products").

The Plaintiff's Complaint concerns only the "subject laptop, lithium ion battery, and charger" allegedly designed and manufactured by HP. Yet, now, after nearly four years, Plaintiff has charted a new course–HP failed to warn against batteries it did not design, manufacture or otherwise approve. Accordingly, the Plaintiff's expert reports should be stricken.

**II.    The Plaintiff had nearly a year to supplement his discovery responses after his engineering expert examined the "subject" battery.**

The Plaintiff acknowledges that he has a duty to supplement his discovery responses, but further argues that he was "without sufficient knowledge to admit whether the battery was non-HP approved" before October 30, 2020 because "discovery was ongoing." Doc. 116 at 5. However, the Plaintiff's claim is at variance with his own expert reports. The Plaintiff's engineering expert, Mr. Kutchek, opined that the battery was non-HP approved on the basis of his December 19, 2019, examination of the battery. *See* Doc. 112-5 at 10. Mr. Kutchek did not review or incorporate any subsequently-dated material, including documents, examinations or

scans. *See id.* at 5. Thus, nearly a year elapsed between Mr. Kutchek's examination and the disclosure of his report on October 30, 2020 concluding that the battery was non-HP approved.[2] Based on this timeline, the Plaintiff's failure to supplement his interrogatory responses was apparently willful, and striking his expert reports is accordingly appropriate. *See* F.R.C.P. 26(e)(1); 37(c)(1); *see also* Notes of Advisory Committee on Rules-1993 Amendment, Rule 26(a) ("litigants should not indulge in gamesmanship with respect to the disclosure obligations"); Notes of Advisory Committee on Rules-1993 Amendment, Rule 37(c) ("automatic sanction provides a strong inducement for disclosure" as required by Rules 26(A) and 26(e)(1)).

## CONCLUSION

The Plaintiff's expert reports disclose a new theory of liability never pleaded and never identified in response to HP's discovery requests. The Plaintiff's Complaint never alleged a failure to warn concerning batteries that were not "designed, manufactured, distributed and/or sold by HP." Doc. 1-2, ¶ 9. The Plaintiff had ample opportunity to supplement his discovery responses concerning whether the battery was HP-approved and how it was allegedly defective but never did so. The Plaintiff's expert reports claiming that HP should have warned against the use of non-HP approved batteries should accordingly be stricken.

---

[2] It is worth reiterating that HP advised Plaintiff's counsel, in writing on June 14, 2017, that the subject battery was **not** original to the HP product at issue here. *See* Doc. 19-3.

Respectfully submitted,

*/s/ Michael A. Weiner*

_____
Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com
Attorney for HP, Inc.