IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

THOMAS POWER,                                    No.: 2:17-CV-00154-MRH

                Plaintiff,

      vs.

HEWLETT-PACKARD COMPANY,

                Defendant.

**PLAINTIFF'S MEMORANMDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO EXCLUDE TESTIMONY OF KENNETH KUTCHEK**

Plaintiff, Thomas Power, by and through his counsel, Friday & Cox, LLC, files the

following Memorandum of Law in Opposition to Defendant's Motion to Exclude Testimony of

Kenneth Kutchek, P.E.:

**I.       INTRODUCTION**

This matter arises out of the tragic injuries sustained by Thomas Power ("plaintiff"). On

June 20, 2015, plaintiff was using a Hewlett Packard Elitebook 8730w notebook computer, which

he purchased on eBay.com on April 29, 2013. The plaintiff had used his notebook for 20 to 60

minutes when, suddenly, the notebook exploded into flames, burning the plaintiff's legs.

Plaintiff, Thomas Power, brought the following claims against defendant:

a.      COUNT I – Strict Liability: Failure to Warn

b.      COUNT II – Negligence

c.      COUNT III – Breach of Warranty

Plaintiff has supported his claims, in part. through the expert testimony of Kenneth

Kutchek, P.E., a professional engineer and certified fire and explosion investigator with thirty-four

years of engineering experience. On May 13, 2022, Defendant filed a Motion to Preclude

Kutchek's testimony, arguing that it is inadmissible pursuant to the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Plaintiff opposes Defendant's Motion as Kenneth Kutchek, P.E., a licensed professional engineer with certification in fire and explosion investigation, is qualified to testify as to cause of the battery explosion and fire resulting in the injuries suffered by the plaintiff in this incident.

## II.        TESTIMONY OF KENNETH KUTCHEK

Kenneth Kutchek P.E., is a licensed professional engineer and certified fire and explosion investigator with thirty-four years of experience. *See* CV of Kutchek P.E., attached hereto as **Exhibit A**. Kutchek prepared an expert report for plaintiff regarding the cause of the battery explosion and fire resulting in the injuries suffered by the plaintiff in this incident. *See* Kutchek Report attached hereto as **Exhibit B**, at p. 1. In preparing his report, Kutchek reviewed deposition transcripts, HP documents, photographs, security video of the incident, physical evidence, notebook x-ray and CT scans. **Exhibit B**, at p. 1. Upon visual inspection of the notebook computer and battery pack, Kutchek observed heat damage in the location of the battery pack and that two of the eight battery cells, which did not appear to be the HP approved Sony 18650 cells, had experienced thermal runaway and exploded. **Exhibit B**, at p. 12. Further, Kutchek observed that the power adapter appeared to be manufactured by HP and found no evidence that the battery controller circuit had been replaced. **Exhibit B**, at p. 12-14.

Kutchek also noted that HP was aware of authentication technology for replaceable components and had held patents for such technology, specifically US Patent No. '8A1, with an application date of May 29, 2008 and issue date of May 12, 2011. **Exhibit B**, at p. 14-15. Kutchek also noted that other manufacturers of electronics, during the time period relevant to the incident, held patents relating to the authentication of replaceable components: Panasonic held US Patent

No. '5A1 for battery authentication in notebook computers; BlackBerry held US Patent No. '5A1 for battery authentication in mobile phones; and Lexmark International held patents US Patent No. '2A1 and US Patent No. '3B2, relating to ink cartridge authentication. *See* **Exhibit B**, at p. 14-15. Lastly, Kutchek indicated that the HP notebook did not authenticate installed battery packs or have interlocks to prevent use of non-HP approved battery packs and did not warn users of the installation of a non-HP battery pack. **Exhibit B**, at p. 15.

Based on these findings, Kutchek opined that HP created an unreasonably dangerous condition for its notebook users in failing to ensure adequate safety protections, testing, and quality control for the use of non-approved battery packs and was aware of the potential safety hazards associated with such created condition. **Exhibit B**, at p. 16. Kutchek based this conclusion on his over 30 years of experience in the field of engineering, and additional relevant training, education and experience. **Exhibit B**, at p. 16. Particularly, Kutchek's experience includes his involvement in at least 20 cases involving lithium ion batteries. *See* Deposition of Kutchek attached hereto as **Exhibit C**, at p. 35. Many of these cases involved 18650 lithium ion battery cells present in vape devices, which short circuited while in the pocket and caused explosions or burns. **Exhibit C**, at p. 36. Kutchek holds a B.S. in electrical engineering and has training in fire and arson investigation and continued education in topics including, but not limited to: fire protection systems, battery and other electricity storage technologies and advanced fire investigation for professional engineers. *See* **Exhibit A**, at p. 5-7.

