# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, Civil Division | Civil Division |
| Plaintiff, | Docket No.: 2:17-CV-00154-MRH |
| vs. | Hon. Mark R. Homak |
| HEWLETT-PACKARD COMPANY. | |
| Defendant. | |

## SEALED APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

The Plaintiff, Thomas Power, hereby moves under Federal Rule of Civil Procedure 5.2(d), Local Rule of Civil Procedure 5.3(h), the Stipulated Protective Order in this Case, Doc. 40, ¶5, and this Court's Practices and Procedures §II(I) (Dec. 2016), for leave to file under seal Plaintiff's expert report of Dr. Michael Drew and Dr. Drew's deposition testimony as Exhibits to Plaintiff's Opposition of Defendant's Motion to Preclude. Specifically, Plaintiff wishes to attach these documents containing Confidential Information as exhibits in support of the Opposition to Defendant's Motion to Preclude Plaintiff's Medical Expert, Michael Drew, M.D., FACS, from offering an Opinion Regarding Plaintiff's Incontinence. Unredacted copies of these documents containing Confidential Information, marked as Exhibits A and B of the motion, are filed herewith as sealed documents pursuant to Local Rule 5.2(h).

## BACKGROUND

On January 11, 2018, the Court entered a Stipulated Protective Order that provided for the designation of information produced by the parties as "Confidential." The Stipulated Protective Order further provided:

> Any party wishing to file any Confidential Information with the Court, including any portion of a court paper that discloses Confidential Information, shall apply to

> file the documents separately "under seal" or as otherwise directed by the Court. When filing a motion, the filing party will cite to the Court the grounds for filing the Confidential Information under seal. The filing party shall first seek and obtain leave of the court to so file under seal.

Doc. 40.

Plaintiff has identified Michael Drew, M.D., FACS as a medical expert rendering an opinion on Plaintiff's incontinence. *See* a true and correct copy of the October 27, 2020 medical report of Michael Drew, M.D. attached hereto as Exhibit "A". The deposition testimony of Michael Drew, M.D., FACS was secured on March 8, 2022. As part of the opposition to Defendant's Daubert Motion, Plaintiff seeks to use excerpts of the deposition testimony of Michael Drew, M.D. (*see* Exhibit "B" attached hereto) and Michael Drew, M.D.'s medical report as exhibits.

The Local Rules of Civil Procedure provide that parties must obtain prior leave of Court in order to file documents under seal, on a sealed motion. W.D. Pa. L.R. 5.2(h). Due to the potentially sensitive information contained in the referenced exhibits, Plaintiff is hereby making an application that Exhibits "A" and "B" be placed under seal in Order to comport with the Local Rule and Stipulated Protective Order.[1]

## LEGAL STANDARDS

The Local Rules of Civil Procedure provide that parties must obtain prior leave of Court in order to file documents under seal, on a sealed motion. W.D. Pa. L.R. 5.2(h). "[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986).

---

[1] Under the Court's Amended Procedures (February 2022) this Application is being filed without attaching the Exhibits to which seal is sought in order to protect the potentially confidential information until the Court has had an opportunity to rule on the Motion.

## ARGUMENT

**1. The documents sought to be filed under seal have been designated confidential by this Court.**

The parties stipulated to the Protective Order entered by the Court on January 11, 2018. Doc. 40. In it, the parties agreed to a procedure for the designation of any document as confidential. *Id.,* at 12. Such documents are not to be filed by either party except under seal, and not without seeking and obtaining leave of the Court. *Id.* at *5.* Although the expert report and deposition transcript of Michael Dew, M.D. FACS were not designated "Confidential" with the procedures set forth in the Stipulated Protective Order, Defendant has already been granted leave by this Court to file these same documents under seal. Accordingly, Plaintiff is seeking leave to file the same under seal in order to comply with L.R. 5.2(h) and the Stipulated Protective Order.

## CONCLUSION

It is respectfully submitted that the Court should accordingly grant Plaintiff, Thomas Power, leave to file the two exhibits attached hereto under seal as exhibits to Powers' Opposition to Defendant's Motion to Preclude Plaintiff's Medical Expert, Michael Drew, M.D., FACS, from offering an Opinion Regarding Plaintiff's Incontinence.

Respectfully submitted,

FRIDAY & COX LLC


*/s/ Peter D. Friday*
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa. I.D. # 318783
jlicata@fridaylaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on June 7, 2022, that a copy of the foregoing ***SEALED APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL*** was served upon the following via the Court's CM/ECF system:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com

*/s/ Peter D. Friday*
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa. I.D. # 318783
jlicata@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA 15216
Phone: (412) 561-4290
*Counsel for Plaintiff*