UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER,<br>         *Plaintiff*, | Civil Division<br>Docket No. 2:17-CV-00154-MRH |
| v. | |
| HEWLETT-PACKARD COMPANY,<br>         *Defendant*. | Hon. Mark R. Hornak<br>June 27, 2022 |

**REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The plaintiff Thomas Power opposes summary judgment as to liability on a single basis --- that is wholly lacking in factual support. In his opposition, plaintiff argues that his disclosure of Kenneth Kutchek PE and William Kitzes JD purportedly creates a genuine issue of material fact as to whether the HP Elitebook 8730w had a failure to warn defect because it could have feasibly had software installed to alert users when a non-HP battery pack was being used. ECF No. 182, at 2-6.

Yet, the plaintiff admits that Kutchek was unable to determine whether any notebook computers in the marketplace in 2009 used battery authentication, *see* ECF No. 183, ¶ 17. The plaintiff further admits that Kitzes' belief that there was battery authentication alert technology in 2008 was based on an HP document actually written in 2020, *see* ECF No. 183, ¶ 24. Irrespective of whether the unreliable testimony of Kutchek and Kitzes is precluded under the motions currently pending before the Court, ECF Nos. 141, 142, there is no admissible evidence anywhere in the record that notebook battery authentication existed when the Elitebook 8730w was manufactured in 2009. Thus, with or without Kutchek and Kitzes' testimony, the plaintiff cannot show that such authentication technology did exist then. There is no genuine dispute of material fact. Accordingly, the plaintiff's failure to warn defect claim fails.

1

Further, the plaintiff admits that HP gave multiple warnings to only use HP-approved battery packs with the Elitebook 8730W notebook. *See* ECF No. 183, ¶ 4. This is also fatal to his product liability claims. "Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." *Chandler v. L'Oreal USA, Inc.*, 774 F. App'x 752, 754 (3d Cir. 2019) (citations omitted). Plaintiff does not, and cannot, argue that had the provided warnings to use HP-approved battery packs been heeded, the Elitebook 8730w would not have been safe for use. Accordingly, the plaintiff's failure to warn defect claim fails for this reason as well.

The plaintiff's damages claim suffers from a similar flaw. The plaintiff admits that the doctor with whom he treated his urinary incontinence concluded that he was "uncertain of the etiology of [Power's] bowel and bladder incontinence" and "d[id] not suspect any relationship between [Power's] chemical burn and his bladder and bowel incontinence." ECF No. 183, ¶ 10. Irrespective of whether the testimony of Michael Drew, M.D. is precluded under the motion currently pending before the Court, ECF No. 139, there is no evidence in the record of any injury to the plaintiff's urinary system. There is no genuine dispute of material fact. The plaintiff's claim for damages for incontinence fails.

The Defendant, HP, Inc., incorrectly named as Hewlett-Packard Company ("HP"), accordingly submits this Reply in further support of its Motion for Summary Judgment, dated May 13, 2022, ECF No. 149. The motion for summary judgment should be granted.

# ARGUMENT

As an initial matter, the plaintiff's deficient Local Rule 56(C) statement fails to properly state whether each of the facts in HP's Local Rule 56(B) statement is admitted or denied, with citations to the record for each denial, as required by Local Rule 56(C). Specifically, the plaintiff improperly denied stated facts where he only disputed the form of the cited evidence. *See, e.g.* ECF No. 183, ¶ 16 (denying verbatim testimony of Kutchek); ¶ 26 (denying verbatim testimony of Michael Drew, MD); *see also Keith v. Charter Communs., Inc.,* 2020 U.S. Dist. LEXIS 83171, at *9 n.7 (W.D. Pa. May 12, 2020) (Baxter, J.).[1] Accordingly, these facts should be deemed admitted in accordance with Local Rule 56(E).

It bears emphasis that the plaintiff otherwise admits substantially all the facts stated by HP in its Concise Statement. *See* ECF No. 183, ¶¶ 1–4, 6–12, 14–15, 17–25. There are no genuine issues of material fact here.

