UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | Civil Division |
| *Plaintiff*, | Docket No. 2:17-CV-00154-MRH |
| v. | |
| HEWLETT-PACKARD COMPANY, | Hon. Mark R. Hornak |
| *Defendant*. | July 11, 2022 |

**REPLY IN FURTHER SUPPORT OF MOTION TO PRECLUDE TESTIMONY FROM WILLIAM KITZES, J.D.**

The plaintiff Thomas Power in his opposition to the preclusion of the testimony of William Kitzes J.D. does not apparently dispute that Kitzes' testimony has been repeatedly excluded as unreliable in whole or in part under F.R.E. 702 and *Daubert* by at least 20 other trial and appellate courts, including the Third Circuit Court of Appeals and the District Courts of this Circuit. *See* ECF No. 154 at n.1 (collecting cases). The plaintiff does not attempt to distinguish any of these cases, because he cannot: in those cases, in which Kitzes' opinions were precluded in whole or in part, Kitzes offered substantially similar opinions to the ones he does in this case, regardless of the product at issue and regardless of the alleged defect. Indeed, each of these reports starts out with the **same eight-page formulaic discourse on** "product safety management" and each report contains the **identical, formulaic** conclusion that "[defendant] failed to act as a reasonably prudent [manufacturer] to adequately protect users from the catastrophic risk of [harm] under reasonably foreseeable conditions of use." *See, e,g. Ruggiero v. Yamaha Motor Corp.,* 2017 U.S. Dist. LEXIS 48908, at *33 (D.N.J. Mar. 31, 2017) (Simandle, J.), Kitzes Expert Rept., ECF No. 24-25 at 10, attached hereto as Ex. A ("Yamaha"/"distributor"/"injury"), *aff'd* 778 F. App'x 88, 93-94 (3d Cir. 2019); *Nelson v. Am. Honda Motor Co.*, 2021 U.S. Dist. LEXIS 93503, at *17 (W.D. Pa. May 17, 2021) (Lanzillo, J.),

Kitzes Expert Rept., ECF No. 59-13 at 1, attached hereto as Ex. B. ("Honda"/"manufacturer-distributor"/"injury and death"); *Masterson v. B.J. Stores, Inc*., 2007 U.S. Dist. LEXIS 98485, at *21 (D.N.J. Mar. 20, 2007) (Bumb, J.), Kitzes Expert Rept., ECF No. 69-2 at 7, attached hereto as Ex. C ("Sunspecs and BJ Stores"/"importer and retailer"/"injury"); *Schmidt v. Conagra Foods, Inc*., 2020 U.S. Dist. LEXIS 222731, (D. Conn. Nov. 30, 2020) (Underhill, J.), Kitzes Expert Report, Doc. 167-2 at 128, attached hereto as Exhibit D ("Conagra"/"manufacturer"/"fire and explosion"); *compare* Kitzes Expert Rept. ECF No. 184-2 at 12 ("HP"/"manufacturer"/"severe burn injuries").

Plaintiff is certainly aware of Kitzes' habit of recycling his materials and conclusions because his counsel offered Kitzes as an expert concerning failure to warn in *Nelson, supra,* a case before Judge Lanzillo. In that case, Judge Lanzillo held that the plaintiff's time-of-sale failure to warn claim failed because Kitzes "had not identified any different or additional language [he] believe[d] was necessary … nor have they offered any analysis or even proposed a methodology to analyze the issue." *Nelson, supra*, at *23, citing Ruggiero, supra.* That is: plaintiff's counsel offered Kitzes to opine on a failure to warn in a case in this District, that testimony was rejected by the Court, and yet the plaintiff nevertheless offers Kitzes, his recycled testimony, and his formulaic conclusions here. The plaintiff's proffer must accordingly be rejected by this Court, and the motion to preclude granted.

Despite these apparent facts, Plaintiff claims that his proffered expert William Kitzes, J.D. "has been qualified as a product safety expert in numerous other cases." Doc. 164 at 5, 7, 8, *citing Schall v. Suzuki Motor of Am.,* 2020 U.S. Dist. LEXIS 43118 (W.D. Ky. Mar. 12, 2020) (McKinley, J.); *In re Yamaha Motor Corp. Rhino Atv Prods. Liab. Litig.*, 816 F. Supp. 2d 442

(W.D. Ky. 2011) (Coffman, J.); and *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 520-21 (6th Cir. 1998). However, **every** one of these cited cases rejected Kitzes' testimony in whole or in part, directing this Court to do the same.

In *Schall,* Jude McKinley granted the motion to preclude Kitzes' testimony insofar as he opined that "Defendants acted with clear, conscious and willful disregard for rider safety" and that "[Defendants] put their own economic interests over the safety of their customers", as inadmissible opinions concerning the Defendant's state of mind. *Schall, supra* at *7. In *In re Yamaha*, Judge Coffman precluded Kitzes' testimony concerning the Consumer Products Safety Commission similar to that offer there in a multi-district products liability matter. *In re Yamaha Motor Corp. Rhino Atv Prods. Liab. Litig.* at 457-8. In *Morales,* Judge Cornelia Kennedy of the Sixth Circuit Court of Appeals wrote a seven-page dissent from the majority opinion specifically addressing why "Kitzes testimony should not have been admitted." *Morales, supra* at 520. These included, among other things, that Kitzes opined concerning design when he had "no special training or experience which would qualify him to testify as an expert regarding the design of the motorbike or any alternative designs for the vehicle." *Id.* This Court should follow the well-articulated reasoning of Judge Kennedy's dissent, and the holdings of the many jurists in this Circuit and in other trial and appellate Courts that would not admit Kitzes' proffered expert testimony. Given the fact that Kitzes' opinion here is a copy-and-paste of his previously rejected testimony, Kitzes' testimony should be precluded here as well.

Plaintiff concedes that Kitzes formed his opinions about HP battery authentication technology in 2008 based on a document describing HP battery authentication technology developed in 2020. ECF No. 164 at 5. The plaintiff misapprehends that this is fatal to his

opposition: the issue is not whether the underlying document was admissible, but that Kitzes' opinion based thereon was unreliable, which it indisputably was. That Kitzes is unreliable is a fact that has been repeatedly found. This Court should look to the many similar reports that Kitzes has offered, and that the Courts have similarly rejected, in granting the motion to preclude.

/s/ Christopher G. Betke

Christopher G. Betke
*Pro Hac Vice*
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com

Attorneys for HP, Inc.

**Certificate of Service**

I hereby certify that on July 11, 2022, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Christopher G. Betke
Christopher G. Betke

4