# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER, Civil Division                    No.: 2:17-CV-00154-MRH

             Plaintiff,

      vs.

HEWLETT-PACKARD COMPANY.

           Defendant.

## PLAINTIFF'S MOTION TO EXPAND THE RECORD AND CONDUCT A TESTIMONIAL *DAUBERT* HEARING

Plaintiff, Thomas Power, by and through his counsel, Peter D. Friday, Esquire, Joshua S. Licata, Esquire, Brian D. Cox, Esquire, and Friday & Cox, LLC, files the following Motion To Expand the Record and Conduct a Testimonial *Daubert* Hearing:

1.    This action arises out of severe personal injuries plaintiff sustained when his allegedly defective laptop, laptop battery, and/or laptop charger cord caused his laptop to explode on his lap on June 20, 2015.

2.    Plaintiff alleges that he was not warned ahead of time of the danger of using a non-Hewlett-Packard Company ("HP") battery.

3.    Plaintiff filed suit against HP in the Allegheny County, Pennsylvania Court of Common Pleas on January 18, 2017, and the action was removed to this Court on February 2, 2017 based on diversity jurisdiction.

4.    On October 12, 2022, this Court heard argument on HP's Motion for Summary Judgment, Motion in *Limine* to Preclude Plaintiff's Medical Expert, Michael Drew, MD, FACS, from Offering an Opinion, Motion in *Limine* to Preclude Testimony from Kenneth W. Kutchek, P.E., and Motion in *Limine* to Preclude Testimony from William F. Kitzes, J.D.

5.      At this hearing, none of Plaintiff's proffered experts were present or questioned by counsel or by the Court.

6.      Also at this hearing, the methodology, reliability, and qualifications of all experts, and William F. Kitzes, in particular, was brought into question by counsel for HP.

7.      In support of its position that William F. Kitzes is an unreliable expert, HP pointed to a document produced in 2020, relating to HP notebooks warning displays on HP laptops circa 2008. (**Exhibit A**).

8.      The document indicates that HP had warning systems in place in 2008 to warn users when a foreign battery was installed. However, HP attempted to claim that the document referenced HP warning systems in place in 2020, thus calling into question William F. Kitzes' research and methodology.  Counsel for HP was provided this document following the deposition of Mr. Kitzes.

9.      Further, counsel for HP attempted to use *Conti v. Ford Motor Co*. for the proposition that an expert, in order to prove their methodology and reliability, needed to observe, test, or recreate the at-issue product in order to show the feasibility of a proposed warning system or systems.

10.      However, that interpretation of *Conti* could not be further from the truth. Rather, *Conti* stands for the proposition that, "where the theory of liability is failure to warn adequately, the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning may have prevented the accident before the issue of causation may be submitted to the jury." *Conti*, 743 F.2d at 198.

11.      The Court in *Conti* further noted that, "liability may result only when there is sufficient evidence that additional warnings or reminders may have made a difference" *Conti*, 743

F.2d 195 at 199.

12.     In order to clarify the plaintiff's position, the methodology, reliability, and qualifications of plaintiff's experts, and HP's objections to the introduction of plaintiff's expert's testimony and reports, plaintiff believes that it may potentially be helpful to the Court to expand the record to allow for a *Daubert* hearing, although plaintiff avers plaintiff's experts reports are sufficient on their own.

13.     The decision of whether a *Daubert* hearing will be held is within the discretion of the district court. *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 418 (C.A.3 (Pa.), (1999).

14.     When the admissibility of expert testimony turns on factual issues, the failure to hold a *Daubert* hearing may be an abuse of discretion. *Kerrigan v. Maxon Ind.*, 223 F.Supp.2d 626, 632-633 (E.D.Pa.,2002) (citing *Padillas*, 186 F.3d at 418).

15.     Where an expert's opinions are insufficiently explained, and the expert's reasons and foundations are "inadequately and insufficiently explained", the trial court cannot reach an informed decision as to the experts reliability and should hold a *Daubert* hearing. *Kerrigan*, 223 F.Supp.2d at 633.

16.     Here, if the Court believes that the plaintiff's proffered expert testimony and reports are "inadequately and insufficiently explained", and therefore unreliable, a *Daubert* hearing must be held to ascertain the reliability of the experts. *See Padillas*.

17.     WHEREFORE if the Court believes that a *Daubert* hearing would be helpful to understand the methodology, reliability, and qualifications of plaintiff's preferred experts, particularly that of William F. Kitzes, plaintiff requests that this Court expand the record so that a *Daubert* hearing may be conducted.

Respectfully submitted,

FRIDAY & COX LLC


___/s/ Joshua S. Licata_____
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa. I.D. # 318783
jlicata@fridaylaw.com

Brian D. Cox, Esquire
Pa I.D. # 69238
bcox@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 19, 2022, that a copy of the foregoing

***Plaintiff's Motion to Expand the Record and Conduct a Testimonial Daubert Hearing*** was

served upon the following via the Court's CM/ECF system:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com

Christopher G. Betke, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
cbetke@coughlinbetke.com

    */s/ Joshua S. Licata*
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa. I.D. # 318783
jlicata@fridaylaw.com

Brian D. Cox, Esquire
Pa. I.D. # 69238
bcox@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*