UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | Civil Division |
| *Plaintiff*, | Docket No. 2:17-CV-00154-MRH |
| v. | |
| HEWLETT-PACKARD COMPANY, | Hon. Mark R. Hornak |
| *Defendant*. | November 2, 2022 |

**BRIEF IN OPPOSITION TO MOTION TO EXPAND THE RECORD AND CONDUCT A TESTIMONIAL DAUBERT HEARING**

712 days after plaintiff's experts' reports were disclosed, 212 days after their depositions were taken, 121 days after plaintiff opposed the preclusion of their testimony, and 50 days after the Court set the hearing on the defendant HP Inc.'s ("HP") motions for preclusion, the plaintiff, for the first time and during oral argument before the Court on defendant's motion to preclude experts, requested a testimonial hearing under *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579 (1993). ECF No. 193. The plaintiff's belated request is, by itself, a concession that nothing in his experts' reports, deposition transcripts, or his oppositions to their preclusion establishes the admissibility of his proffered expert evidence under Federal Rule of Evidence 702 and *Daubert.* For this reason alone, the plaintiff's motion to expand the record should be denied, and HP's motions to preclude granted.

Further, the plaintiff's motion to expand the record must be denied because plaintiff concedes that a testimonial hearing is not necessary for the Court to decide the motions: "plaintiff believes that it may potentially be helpful to the Court to expand the record to allow for a *Daubert* hearing, *although plaintiff avers plaintiff's experts reports are sufficient on their own*." (emphasis added). ECF No. 193 at ¶ 12. HP agrees that the expert reports–along with the robust deposition transcripts of their testimony and the full factual record before the Court –are

more than sufficient on their own for the motions to be decided. This is also fatal to plaintiff's motion to expand the record, and it should be denied.

It bears emphasis that the Court directed the plaintiff to include with his motion to expand the record "citations to any Third Circuit law on the circumstances under which district courts should hold testimonial *Daubert* hearings," ECF No. 192, yet the plaintiff's sole cited authority, *Kerrigan v. Maxon Indus*., 223 F. Supp. 2d 626 (E.D. Pa. 2002) (Antwerpen, J.) <u>denied</u> a testimonial *Daubert* hearing, and militates against any *Daubert* hearing in this case. In other words, the one legal citation provided to the Court by plaintiff in response to its request for legal guidance supports the denial of his request for yet another bite at the apple.

Judge Antwerpen, in denying plaintiff's request for a testimonial *Daubert* hearing, surveyed Third Circuit and U.S. Supreme Court authority concerning the rules of testimonial hearings. First, the Court began by holding that "[a]lthough a hearing is sometimes required in order for the Court to properly exercise its gatekeeping function, such a hearing is not necessary in all cases, even where the court decides the motion in the movant's favor and excludes the proposed expert testimony." *Kerrigan, supra at* 632.

The Court further explained that in *Padillas v. Stork-Gamco, Incorporated*, 186 F.3d 412 (3d Cir.1999), "because the expert's opinions were insufficiently explained and the reasons and foundations for them were inadequately and confusingly explicated, the trial court could not reach an informed decision as to the reliability of his opinions and, accordingly, should have held a hearing." *Id.* Yet, "the *Padillas* court stressed that a *Daubert* hearing is not always required. Although the court recognized the importance of in limine hearings in making the reliability determination under Rule 702 and *Daubert*, the court also explained that an in limine hearing

will obviously not be required whenever a *Daubert* objection is raised to a proffer of expert evidence and emphasized that whether to hold one rests in the sound discretion of the district court." The Court therefore concluded that *Padillas* required a testimonial *Daubert* hearing "when the record does not clearly explicate the basis of the proffered expert opinion such that the reliability determination cannot be made." *Id.*

Here, there is no good-faith argument that the record before the Court does not clearly explicate the basis of the proffered expert opinions such that the reliability determination cannot be made. Nor does plaintiff make such an argument. For example, the plaintiff does not affirmatively argue that his experts' opinions are insufficiently explained, or that the foundations for his experts' opinions are inadequately and confusingly explicated, requiring a hearing. *See* ECF No. 193 ¶ 16. In fact, plaintiff makes the opposite argument and has affirmatively stated that "plaintiffs' experts reports are sufficient on their own." ECF No. 193 at ¶ 12. In light of this affirmative representation by plaintiff, it is HP's position that plaintiff has effectively conceded that a testimonial hearing is not necessary under the applicable Third Circuit precedent.

