UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER, Civil Division             No.: 2:17-CV-00154-MRH

          Plaintiff,

vs.

HEWLETT-PACKARD COMPANY.

          Defendant.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO EXPAND THE RECORD AND CONDUCT A TESTIMONIAL *DAUBERT* HEARING**

      Each of plaintiff's experts in this matter, Michael Drew, M.D., FACS, Kenneth W. Kutchek, P.E., and William F. Kitzes, J.D., have prepared reports which lay out the principles and methodology used in reaching their conclusions, as required by both Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc*. 509 U.S. 579 (1993). Plaintiff had maintained that a *Daubert* hearing was not necessary to establish the qualifications, reliability and methodology, and relevance of these experts and their testimony, because the curricula vitae, expert reports, and deposition testimony related to their qualifications and methodology on the record clearly establishes each experts' knowledge, skill, and experience in their respective field. However, plaintiff filed a Motion to Expand the Record and Conduct a Testimonial *Daubert* Hearing, ECF. No. 193, only *if* the Court is inclined to grant defendant's *Daubert* motions. Now, due to defendant's mischaracterization of the plaintiff's experts' qualifications, reliability and methodology in its Response in Opposition, ECF No. 196, plaintiff now believes that a *Daubert* hearing is required.

      Defendant attempts to warp plaintiff's argument to make it appear that Plaintiff's Motion, ECF No. 193, was filed to clarify the experts' qualifications, reliability and methodology. That is

not the argument plaintiff made, or was requested to make by this Court. Rather, as defendant no doubt recalls from oral argument heard on October 12, 2022, this Court asked plaintiff to prepare a Motion to Expand the Record and Conduct a Testimonial *Daubert* Hearing if plaintiff felt a *Daubert* hearing would be helpful to the Court's understanding of the reliability and methodology of plaintiff's experts. At that argument, defendant's counsel questioned the qualifications, reliability and methodology of plaintiff's experts, particularly that of Mr. Kitzes. Prior to this, plaintiff had no reason to request an expansion of the record to hold a *Daubert* hearing, because the admissibility of each of plaintiff's expert reports and testimony, were to plaintiff, clear in the record.

Plaintiff has continuously affirmed that all three of his experts are qualified to testify as an expert due to their individual "knowledge, skill, experience, training, or education," that their methods will help the trier of fact better understand the evidence, that their testimony "is the product of reliable principles and methods," and that they have "reliably applied the principles and methods to the facts of the case," as required under FRE 702.

As defendant has called into question the admissibility of plaintiff's experts', plaintiff conceded in his Motion, ECF No. 193, that, "if the Court believes that the plaintiff's proffered expert testimony and reports are inadequately and insufficiently explained, and therefore unreliable, a *Daubert* hearing must be held to ascertain the reliability of the experts."

In doing so, plaintiff made particular note of a mistaken claim made by the defendant of plaintiff's expert William Kitzes. At oral argument, defendant pointed to a document produced in 2020 by Mr. Kitzes, explaining that HP notebooks had the ability to display warning notifications onscreen when non-HP batteries were in use. ECF. No. 193 at ¶ 8. Defendant attempted to argue that this document was about HP notebooks produced in 2020, presumably because the document

2

was printed in 2020. Now, defendant suggests that because the document was produced 12 years after the manufacture of the notebook laptop at-issue in this case, it cannot be reasonably relied upon. ECF No. 196 at p. 6. Mr. Kitzes reliability is being called into question, seemingly, due to the defendant's misunderstanding of the record. As such, plaintiff now asserts that due to the defendant's mischaracterization of evidence in the record, a *Daubert* hearing is necessary so that any question as to the reliability or methodology used by plaintiff's experts can be clarified.

