UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                                                No.: 2:17-CV-00154-MRH

        Plaintiff,

    vs.

HEWLETT-PACKARD COMPANY.

        Defendant.

**PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT AND RENEWED MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM WILLIAM F. KITZES, J.D.**

Plaintiff, Thomas Power, by and through his attorneys, Peter D. Friday, Esquire, Brian D. Cox, Esquire and Friday & Cox, LLC, files the within Reply Brief in Opposition to Defendants Renewed Motion for Summary Judgment and Renewed Motion in Limine to Preclude Testimony from William F. Kitzes, J.D. and avers as follows:

**ARGUMENT**

I.    **Defendant's renewed motion for summary judgment and renewed motion in limine to preclude testimony from William Kitzes must be denied as the methodology underlying Kitzes' opinion was reliable and there exists a genuine issue of material fact as to whether the contents of the at-issue document postdated the manufacture of the at-issue computer by over ten years.**

Defendant erroneously maintains that "the sole source of Kitzes' opinion about the existence of pop-up technology was a document the contents of which postdate the manufacture of the at-issue computer by over ten years, so his methodology was unreliable." ECF No. 207, at 2. As such, defendant improperly concludes that the motion in limine to preclude testimony from Kitzes should be granted. ECF No. 207, at 4. Plaintiff maintains, however, that defendant, in finding that the contents of the document entitled *HP Notebook PCs – 601 or 60X Error Displays*

*on a Black Screen* postdated the manufacture of the at-issue computer by over ten years, failed to consider seventeen versions of the aforementioned document which precede the earliest version previewed by Wesley Dale, Version 11.0. As such, plaintiff maintains that defendant has failed to affirmatively show that the contents of the at-issue document, including the '605' error feature, did not exist in any prior version of the document and thus, defendant has failed to show that the methodology employed by Kitzes in reaching his opinion regarding the existence of pop-up technology was unreliable.

In support of defendant's position that the at-issue document postdated the manufacture of the at-issue computer by over ten years, defendant relies wholly on the affidavit of HP's Computing Operations Lead, Wesley Dale. The affidavit provides that Dale "personally accessed the document history of the HP.com document entitled 'HP Notebook PC's -601 or 60X Error Displays on a Black Screen' in Concentra, HP's content management system," to which Dale has personal access as Computing Operations Lead.  Exhibit 1, at ¶8. A printout of the document history, consisting of over eighty-five pages and twenty different document versions, was attached to the affidavit. *Id.*  The affidavit provides that "…version number changes indicate that the document content has changed." *Id*., at ¶11. Additionally, the affidavit provides that Dale "personally accessed Versions 11.0, 12.0, and 13.0 of the HP.com document. *Id*., at ¶12.

In detailing the methods used in dating of the at-issue document and its contents, the affidavit states that "based on my personal review, comparing this version [12.0] with the immediately prior version [11.0], Version 12.0 is the first version to contain the '605' error reference." *Id.*, ¶12(b)(ii). It should be reiterated however, that the document history attached to the affidavit of Wesley Dale consisted of twenty versions[1] of the at-issue document, seventeen of

---

[1] The document history attached to the affidavit of Wesley Dale consisted of the following versions of the at-issue document: 1.0, 1.1, 1.2, 2.0, 2.1, 3.0, 4.0, 4.1, 5.0, 6.0, 7.0, 8.0, 8.1, 8.2, 9.0, 10.0, 10.1, 11.0, 12.0, 13.0.

which defendant neither attached to the affidavit nor indicated that they were considered in concluding that Version 12.0 was the first version to contain the '605' reference.  It should be further noted that the earliest of such document versions was dated April 25, 2008. *Id.,* at 91.

Irrespective of the fact that defendant failed to consider seventeen versions of the aforementioned document in reaching its conclusion, the Third Circuit has made clear that the trial court does not have unfettered authority to exclude experts, rather, *Daubert* should be liberally construed to allow for the admissibility of expert testimony. *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). In fact, exclusion of expert testimony is the exception to the rule, because "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Keller v. Feasterville Family Health Care Ctr.*, 557 F. Supp. 2d 671, 674, (E.D. Pa. 2008).

