**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THOMAS POWER,
*Plaintiff*,
v.
HEWLETT-PACKARD COMPANY,
*Defendant*.

Civil Division
Docket No. 2:17-CV-00154-MRH

Hon. Mark R. Hornak
July 25, 2023

**REPLY BRIEF SUPPLEMENTING MOTION FOR SUMMARY JUDGMENT AND RENEWING MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM WILLIAM F. KITZES, J.D.**

This Court has stated: "[I]f the sole source of Kitzes' opinion about the existence of pop-up technology was a document whose contents, as relevant here and as indicated by uncontroverted evidence, postdate the manufacture of the at-issue computer by twelve years—then the Court would likely determine that the methodology underlying opinion in Kitzes' report was unreliable and prevent him from testifying as to it." ECF No. 201 at 20. Defendant HP Inc. ("HP") has now introduced uncontroverted evidence that the version of the document, *HP Notebook PCs - 601 or 60X Error Displays on a Black Screen*, containing a '605' error reference and relied upon by plaintiff's expert Kitzes, was published on September 29, 2020, twelve years after the at-issue computer's manufacture. ECF No. 207-1, ¶¶ 13, 15. His testimony concerning the '605' error and battery authentication warnings should be precluded. With plaintiff's expert Kutchek already precluded from offering an opinion concerning battery authentication warnings, there is no remaining expert or other evidence that the at-issue Elitebook 8730w was not safe for use if the warnings provided therewith were followed. There is no evidence the Elitebook 8730w was in defective condition, nor was it unreasonably dangerous. There is no genuine issue of material fact. The motion for summary judgment should be granted.

## ARGUMENT

**I. There is no genuine issue of material fact concerning a battery authentication failure to warn.**

On April 26, 2023, when the Court granted leave to HP to file a memorandum supplementing its Motion for Summary Judgment and renewing its Motion in Limine to Preclude Testimony from William F. Kitzes, J.D. as to the issue of the reliability of the methodology underlying Kitzes' opinion regarding the availability of pop-up authentication warnings, the Court further ordered that "[w]ithin fourteen (14) days of the filing of Defendant's Memorandum, Plaintiff shall file a Notice on the docket stating whether Plaintiff will take the deposition of the affiant of any affidavit submitted with Defendant's Memorandum." ECF No. 206. The plaintiff never filed a notice on the docket stating whether he would take the deposition of affiant Dale to inquire as to his personal knowledge or demand production of documents concerning the publication on September 29, 2020 for the first time of the '605' alert in version 12 of the document, *HP Notebook PCs - 601 or 60X Error Displays on a Black Screen*, on which Kitzes relied. Plaintiff did not otherwise attempt to impeach or contradict Dale's sworn testimony. The plaintiff has never adduced any contrary evidence showing that the documentation of this '605' error alert was published at any earlier time.

Instead, 49 days later, with an untimely opposition, plaintiff raises a single irrelevant and non-substantive objection to the facts established in Dale's affidavit: Dale reviewed the four most recent versions of the document to determine when the '605' error reference was first included, instead of all the versions dating back to 2008. ECF No. 211 at 2. It bears emphasis that Dale compared versions 11, 12 and 13 to prior versions, and concluded that version 11 was the last

version without the ‘605’ reference included, while version 12 was the first version with the ‘605’ reference included. ECF No. 207-1 at ¶ 12. As a result, it is uncontroverted that the ‘605’ reference was not included in the prior versions, and was included in the subsequent versions. No legitimate argument to the contrary can be made.

The plaintiff identifies no genuine dispute here concerning the material facts set forth in Dale’s testimony, but merely suggests, against evidence, that Dale’s testimony does not establish the ‘605’ error feature “did not exist in any prior version of the document.” ECF No. 211 at 2. That is, this argument elides Dale’s sworn affidavit that “updates to HP.com product documentation concerning new Error Displays, including updates to the “HP Notebook PCs - 601 or 60X Error Displays on a Black Screen”, would be made within a period of months of the corresponding introduction of that new Error Display feature to HP PC products.” ECF No. 207-1 at ¶ 14. Thus, the uncontroverted evidence shows that the ‘605’ error alert would have been published as an update to the document *HP Notebook PCs - 601 or 60X Error Displays on a Black Screen* within months of the introduction of that feature to HP PC products–and that this update was made September 29, 2020, not at an earlier time. ECF No. 207-1 at ¶ 15.

