UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,

           Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

           Defendant.

No.: 2:17-CV-00154-MRH

**PLAINTIFF'S SUPPLEMENTAL BRIEFING ON THE AMENDMENT TO FEDERAL RULE OF EVIDENCE 702 AND ITS IMPACT ON THE PENDING MOTIONS**

AND NOW, Plaintiff, Thomas Power, by and through his attorneys, Peter D. Friday, Esquire, Brian D. Cox, Esquire, and Friday & Cox LLC, files the within Supplemental Briefing on the Amendment to Federal Rule of Evidence 702 and its Impact on the Pending Motions.

Currently pending before the Court are Defendant Hewlett-Packard, Inc.'s ("HP") Renewed Motion for Summary Judgment (ECF Nos. 143, 207) and Renewed Motion in Limine to Preclude Testimony from William F. Kitzes, J.D. (ECF Nos. 142, 207). The Court heard argument on the initial Motion in Limine on October 12, 2022, and it thereafter denied the Motion by Opinion dated March 3, 2023. ECF No. 201. Defendant filed its Renewed Motion in Limine on July 11, 2023, and is limited only to the issue of the reliability of the methodology underlying Kitzes's opinion regarding the availability of pop up authentication warnings. *See* ECF Nos. 206, 207. While the Motions were pending, an amendment to Rule 702 of the Federal Rules of Evidence became effective on December 1, 2023. The Court ordered the parties to provide supplemental briefing on the issue of how this amendment should impact the Court's consideration of the pending motions. For the reasons detailed herein, the Renewed Motion in Limine should be denied notwithstanding the amendment to Rule 702.

A. **The Changes to Rule 702**

Rule 702 of the Federal Rules of Evidence provides the legal standard for evaluating and admitting expert testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The amended text of Rule 702 reads as follows (amended text italicized and in bold):

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise ***if the proponent demonstrates to the court that it is more likely than not that***:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) ***the expert's opinion reflects a reliable application of*** the principles and methods to the facts of the case.

Fed. R. Evid. 702 (eff. Dec. 1, 2023). The material differences in the amended version of the rule and the previous version are as follows: (1) expert testimony is no longer to be considered presumably admissible by courts, but subject to the preponderance of the evidence standard; and (2) an emphasis on the court's responsibility to pass judgment on the conclusion the expert has drawn from the methodology, not just the methodology employed.

1. **The proponent of a qualified expert's testimony must show, by a preponderance of the evidence, that the testimony meets the requirements of the Rule.**

The first change to Rule 702 was the addition of the text "if the proponent demonstrates to the court that it is more likely than not that. . . ." This text provides a specific burden of proof by which the proponent must demonstrate the reliability of her expert's testimony. The phrase "more likely than not" has generally been equivocated with the "preponderance of the evidence" standard. *See generally Doe v. Princeton Univ.*, 30 F.4th 335, 347 (3d Cir. 2022) (*quoting Greenwich*

*Collieries v. Dir., Off. of Workers' Comp. Programs*, 990 F.2d 730, 736 (3d Cir. 1993)) ("[A] party proves a fact by a preponderance of the evidence when he proves that the fact's existence is more likely than not.").

No explicit burden of proof existed within the text of the prior version of the Rule; rather, courts were given wide latitude of discretion in determining reliability. As the United States Supreme Court has stated, "[t]he *Daubert* factors do not constitute a definitive checklist or test . . . and the gatekeeping inquiry must be tied to the particular facts. . . . Those factors may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 138 (1999). In promulgating the Rule 702 amendment, the Committee on Rules of Practice and Procedure of the Judicial Conference ("the Committee") noted that many courts have incorrectly determined that the reliability requirements of Rule 702 go towards weight of the evidence. The Committee clarified that the admissibility requirement of Rule 104(a) is applied to expert opinions under Rule 702. This association was present in *Daubert*, but the case was exclusively applied to scientific testimony until the Supreme Court's decision in *Kumho Tire*, *supra*; however, *Kumho Tire* did not explicitly discuss the applicability of Rule 104(a)'s admissibility requirement to all experts. This essentially created confusion amongst the courts, but the amendment brings the text of the Rule in line with *Daubert* and the admissibility standard for other evidentiary determinations. *See* Report to the Standing Committee, p. 6, attached as Exhibit 1.