## III.   ARGUMENT

### A.  Standard for Expert Testimony.

In order for an expert to testify he or she must first satisfy the requirements of Fed. R.

Civ. P. 702. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>>
>> (b) the testimony is based on sufficient facts or data;
>>
>> (c) the testimony is the product of reliable principles and methods; and
>>
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Civ .P. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the U.S. Supreme

Court identified "reliability" and "helpfulness" as the primary requirements found within Rule

702. *United States v. Mitchell*, 365 F.3d 215, 234 (3d Cir. 2004). The *Daubert* opinion tasked the

trial court with being a gatekeeper to ensure that expert testimony is based on a reliable foundation

and is relevant to the issues in the case. 509 U.S. at 590.

However, the trial court does not have unfettered authority to exclude experts.  The Third

Circuit has explained that *Daubert* should be liberally construed to allow the admissibility of

expert testimony. *Pineda v. Ford Motor Co*., 520 F.3d 237, 243 (3d Cir. 2008). The exclusion of

testimony is the exception to the rule because, "vigorous cross-examination, presentation of

contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible evidence." *Keller v. Feasterville Family Health Care*

*Ctr.*, 557 F. Supp. 2d 671, 674, (E.D. Pa. 2008) *citing* Fed. R. Evid. 702 (advisory committee notes).

   **B.  The testimony of Kenneth W. Kutchek, P.E. should not be precluded**

   **i.   Kutchek is qualified to offer an opinion in this case because, as a professional engineer, he possesses specialized knowledge relevant to the case at hand.**

As a professional engineer with over thirty years of experience, which includes his involvement in over twenty cases involving 18650 lithium ion battery cells, Kutchek possesses specialized knowledge and experience relevant to this case beyond that of the average layman and is qualified to testify. **Exhibit C**, at p. 35-36.

In order to be qualified as an expert, a witness must possess specialized expertise, which encompasses a broad range of knowledge, skills, and training. *Pineda*, 520 F.3d at 244. The Third Circuit has interpreted "specialized knowledge" liberally, to comply with Rule 702's general principle of admissibility. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994). A court should not exclude expert testimony simply because the expert is not the best qualified or because the expert is without the appropriate specialization. *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782, (3d. Cir. 1996);  *See also Coal Co. v. Clark Equip. Co.*, 816 F.2d 110,114 (3d Cir. 1987) (holding that "at a minimum, a proffered expert witness… must possess skill or knowledge greater than the average layman."). Such credibility determinations are better left for jurors to weigh. *Keller*, 557 F.Supp.2d.

Defendant argues that Kutchek is unqualified to offer an opinion in this case as he has no professional training, or experience in battery pack design, battery cell design, battery pack and cell manufacturing, printer design and manufacturing, and computer notebook design and manufacturing. *See* Def's Motion at p. 5. This argument imposes "overly rigorous requirements of

expertise" and contradicts the Third circuit's instruction to interpret "specialized knowledge" liberally, such that "generalized qualifications are sufficient. *See Paoili*, 35 F.3d at 741.

Kutchek's over thirty years of experience, which includes his involvement in over twenty cases involving 18650 lithium-ion battery cells, and additional certification as a fire and explosion investigation sufficient evidence to qualify Kutchek as an expert in the case at-hand. **Exhibit C**, at p. 35-36.

### ii.    Kutchek's opinions are based on reliable facts, data, principles and methodology

Kutchek employed a reliable methodology in reaching his conclusion that defendant failed to provide adequate protections against injury arising from use of non-HP battery cells. **Exhibit B**. In doing so, Mr. Kutchek relied on his extensive industry practice, experience and knowledge relating to engineering 18650 battery cells. *Id.*

The reliability threshold, under the Federal Rules of Evidence, does not require expert testimony to have "the best foundation, or even… be supported by the best methodology or unassailable research". *UGI Sunbury LLC v. A Permanent Easement*, 949 F.3d. 875, 834. Rather, it is sufficient that expert testimony is supported by "good grounds". *Id. Daubert* outlines various factors for consideration in the determination of whether "good grounds" support an expert's testimony. The factors outlined in *Daubert* have been reconfigured by other courts for application to "technical" or "specialized subjects" such as engineering. *See Milanowicz v. The Raymond Corp.*, 148 F.Supp.2d 525,536 (D.N.J. 2001).

Defendant relies on the factors outlined by *Daubert* and *Milanowicz* to argue that Kutchek's testimony is not reliable. Def's Motion at p. 10-14. Specifically, Defendant argues that Kutchek's opinions are unreliable as he failed to conduct tests, obtain an exemplar, disassemble

the HP Elitebook, consult IEEE standards for battery pack design in 2008 and 2009, and contact the eBay seller. *Id.* at p. 1.  Defendant also argues that Kutchek's use of a Google Patents search does not constitute "generally accepted science". *Id.* at p. 12.