Indeed, there is no genuine dispute that plaintiff has not established notebook battery authentication technology existed when the Elitebook 8730w was manufactured. There is no genuine dispute that HP gave multiple warnings to only use HP-approved battery packs with the Elitebook 8730w. There is no genuine dispute that plaintiff does not have medical evidence supportive of a urinary system injury causally related to this incident. There being no genuine dispute as to these material facts, the motion for summary judgment should be granted.

**I.     There is no record evidence, expert or otherwise, that notebook battery authentication technology existed when the Elitebook 8730w was manufactured.**

---

[1] "[Plaintiff] further denies these statements as "mischaracterization[s] of the report" and argues they must be read in conjunction with the statutory language, "with or without an accommodation." However, a review of the actual documents reveals that the language on the application form is the identical language recited in the Defendant's Concise Statement. These statements (made by Keith on his SSDI application) are deemed admitted." *Keith, supra* at *9 n.7 (deeming improperly denied stated facts admitted).

3

The plaintiff has admitted in his Concise Statement that he has failed to establish any evidence concerning notebook battery authentication as of the date of the manufacture of the Elitebook 8730w, August 18, 2009.

Specifically, plaintiff admits that Kutchek was unsuccessful in his attempt to determine whether any notebook computers in the marketplace in 2009 used battery authentication. ECF No. 183, ¶ 17. Plaintiff also admits that none of the five patents Kutchek reviewed pertained to notebook computers manufactured before the date of the Elitebook 8730w. ECF No. 183, ¶¶ 18–20. Kutchek's testimony does not establish a genuine dispute of material fact concerning notebook battery authentication technology at the time of the manufacture of the Elitebook 8730w: since he admittedly failed to adduce any evidence about notebook battery authentication technology for that time period.

Plaintiff further admits that Kitzes based his opinion that there was notebook battery authentication alert technology in 2008 on an HP document actually written in 2020, *see* ECF No. 183, ¶ 24. The error message to which Kitzes referred in his opinion and testimony did not exist in 2008 or 2009. ECF No. 142-2, ¶ 5. Thus, Kitzes' testimony does not establish a genuine dispute of material fact concerning notebook battery authentication technology at the time of manufacture of the Elitebook 8730w.

The plaintiff rests his failure to warn defect claim on the argument that Kutchek and Kitzes show HP "could have feasibly installed the software to alert users when a non-HP battery pack was being used." ECF No. ECF No. 182 at 5. Yet, the testimony of Kutchek and Kitzes, by the plaintiff's admission, show no such thing: there is no evidence in the record before this Court that HP could have feasibly installed software to alert users when a non-HP battery pack was

4

being used, and indeed, plaintiff and his experts have presented no evidence that such technology even existed when the Elitebook 8730w was designed, manufactured, and sold. There is no genuine dispute of material fact. Summary judgment should be granted on the plaintiff's claims.

**II.     HP gave multiple warnings to only use HP-approved battery packs with the Elitebook 8730W notebook.**

The plaintiff admits that HP gave the following warnings with the Elitebook 8730w:

> [1] A warning on the battery pack itself stating "Replace with HP spares";
>
> [2] a warning in the product documentation stating "⚠WARNING! To reduce potential safety issues, use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP"; and
>
> [3] a warning in the product documentation stating "⚠WARNING: To reduce the possibility of heat-related injuries or of overheating the computer, do not place the computer directly on your lap or obstruct the computer or vents."

ECF No. 183, ¶¶ 4, 8. These warnings are clear, and plaintiff has not argued otherwise. HP may therefore "reasonably assume that [they] will be read and heeded." *Chandler, supra* at 754. Plaintiff does not argue that the Elitebook 8730w, admittedly "bearing such a warning," is not "safe for use if it is followed." Accordingly, the Elitebook 8730w was "not in defective condition, nor is it unreasonably dangerous." *Id.* There is no genuine dispute of material fact. The plaintiff's failure to warn defect claim fails as a matter of law, and the motion for summary judgment should be therefore granted.