As summarized by Judge Antwerp, In *Oddi v. Ford Motor Company*, 234 F.3d 136 (3d Cir.2000),

> the appellate court held that the district court did not abuse its discretion when it decided to exclude plaintiff's proposed expert testimony without holding a hearing and when it based its decision on only the depositions and affidavits. The court distinguished the record in *Oddi* from the record in *Padillas*. Whereas in *Padillas* the record was scant and the district court had no way of determining how the proffered expert had arrived at his conclusions, the record in *Oddi* was "far from scant" and included a preliminary report from the expert, an amended report, prepared after the plaintiff's expert reviewed the deposition testimony of a defense expert, an affidavit prepared in response to the *Daubert* challenge raised by

3

> the defendants in their summary judgment motion and two
> depositions of the plaintiff's proposed expert. According to the
> court, the district court's conclusion, based on the fullness of the
> record before it, that there was no need to conduct a hearing before
> ruling on the Daubert challenge was consistent with *Padillas*.

*Kerrigan, supra* at 633.. Indeed, the *Kerrigan* Court further remarked that denial of a testimonial *Daubert* hearing in such a case–where, as here, the record included the reports, ECF Nos. 184-2, 184-4, and 184-7, the deposition transcripts, ECF Nos. 154-1, 184-5, and 184-8, and additional affidavits, ECF No. 154-2, is consistent with the line of Supreme Court cases following *Daubert*. In *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999):

> the Court approved of the district court's reasoning that the two
> depositions submitted to the district court provided a sufficient
> basis for the court to reach its *Daubert* decision and agreed with
> the district court's corresponding refusal to grant the defendant's
> request for a *Daubert* hearing to challenge the plaintiff's proffered
> expert testimony. The *Kumho Tire Court* explained: "The trial
> court must have the same kind of latitude in deciding how to test
> an expert's reliability, and to decide whether or when special
> briefing or other proceedings are needed to investigate reliability
> as it enjoys when it decides whether or not that expert's relevant
> testimony is reliable…"

*Kerrigan, supra* at 633, *quoting Oddi, supra* at 153-4; *Kuhmo Tire, supra* at 119.

Applying theseprinciples in *Kerrigan*, the Court concluded "there is no need to hold a *Daubert* hearing before deciding Defendant's motion," as the record included, as relevant here, the curriculum vitae of the proffered expert, his report detailing his opinions concerning an alleged defect, and a transcript of his deposition. *Kerrigan, supra* at 634. In this case, the record contains the curricula vitae of Kitzes, ECF No. 184-1, Kutchek, ECF No. 184-3, and Drew, ECF No. 184-6; their respective reports, Kitzes, ECF No. 184-2, Kutchek, ECF No. 184-4, and Drew, ECF No. 184-7; and their respective deposition testimony transcripts, Kitzes, ECF No. 154-1,

4

Kutchek, ECF No. 184-5, and Drew, ECF No. 184-8. The record here, as in *Kerrigan,* "clearly lays out [Kitzes, Kutchek, and Drew's] background, training and experience such that this Court can reach a conclusion regarding [their] qualifications, and sufficiently and clearly explicates [their] conclusions and the bases for his opinions such that this Court can judge the reliability of [their] opinions." *Kerrigan, supra* at 634.  As stated, plaintiff has conceded this as well.

It bears further emphasis that in *Kerrigan*, the Court applied these principles, denied the motion to expand the record, then excluded the proffered witness, who purported to opine concerning a proposed warning feature without the requisite engineering and design experience. *See Kerrigan, supra* at 629. Plaintiffs' proffered experts, both of whom admittedly do not possess notebook battery design and engineering experience, should be similarly precluded without further hearing.

Even if the plaintiff had affirmatively argued that his experts' reports were insufficiently explained, or that the foundations for his experts' opinions are inadequately and confusingly explicated, he makes no proffer concerning what, if anything, the experts would add during a testimonial hearing. Plaintiff's failure to make an offer of proof of testimony his experts would offer in further explication of their opinions is not surprising because both Kitzes and Kutchek testified for over two hours at their depositions including  by plaintiff counsel.  If further explication  was needed, presumably, it would have been brought out then.  In fact, Mr. Kitzes expressly testified that he had could add nothing further under questioning by plaintiff counsel himself:

> BY MR. FRIDAY:
> Q. Okay. We're back here. Bill, Mr. Kitzes, did anything that was
> raised in questioning from Counsel today change any of the

> opinions that you expressed in your report in this matter?
> A. No, sir.
> Q. And can you explain for us why not?
> A. Because I just -- in answers to Chris's questions, I just explained what was in my report. Nothing changed.

ECF No. 154-1 at 125. Indeed, as to Kitzes, HP has adduced documentation and sworn testimony establishing that a section of a document entitled "HP Notebook PCs-601 or 60X error displays on a black screen" expressly incorporated, referenced, and relied upon in Kitzes' report, was produced 12 years after the manufacture of the laptop in this lawsuit, and accordingly cannot serve as the reliable basis for any opinion about the laptop in this lawsuit. Plaintiff does not suggest Kitzes would dispute this.