As already explained in the record, Mr. Kitzes is a Board-Certified Product Safety Manager and Hazard Control Manager who has provided risk assessment and product safety management services to attorneys, corporations and government organizations for the past 30 years. Further, Mr. Kitzes holds an Executive Certificate in Safety Management from the American Society of Safety Engineers and is a member of the Human Factors and Ergonomics Society. Mr. Kitzes also maintains a Certificate in Risk Communication from the Harvard School of Public Health. He has developed on-product warnings and instructions for numerous manufacturers including Swimways Corporation for warnings on children's pools, Daewoo Heavy Industries America Corp., for risk assessment and labeling on heavy machinery, and LM Imports as product safety coordinator, approved under a consent decree with the Consumer Product Safety Commission and the United States Department of Justice. (**Exhibit A**, Declaration of WM. F. Kitzes, J.D., CPSM).

Beyond Mr. Kitzes' academic credentials and relevant experience in the field of on-product warning requirements, he has testified at trial over 130 times on issues including warnings and instructions for product safety, among other product liability issues. (**Exhibit A**). As recently as July 7, 2022, in *Nelson, et al. v. American Honda Motor Co., Inc.*, 2021 WL 2877919 (W.D.Pa., 2021), Judge Baxter of the United States District Court for the Western District of Pennsylvania reviewed Mr. Kitzes qualifications after a *Daubert* hearing was conducted. In a Memorandum

Opinion and Order, 1:18-cv-00210, ECF No. 221, Judge Baxter concluded that Mr. Kitzes was qualified to testify as to warning labels in general, as he met the minimum education, training, and experience requirements. Judge Baxter further noted that Mr. Kitzes methods were reliable, citing precedent explaining that experts need not be scientists or mathematicians, but can satisfy Rule 702 with other specialized knowledge. Finally, Judge Baxter found Mr. Kitzes' testimony to be relevant in that case, and thus denied the defendant's motion to exclude his testimony.

*Nelson* is but one of many cases where Mr. Kitzes' testimony was deemed qualified, reliable, and relevant. In fact, numerous other federal courts have qualified Mr. Kitzes as an expert on a wide range of consumer product safety issues. *See*, *e.g.*, *Schmidt v. Conagra Foods, Inc.*, 2020 WL 7027445 (D. Conn. Nov. 30, 2020); *Schall v. Suzuki Motor Am.*, 2020 WL 1225047 (W.D. Ky. Jan. 12, 2020); *Ruggiero v. Yamaha Motor Corp., USA*, 2017 WL 1197755 (D.N.J. Mar. 31, 2017).

The Court in *Daubert*, "identified the twin concerns of "reliability" . . . and "helpfulness" . . . as the "requirements embodied in Rule 702."" *United States v. Mitchell*, 365 F.3d 215, 234 (3d Cir. 2004). The *Daubert* opinion tasked the trial court with being a gatekeeper to ensure that expert testimony is based on a reliable foundation and is relevant to the issues in the case. *Daubert*, 509 U.S. at 590. This gatekeeping function requires an assessment by the district court of "whether the reasoning or methodology underlying the testimony is scientifically valid" as well as "whether that reasoning or methodology properly can be applied to the facts in issue." *Id*. at 592-93. After the Supreme Court's decision in *Daubert*, the Third Circuit elaborated that the party seeking to introduce expert testimony must demonstrate, "(1) the expert's qualifications, (2) the reliability of the proffered testimony, and (3) the fitness of the testimony, that is, the connection between the opinions and the issues in the case. *Santiago v. Walmart*, 2019 WL 5103106, at 2 (W.D. Pa. 2019)

(citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741-43 (3d Cir. 1994)).

The first prong, qualifications, requires, at minimum, "specialized knowledge" to testify as an expert. *In re Paoli*, 35 F.3d at 741. To satisfy the second prong, reliability, the proffered expert's opinions "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" *Id.* at 742. Finally, the third prong, relevance, is satisfied if the expert's testimony will aid or assist the jury resolving a fact at issue. *See*, *Meadows v. Anchor Longwall & Rebuild, Inc.*, 306 Fed. App'x 781, 790 (3d Cir. 2009)*; Lauria v. National Railroad Passenger Corp.*, 145 F.3d 593, 600 (3d Cir. 1998).