Here, the methodology underlying Kitzes opinion pertaining to the existence of pop-up technology satisfies the standard of reliability in the Third Circuit as Kitzes reached his conclusion in this regard, as well as others outlined in his expert report using reliable methods of the industry, including internet research. Moreover, the fact each of the documents previewed by Dale, including Version 12.0 – which defendant claims to be the first to include the '605' reference – explicitly state, at the top of the page in bold font,  that "[t]his document pertains to HP notebook computers with HP Unified Extensible Firmware Interface (UEFI) beginning in late 2008" justifies Kitzes' reliance on the document in reasoning that the document's contents pertained to HP notebook computers with UEFI in existence as of late 2008, including, but not limited to, the subject computer. *Id.*, at 93, 98 and 105.

As previously cited by this Court, "a process is reliable if it is based on 'good grounds,'

that is if it is 'based on the methods and procedures of science rather than on subjective belief and unsupported speculation." ECF No. 201, at 13 (*citing In re Paoli,* 35 F.3d at 741-43 (citations omitted)). Here, where Kitzes engaged in use of reliable methods of the industry, including internet research, and where the HP.com document explicitly states, at the top of the page in bold font, that its contents pertained to HP notebook computers with UEFI in existence as of late 2008, it cannot reasonably be found that Kitzes' opinions were the product of subjective belief, unsupported speculation, or otherwise unreliable methodology.

For the reasons set forth above, plaintiff respectfully requests that this Honorable Court deny defendant's motion in limine to preclude testimony from Kitzes regarding the existence of pop-up technology. Additionally, plaintiff respectfully requests that this Honorable Court deny defendant's renewed motion for summary judgment as it is clear from the facts outlined above that there exists a genuine issue of material fact as to whether the contents of the at-issue document postdated the manufacture of the at-issue computer by over ten years.

## II.     Plaintiff's expert evidence is more than sufficient to support a finding of a failure to warn defect and of causation.

Defendant further maintains that "[b]ecause the plaintiff's expert witnesses are unreliable, there is no expert evidence of a failure to warn defect or causation, and the plaintiff's product liability claims fail as a matter of law." ECF No. 207, at 4. In making the aforementioned argument, however, defendant prematurely discounts the testimony of Kitzes, distorts the scope of testimony available from plaintiff's other expert witness, Kenneth Kutchek, PE., and misrepresents plaintiff's claim as one being entirely premised upon the existence or use of pop-up technology, *Id.* Plaintiff maintains, however, that despite defendant's contentions, there exists ample expert evidence to support the finding of a failure to warn defect and of causation so as to permit plaintiff's recovery.

Contrary to defendant's position, the incontrovertible facts of the record establish that

plaintiff's expert witness, Kenneth Kutchek, PE will be permitted to testify as to opinions 3, 5 and 9 of his expert report, unless (1) plaintiff demonstrates that any of the other numbered findings listed in Kutchek's report are within Kutchek's personal knowledge; (2) those "findings" have otherwise been admitted into evidence and were appropriately relied upon by Kutchek in forming the opinions that he is permitted to offer; or (3) Kutchek testifies that he relied upon those "findings" in forming the opinions to which he is permitted to testify, doing so was legally proper, and plaintiff shows that the probative value of their disclosure substantially outweighs the resulting prejudicial effect. ECF No. 201, at 17. Kutchek is specifically permitted to testify that: HP could not ensure any safety protections, testing and quality control for non-approved battery packs, which created a risk for its notebook users; This combination of hazard and risk created an unreasonably dangerous condition and Power's exposure to this dangerous condition was a cause of his injury; and had HP prevented the use of non-HP approved battery packs, this incident would have been prevented. *See* Exhibit 2, at 16.