Indeed, Kitzes himself acknowledged, the document he retrieved online could have been published at any time, including after the manufacture of the Elitebook in this case. ECF No. 154-1 at 98-99. At this stage, the evidentiary record is indisputable, and without challenge from the plaintiff. It shows that the ‘605’ error alert upon which Kitzes relies was published more than a decade after the manufacture of the Elitebook in this case. The Court should therefore “determine that the methodology underlying opinion in Kitzes’ report was unreliable and prevent him from testifying as to it.” ECF No. 201 at 20.

Finally, a dispute is only genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 257 (1986). With HP having established the absence of a genuine issue as to material fact concerning battery authentication warnings concerning both plaintiff's expert witnesses, the plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The plaintiff cannot do so here. The motion for summary judgment must be granted.

**II. There is no genuine issue of material fact concerning any other failure to warn.**

The Court is aware of the plaintiff's "flexible" claims in this case. The plaintiff first vociferously argued that the notebook battery was original to the notebook and that it was defectively designed and manufactured HP -- notwithstanding expert evidence establishing the contrary. Then, the plaintiff conceded that the battery was manufactured by a third party, but argued the notebook had a failure to warn defect because it did not display battery authentication alerts. *See* ECF No. ECF No. 182 at 5 ("Kitzes and Kutchek both explain that defendant failed to warn users in real time of the danger in using non-HP approved battery packs.").

Kutchek has been precluded from testifying concerning "the existence or use of pop-up authentication technology or offer any opinion that relies upon the existence (or not) or use of such technology," ECF No. 201 at 17. In turn, as stated herein, Kitzes should be precluded from testifying concerning the same. Thus, there is no genuine issue of material fact concerning plaintiff's battery authentication failure to warn, and summary judgment should be granted as a matter of law. Plaintiff's insistence that his expert's remaining testimony establishes some other failure to warn defect is without merit.

As noted by the Court, the notebook in this case "was shipped with a warning on the battery pack that read *Replace with HP Spares*" and "product documentation provided to end users and made available to the public at large on HP.com included a warning that stated: "⚠WARNING! To reduce potential safety issues, use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP." ECF No. 201 at 2-3. Kutchek, however, is not permitted to testify concerning warnings in this case **at all**. *See* ECF No. 211 at 4 (reciting Kutchek's areas of permitted testimony). Kutchek's testimony creates no genuine issue of material fact concerning any failure to warn defect.

Equally, Kitzes' only permitted testimony on the notebook warnings concerns his opinion that the product warnings, which warned users to only use the battery original to the computer or a replacement provided by or purchased from HP in order to reduce potential safety issues, "never warned users that use of non-compatible battery packs could increase the risk of fire and explosion." *See* ECF No. 211 at 5-6. However, this opinion does not evidence that the warnings provided were inadequate as a matter of law, nor does it create a genuine issue of material fact. *See Dziedzic v United Rentals, Inc.,* 2022 US Dist LEXIS 51347, at *16-17 (M.D. Pa. Mar. 22, 2022) (Brann, J.) (rejecting expert opinion concerning adequacy of warnings as creating genuine issue of material fact). First, there is no genuine dispute that the warnings were given. *See* ECF No. 201 at 2-3. Second, there is no genuine dispute that the given warnings would have prevented the accident if followed, and were therefore adequate. Specifically, plaintiff does not and cannot argue that the accident would have occurred even if he used only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP. Thus, there is no genuine dispute of material fact concerning a failure to warn defect;

summary judgment should enter against the plaintiff. *See Dziedzic, supra* at n.74, *citing Chandler v. L'Oreal USA, Inc.,* 774 F. App'x 752, 754 (3d Cir. 2019) (affirming summary judgment in defendant's favor on failure-to-warn claim where adequate warning would have prevented harm if followed); *Carr v. Gillis Associated Indus., Inc.,* 227 F. App'x 172, 175-76 (3d Cir. 2007) (same)*; Mackowick v. Westinghouse Elec. Corp.,* 525 Pa. 52 (1990) (same).