However, the clarification of the Rule's burden of proof does not materially affect this Court's analysis of *Daubert* issues – one year after the *Daubert* decision, the United States Court of Appeals for the Third Circuit clarified that the standard for reliability determinations is

3

preponderance of the evidence, and that standard is still applicable today. *In re Paoli R.R. Yard PCB Litigation (Paoli II)*, 35 F.3d 717, 744 (3d Cir. 1994).

2. **The court must focus on the expert's opinion, and must find that the opinion actually proceeds from a reliable application of the methodology.**

The prior language of section (d) of the Rule stated, "the *expert has reliably applied* the principles and methods to the facts of the case." This language tends to deemphasize the expert's opinion and focuses more on the methodology. The amendment changes the language to provide a greater emphasis on the expert's opinion and whether it reflects a reasonable application of principles and methods. This is consistent with *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), in which the Supreme Court declared that a trial court must consider the expert's methodology *and* conclusion.

This amendment clarifies that there should be independent determinations of reliability of both the expert's conclusion and her methodology. The Committee elaborated on this provision, stating "each expert opinion must stay within the bounds of what can be concluded by a reliable application of the expert's basis and methodology." Fed. R. Evid. 702, Advisory Committee Notes, 2023 Amendments. This speaks to the courts' gatekeeping role, as jurors may be unable to determine if an expert's conclusion goes beyond what her methodology could support. *Id.*

B. **Notwithstanding the amendment to Rule 702, HP's Renewed Motion in Limine and the Motion for Summary Judgment should be denied.**

The Committee Note specifically states that "nothing in the amendment imposes any new, specific procedures." *Id.* This amendment serves to clarify the intention that the admissibility requirements of Rule 104(a) are appropriately applied to experts under Rule 702. When this Court denied the first Motion in Limine, it discussed and applied the appropriate burden of proof, as the Third Circuit made clear after *Daubert* that a preponderance standard applies to expert

4

admissibility. ECF No. 201 at p. 5. Upon consideration of the Renewed Motion, the Court should find that Plaintiff has established the admissibility of Kitzes's testimony and the reliability of his methodology by a preponderance of the evidence, and the Motion in Limine should be denied.

The Defendant's Summary Judgment argument hinges upon the grant of the Motion in Limine to preclude William Kitzes's testimony. As discussed herein, Kitzes's testimony should be admitted, which supports Plaintiff's failure to warn claim. With reference to Plaintiff's Reply Brief, Plaintiff submits that both technical experts – Kitzes and Kutchek -- provide the evidence and opinions necessary to demonstrate the presence of a genuine issue of material fact, thus requiring the denial of the Motion for Summary Judgment.

## **CONCLUSION**

For these reasons, and the reasons contained within Plaintiff's Memoranda of Law in Opposition to Defendants Motion for Summary Judgment and to Defendant's Motion to Exclude Testimony of William Kitzes, as well as his Reply Brief in Opposition to the Renewed Motions, Plaintiff respectfully requests this Court deny the Defendant's Renewed Motion in Limine to Preclude Testimony from William F. Kitzes, J.D., and the Renewed Motion for Summary Judgment.

Respectfully submitted,

Date: January 4, 2024

By: */s/ Peter D. Friday*
Peter D. Friday, Esquire
PA I.D. # 48746

Brian D. Cox, Esquire
PA I.D. # 69238

*Counsel for Plaintiff*

**Friday & Cox, LLC**
1405 McFarland Road
Pittsburgh, PA 15206
Phone: (412) 561-4290
Fax:     (412) 561-4291
*pfriday@fridaylaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, a copy of the foregoing ***PLAINTIFF'S SUPPLEMENTAL BRIEFING ON THE AMENDMENT TO FEDERAL RULE OF EVIDENCE 702 AND ITS IMPACT ON THE PENDING MOTIONS*** was electronically served via the CM/ECF system upon the following:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com

Christopher G. Betke, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
cbetke@coughlinbetke.com

Respectfully submitted,

By: */s/ Peter D. Friday*_____
Peter D. Friday, Esquire
PA I.D. # 48746

Brian D. Cox, Esquire
PA I.D. #69238
*Counsel for Plaintiff*

**Friday & Cox, LLC**
1405 McFarland Road
Pittsburgh, PA 15206
Phone: (412) 561-4290
Fax:    (412) 561-4291
*pfriday@fridaylaw.com*