In reaching his conclusion that HP's failure to ensure adequate safety protections against the use of non-approved battery packs created an unreasonably dangerous condition, Kutchek personally inspected the at-issue HP notebook computer, power adapter and video of the accident scene. **Exhibit B**, at p. 1. Kutchek also reviewed extensive documentation and performed a Google Patents search of the patents involving authentication of replaceable components within the relevant timeframe. *Id*. Google Patents sources its information from over 100 patent offices around the world, rendering the tool a comprehensive method of searching for patents and prior-art. Only after going through this meticulous process, did Kutchek come to his conclusion regarding the unreasonably dangerous condition created by HP. **Exhibit B**.

An expert's methodology does not need to fit a specific form in order to be admissible. Further, it has been established that the factors provided by *Daubert* "are neither exhaustive nor applicable in every case." *Kannankeril v. Terminix Intern., Inc.*, 128 F.3d 802, 806-07.  *See also Kumho Tire* 526 U.S. at 151, 119 S. Ct. 1167 (noting that *Daubert* "made clear that its list of factors was meant to be helpful, not definitive.) As such, Defendant's argument that Kutchek's testimony is unreliable due to factors such as a lack of testable hypothesis or general acceptance is not conclusive.

Courts have found that "where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the jury, not the trial judge." *Breidor v. Sears, Roebuck and Co.* 722 F.2d 1134, 1138-39 (3rd Cir. 1983). Kutchek's testimony

has a clear logical basis and thus, in accord with Rule 702's general principle of admissibility, Kutchek's opinions should be heard by a jury.

### iii.    Kutchek's opinions are relevant

Kutchek's testimony is relevant to determining the cause of the explosion and consequent injuries sustained by the plaintiff in this case. Kutchek's testimony, if proven to be true, is vital to establish that HP's failure to provide adequate protections against the use of non-HP battery cells created an unreasonably dangerous condition. Therefore, Kutchek's testimony will be relevant and helpful to the jury. There is a strong preference for admitting any evidence having some potential for assisting the trier of fact. *DeLuca v. Merrell Dow Pharmaceuticals, Inc*., 911 F.2d 941, 956 (3d Cir. 1990).

Defendant argues that Kutchek's opinions are speculative and will not assist the trier of fact, as such opinions were based on a misapprehension of HP's corporate designee's testimony. Def.'s Motion at p. 15.  Specifically, Defendant argues that Kutchek fails to cite any evidence for his proposition that HP knew that non-HP battery packs were available for sale by third-party retailers. *Id.*

Contrary to Defendant's argument, Kutchek cites evidence for his statements that HP knew that non-HP battery packs were available for sale by third-party retailers in the engineers report. Specifically, Kutchek cites testimony by HP representative, David Pipho, that there are non-HP approved battery packs and cells which can fit into the at-issue laptop. *See* Depostion of David Pipho attached hereto as **Exhibit D**, at p. 107. Pipho went on to state that "we design the notebook to interact specifically with HP approved battery packs". *Id.*

HP provided a warning on the battery pack to replace with an authentic HP battery pack. **Exhibit B** at p. 14. Pipho corroborated this, stating that the battery pack contained a warning "label

that states replace with HP spares." **Exhibit D** at p. 95. Further HP held US patent '8A1, which relates to ink cartridge authentication in ink jet printers. **Exhibit B** at p. 14. The patent has an application date of May 29, 2008 and an issue date of May 12, 2011. *Id.* at p. 15. To obtain a patent in the US, a prior-art search is done to determine the novelty of the patent being filed. Thus, Kutchek reasonably concluded that HP had knowledge of authentication technology available during the relevant time period to the issue at-hand and had knowledge of the existence of non-HP battery cells and packs which could fit into the at-issue laptop.

Plaintiff is relying on Kutchek's testimony to inform the jury on important details that will greatly assist in the juror's understanding of important facts of this case. Simply put, these conclusions are relevant to plaintiff's case. Kutchek has satisfied the threshold requirement of relevance; therefore, a jury should be able to weigh his opinions at trial.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Honorable Court deny defendant's Renewed Motion to Exclude Testimony of Kenneth W. Kutchek P.E., in its entirety.

Respectfully submitted,

FRIDAY & COX LLC

 _/s/ Peter D. Friday_
Peter D. Friday, Esquire
Pa I.D. # 48746

Joshua S. Licata, Esquire
Pa I.D. # 318783

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 27, 2022 that a copy of the foregoing

***Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Exclude Testimony***

***of Kenneth W. Kutchek P.E.,*** was served upon the following via the Court's CM/ECF system:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com

/s/ Peter D. Friday
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa. I.D. # 318783
jlicata@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*