**III.    There is no record evidence, expert or otherwise, that the plaintiff suffered a urinary system injury.**

Plaintiff admits that his treating urologist concluded that he was "uncertain of the etiology of [Power's] bowel and bladder incontinence" and "d[id] not suspect any relationship

5

between [Power's] chemical burn and his bladder and bowel incontinence." ECF 183, ¶ 10. This is consistent with the opinion of HP's urological expert, Herman Bagga MD, who opined "the urinary incontinence issues suffered by Mr. Power are not due to damage from the burns he sustained after the explosion of his computer on June 20, 2015" based on "the fact that there has been no reported evidence of injury to the genitourinary system." ECF 151, ¶ 27.

HP would be entitled to summary judgment on the plaintiff's claim for damages for incontinence even if the testimony of Dr. Drew was admitted. However, as plaintiff concedes, Dr. Drew's testimony must be given to a "reasonable degree of medical certainty," and Dr. Drew could not offer testimony to that standard concerning whether the cause of plaintiff's continence was physical or psychological. ECF No. 182 at 8. However, plaintiff's insistence that Dr. Drew's later opinion that "it is my opinion beyond a reasonable doubt that these injuries [chemical burns] contributed and caused his urinary and fecal incontinence, absolutely" satisfies the standard is unavailing:

> Whether an expert satisfies this standard does not depend on "**magic words**." Instead, the Court determines whether the expert's testimony, taken as a whole, is based on "a reasonable degree of medical certainty rather than upon mere speculation." Pennsylvania courts have long drawn a distinction between reasonable certainty and probabilistic guesswork. Testimony that something was "more likely than not" the cause of the plaintiff's injury is insufficient. Similarly, an expert does not express the requisite certainty when he puts the odds in favor of his theory of causation at just above fifty-fifty.

*Hoefling v. U.S. Smokeless Tobacco Co., LLC*, 2021 U.S. Dist. LEXIS 242783, at *49-50 (E.D. Pa. Dec. 21, 2021) (Pappert, J.) (emphasis added) (summary judgment). Dr. Drew's testimony here "clearly falls below this threshold" so summary judgment should be granted. *Id.; compare*

ECF No. 139 at 6 ("I don't think there's a specific mechanism of injury here, physical, that would explain purely the incontinence"; "I would probably say more – more psychological than physical … [plaintiff] was, as most of us would be, sort of freaked out, if you will, by seeing an explosion … that's where my opinion comes from.") *with Hoefling, supra* at *50 ("He believes there is "an equal probability" that either smokeless tobacco or HPV caused Hoefling's cancer. Indeed, he cannot say either was likely the cause of Hoefling's cancer."). There is no genuine dispute of material fact. The plaintiff's claim for damages for urinary incontinence fails.

## CONCLUSION

Plaintiff "has the burden, as the party bearing the burden of proof at trial, and opposing summary judgment, to submit competent evidence to support [his] claims. Further, it is not the Court's obligation to comb the record to identify a material factual dispute where the party opposing summary judgment has not done so under Local Rule 56.1(a)." *Bond v. State Farm Ins. Co.*, 2020 U.S. Dist. LEXIS 153310, at *11-12 (W.D. Pa. Aug. 24, 2020) (Lanzillo, J.) (citations, quotations and alterations omitted). Plaintiff has not carried his burden here. The unreliable testimony of Kutchek, Kitzes and Drew that he has adduced, even if ultimately admitted, does not establish a genuine issue of material fact concerning batter authentication technology at the time of the Elitebook 8730w's manufacture, the warnings HP provided with the Elitebook 8730w, or the plaintiff's absence of urinary system injury. There being no genuine issue of material fact as to liability and as to the plaintiff's damages claim concerning urinary incontinence, the motion for summary judgment should be granted.

/s/ Christopher G. Betke

Christopher G. Betke
*Pro Hac Vice*
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com


Attorneys for HP, Inc.


**Certificate of Service**

I hereby certify that on June 27, 2022, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Christopher G. Betke
Christopher G. Betke