Here, Kitzes was questioned about this document on March 14, 2022. The sole source of his subjective belief that there was technology that would alert someone to a counterfeit battery in 2008 was this document, which Kitzes claimed to have found on HP.com. ECF No. 154-1 at 68-69; ECF No. 112-6 at 15; ECF No. 154-1 at 124. However, as Kitzes himself acknowledged, documents retrieved online could have been published at any time. ECF No. 154-1 at 98-99. And in fact, the document Kitzes relied on was published on September 29, 2020–over ten years after the manufacture of the subject Elitebook 8730w, and three years after the incident giving rise to this lawsuit. ECF No. 154-2 at ¶¶ 6-7. Kitzes also admitted that he did not know the date of manufacture of the Elitebook and thus could not determine if battery authentication was in fact available at that time. ECF No. 154-1 at 64.

Kitzes acknowledged this document could have been published at any time, including after the laptop was manufactured. He took no steps to ascertain the date of publication. And, ultimately, it was published long after the laptop was manufactured. HP has submitted relevant,

admissible, and uncontroverted evidence concerning the publication date of the referenced portion of this document on September 29, 2020. Plaintiff does not even suggest, much less proffer, that Kitzes or any other expert will dispute this. Nor does plaintiff suggest that Kitzes will contravene his prior sworn testimony concerning his opinions in this case.

Plaintiff makes no express arguments concerning his other two experts, Kutchek and Drew, much less the subjects of any possible testimony at a *Daubert* hearing. Instead, Plaintiff, absent any citation, claims that "counsel for HP attempted to use *Conti v. Ford Motor Co*. for the proposition that an expert, in order to prove their methodology and reliability, needed to observe, test, or recreate the at-issue product in order to show the feasibility of a proposed warning system or systems." ECF No. 193 at ¶ 9. HP cited *Conti, supra*, for a single proposition in its motions: that a defendant may be liable in failure-to-warn claims "only when there is sufficient evidence that additional warnings or reminders may have made a difference." ECF No. 150 at 16-17, *quoting Conti v. Ford Motor Co*., 743 F.2d 195, 199 (3d Cir. 1984). Plaintiff acknowledges that this is what the law requires, because he cites this requirement in his motion. *See* ECF No. 193 ¶ 11, *quoting Conti, supra* at 199. Yet, while he acknowledges this requirement, he identifies no evidence adduced by either expert, or to be adduced in a future hearing, concerning the form of potential additional warnings and if they may have made a difference to the plaintiff.

This case has remained a lawsuit in search of a theory of liability. The plaintiff long pursued the theory that an HP battery caused plaintiff's injuries. Plaintiff pursued this theory long after being expressly informed that the battery at issue was not original to the HP product. With the facts foreclosing that theory, and faced with the close of expert discovery, he secured purported experts to opine that the HP notebook had a defective failure to warn, based on patents

and documents produced long after the notebook computer in question. After the lengthy depositions of those purported experts were completed including questioning by plaintiff counsel, HP moved to preclude the reports and testimony of these experts, and the plaintiff opposed the motions. The plaintiff did not file supplemental affidavits by those experts in opposition to summary judgment to expand the record and introduce further testimony. He did not request a testimonial hearing under *Daubert nor* in any of his oppositions, seeking to expand the record and introduce further testimony. *See* ECF Nos. 164, 166, 168.

Only after briefing and argument, when faced with preclusion of his experts and summary judgment against him, with time running out on his claim did plaintiff suddenly request a testimonial *Daubert* hearing.  Then, when directed by this Honorable Court to cite binding authority in support of such a hearing, plaintiff cited precedent showing that no hearing is required where, as here, there is an ample record on which to assess the admissibility of proffered expert evidence, and to preclude it. *See Kerrigan, supra; Oddi, supra; Padillas, supra; Kumho Tire, supra.*  Moreover, in so doing, plaintiff conceded that "plaintiff's experts reports are sufficient on their own." ECF No. 193 at ¶ 12. Under the circumstances of this case, with a robust record before the Court – a record that plaintiff has expressly conceded is "sufficient" – this last minute motion to expand the record should be denied, and the defendant's motions to preclude should be granted. Defendant's motion for summary judgment should also be granted.

/s/ Michael A. Weiner

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com

Christopher G. Betke
*Pro Hac Vice*
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Attorneys for HP, Inc.

**Certificate of Service**

I hereby certify that on November 2, 2022, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Michael A. Weiner
Michael A. Weiner