However, the trial court does not have unfettered authority to exclude experts. The Third Circuit has explained that *Daubert* should be liberally construed to allow the admissibility of expert testimony. *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). In fact, exclusion of expert testimony is the exception to the rule, because "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Keller v. Feasterville Family Health Care Ctr.*, 557 F. Supp. 2d 671, 674, (E.D. Pa. 2008).

Further, the Third Circuit's "liberal policy" regarding Rule 702 admissibility, "extends to the substantive as well as the formal qualification of experts. We have eschewed imposing overly rigorous requirements of expertise and have been satisfied with more generalized qualifications." *In re Paoli*, 35 F.3d at 741. There, the Third Circuit cites two examples of allowing an expert to testify with generalized qualifications rather than imposing, "overly rigorous requirements of expertise. *Id.* at 741. First, in *Hammond v. International Harvester Co.*, 691 F.2d 464, 652-53 (3d Cir. 1982), the Court allowed an engineer, whose only qualifications were automobile sales, agriculture sales, and teaching high school automobile repair, to testify as an expert in a tractor

5

products liability case. Second, in *Knight v. Otis Elevator Co.*, 596 F.2d 84, 87–88 (3d Cir.1979), the Court allowed an expert engineer to testify as to the design defect of unguarded elevator buttons, even though that expert had no background in the design or manufacture of elevators.

In its Response brief, ECF. No. 195, defendant can point to only one item in the record that calls into question Mr. Kitzes reliability, the 2020 document discussed above, and Mr. Kitzes' deposition testimony regarding that document. In a deposition that lasted over two hours, the defendant can point to only a few lines of testimony that, "documents retrieved online could have been published anytime", and that the document referred to above was published, "over ten years after the manufacture of the subject Elitebook 8730w, and three years after the incident giving rise to this lawsuit." ECF No. 196 at p. 6. However, as presented more thoroughly in **Exhibit A**, Mr. Kitzes is qualified to testify as a witness in this case, and the reliability of the methodology he used satisfied the standard in the Third Circuit. For example, Mr. Kitzes' expert report gives an analysis of defendant's experience with notebook battery fires, that defendant had knowledge that the use of non-HP batteries could be dangerous, and that defendant had the technology available at the time to warn users of the risk of using non-HP batteries. Mr. Kitzes came to these conclusions using reliable methods of the industry, including internet research. Finally, his testimony regarding the above will clearly be relevant to the factual issue in this case, whether defendant should have provided a warning to its users, thus satisfying all three elements.

As plaintiff has reiterated throughout this lawsuit, the qualifications, reliability and relevance of each of plaintiff's expert witnesses is clear in the record, and their respective expert reports and testimony should be allowed into evidence under this Court's precedent of liberally interpreting Rule 702 for the introduction of expert testimony. However, due to the defendant's questioning of plaintiff's experts' qualification, reliability, and relevance, particularly that of Mr.

6

Kitzes, plaintiff believes that a *Daubert* hearing is required, so that this Honorable Court may make the qualification, reliability, and relevance determinations of plaintiff's expert witnesses.

Respectfully submitted,

FRIDAY & COX LLC

  */s/ Joshua S. Licata*
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa. I.D. # 318783
jlicata@fridaylaw.com

Brian D. Cox, Esquire
Pa I.D. # 69238
bcox@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 10, 2022, that a copy of the foregoing ***PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO EXPAND THE RECORD AND CONDUCT A TESTIMONIAL DAUBERT HEARING*** was served upon the following via the Court's CM/ECF system:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com

Christopher G. Betke, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
cbetke@coughlinbetke.com

*/s/ Joshua S. Licata*
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Joshua S. Licata, Esquire
Pa. I.D. # 318783
jlicata@fridaylaw.com

Brian D. Cox, Esquire
Pa. I.D. # 69238
bcox@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA 15216
Phone: (412) 561-4290
*Counsel for Plaintiff*