In addition to the testimony available from Kutchek, this Court has denied defendant's motion to preclude Kitzes' testimony, with such denial being without prejudice only as to defendant's argument regarding the unreliability of the methodology underlying Kitzes' opinion that the technology existed to provide pop-up authentication warnings. ECF No. 201, at 23. This Court has further held that "Kitzes' opinions on the question of what warnings HP should have given are admissible unless otherwise noted." *Id.*, at 22. As such, Kitzes is permitted to testify that: (1) HP failed to act as a reasonably prudent manufacturer to adequately protect computer users from severe burn injuries associated with the foreseeable use of their laptop/notebook computers; (2) HP failed to warn HP notebook owners of the dangers of fire, burns and explosions associated with HP's belief that "non-compatible" replacement battery backs create "potential safety issues;"

(3) HP never clearly identified which battery packs were not compatible; and (4) that there is no readily available evidence that HP took corrective steps to assist users in selecting only HP approved replacement or "spare" battery packs. *See* Exhibit 3, at 12-13. Additionally, should this court find in favor of plaintiff in regard to defendant's renewed motion in limine, Kitzes will be permitted to testify that by late 2008, HP developed a battery authentication system for certain laptops to identify "counterfeit" battery packs, yet the subject computer did not include such system. *Id.*

Accordingly, defendant's argument that plaintiff's product liability claim must fail as a matter of law is without merit as there exists ample expert evidence of a failure to warn defect and causation as set forth at length above. As such, plaintiff respectfully requests that this Honorable Court deny defendant's renewed motion for summary judgment as plaintiff's expert evidence is more than sufficient to support a finding of a failure to warn defect and of causation.

**III.    There exists, within the record, ample evidence of a failure to warn defect and of causation so as to necessitate the denial of defendant's renewed motion for summary judgment.**

Defendant concludes its argument by erroneously asserting that "with plaintiff's expert testimony concerning battery authentication and the alleged failure to warn defect precluded, there only remains the fact that HP gave multiple warnings to only use HP-approved battery packs… which is dispositive of plaintiff's failure to warn claim as a matter of law." ECF No. 207, at 5. Defendant further improperly maintains that plaintiff has failed to show that the provision of adequate warnings would have made a difference. *Id.* at 6.

Plaintiff maintains however, the facts of the record provide that the at-issue computer was "…shipped with a warning on the battery pack that read 'replace with HP Spares,'" ECF No. 201, at 3, yet HP never clearly identified which battery packs were compatible "HP Spares" and which

were not. Exhibit 3, at 13. Moreover, many aftermarket battery packs were advertised and promoted as HP replacement batteries or HP "spares." *Id.* Additionally, any further warnings given by HP failed to apprise users of the dangers associated with the use of "non-compatible" replacement battery packs. Specifically, HP never warned users that the "non-compatible" battery packs would increase the risk of fire and explosion, despite its knowledge of numerous incidents involving batteries overheating, melting, charring and causing fires in HP notebooks. *Id.,* at 12. Further, expert testimony of Kenneth Kutchek, PE, establishes that had HP prevented the use of non-HP approved battery packs, via adequate warnings, this incident would have been prevented. *See* Exhibit 2, at 16.  As such, plaintiff respectfully requests that this Honorable Court deny defendant's renewed motion for summary judgment as there exists, within the record, ample evidence of a failure to warn defect and of causation so as to permit plaintiff's recovery.

## CONCLUSION

For the foregoing reasons, and those set forth in plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and plaintiff's Memorandum of Law in Oppositions to Defendant's Motion to Exclude Testimony of William Kitzes, plaintiff respectfully requests that this Honorable Court deny defendant's Renewed Motion for Summary Judgment and Renewed Motion in Limine to Preclude Testimony from William F. Kitzes, J.D. in its entirety.

Respectfully submitted,

FRIDAY & COX LLC


*/s/Peter D. Friday*
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Brian D. Cox, Esquire
Pa I.D. # 69238
bcox@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 11, 2023, that a copy of the foregoing

***PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO DEFENDANT'S RENEWED***

***MOTION FOR SUMMARY JUDGMENT AND RENEWED MOTION IN LIMINE TO***

***PRECLUDE TESTIMONY FROM WILLIAM F. KITZES, J.D.*** was served upon the following

via the Court's CM/ECF system:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com

Christopher G. Betke, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
cbetke@coughlinbetke.com

*/s/Peter D. Friday____*
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

Brian D. Cox, Esquire
Pa. I.D. # 69238
bcox@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*