**III. There is no genuine issue of material fact concerning causation.**

Plaintiff continues to misapprehend that the failure of his experts or other evidence to establish that a different or additional warning would have prevented this accident is fatal to his claim. ECF No. 211 at 8-9. Plaintiff points to the opinions of his experts, but does not identify any opinion–or any other record evidence–that different, additional, or more conspicuous warnings to this plaintiff would have prevented ***this*** accident. Plaintiff "does not allege that additional or more conspicuous warnings would have changed [plaintiff's] behavior or reduced or prevented the incident." *Yoder v. Sportsman's Guide, Inc*., 2015 U.S. Dist. LEXIS 153094, at *27 (W.D. Pa. Nov. 12, 2015) (McVerry, J.) (granting summary judgment). After all, plaintiff's experts both testified that they did not know if the plaintiff even needed an additional warning, much less what warnings he had received. ECF No. 152-4 at 27; ECF No. 152-3 at 58-9. Plaintiff has not adduced any evidence that additional warnings would have prevented the accident, or that he would have read and followed any additional warnings. *Dziedzic, supra* at *15; *see also White v. Home Depot, Inc*., 2018 U.S. Dist. LEXIS 79694 (W.D. Pa. May 10, 2018) (Leeson, J.) (same); *Nelson v. Am. Honda Motor Co.,* 2021 U.S. Dist. LEXIS 93503, at *17 (W.D. Pa. May 17, 2021) (Lanzillo, J.) (rejecting Kitzes' testimony) (same), *citing Chandler v. L'Oreal USA, Inc*., 340 F. Supp. 3d 551, 562 (W.D. Pa. 2018), *aff'd*, 774 Fed. Appx. 752 (3d Cit.

2019) (same); *Conti v. Ford Motor Co*., 743 F.2d 195, 199 (3d Cir. 1984) ("a defendant may be liable in failure-to-warn claims 'only when there is sufficient evidence that additional warnings or reminders may have made a difference.").

Thus, insofar as plaintiff's experts opine that additional unspecified warnings "would have prevented the accident, that opinion is unsubstantiated and therefore fails to create a genuine issue of material fact. In sum, there is no record evidence to support a reasonable inference that the existence of additional warnings would have prevented this accident." *Dziedzic, supra* at *15. Summary judgment should accordingly be granted. *Id.*

**CONCLUSION**

The uncontroverted evidence here, shows that Kitzes' testimony concerning battery authentication should be precluded, consistent with the Court's prior ruling. ECF No. 201. The plaintiff, who declined to depose or otherwise pursue any inquiry into HP's affiant Dale who established that Kitzes' formed his opinions in mistaken reliance on a post-dated document, has not identified any genuine issue of material fact concerning Dale's testimony, or concerning the existence of battery authentication. With plaintiff's expert Kutchek already precluded from testifying about authentication, the preclusion of Kitzes forecloses this claim, and summary judgment should enter as a matter of law. As plaintiff now concedes that the battery pack is a foreign product, neither produced nor approved by HP, and as plaintiff has failed to adduce any proper evidence with regard to battery authentication as set forth above, plaintiff has yet again been forced to change his theory of liability at the eleventh hour. Plaintiff is left with only the unsupported claim that the warnings given were somehow, in some unspecified way, inadequate– but this claim too fails, where plaintiff does not dispute the accident would not have happened

had the given warnings been heeded, and where there is no evidence that a different warning would have changed any outcome in this case. The renewed motion to preclude Kitzes and for summary judgment should be granted.

Respectfully submitted:

/s/ Christopher G. Betke

Christopher G. Betke
*Pro Hac Vice*
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com

Attorneys for HP, Inc.

**Certificate of Service**

I hereby certify that on July 25, 2023, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Christopher G. Betke
Christopher G. Betke