## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                                    Civil Division
      *Plaintiff*,                           Docket No. 2:17-CV-00154-MRH
v.

HEWLETT-PACKARD COMPANY,              Hon. Mark R. Hornak
      *Defendant*.                          January 17, 2024

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND RENEWED MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM WILLIAM F. KITZES, J.D.

On December 29, 2023, the Court, Hornak, J., ordered the parties to submit supplemental briefs on the following question: "[D]oes the amendment to Fed. R. Evid. 702, effective December 1, 2023, impact how the Court should consider and address the pending motions now before the Court, and if so, how?" ECF No. 215.  Under the amendment, "Judicial gatekeeping is essential because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion, jurors may also lack the specialized knowledge to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support." Committee Notes on Rules–2023 Amendment; ECF No. 216 at 4.  The plaintiff concedes that the amendment impacts the pending motions for summary judgment and to exclude the testimony of expert witness Kitzes, ECF No. 216 at 4. Here, where the Court has stated that upon the filing of an affidavit regarding the availability of pop-up authentication technology in compliance with Fed. R. Civ. Proc. 56(c)(4) it "would likely determine that the methodology underlying opinion in Kitzes' report was unreliable and prevent him from testifying as to it," ECF No. 201 at 20, and Defendant HP Inc. has done so, *see* ECF No. 207-1, ¶¶ 13, 15, judicial gatekeeping under amended Rule 702 requires the motions be granted.

**ARGUMENT**

**I. Kitzes' unreliable testimony should be excluded under amended Rule 702, and there is no genuine issue of material fact concerning a battery authentication failure to warn.**

The amended Rule 702 reads as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)  the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d)    the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

F.R.E. 702. The amendment "clarifies and emphasizes that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." *Andrews v. Brethren Mut. Ins. Co.*, 2023 U.S. Dist. LEXIS 183989, at *16-17 (M.D. Pa. Oct. 12, 2023) (Brann, C.J.) (applying the amended Rule 702 to exclude unreliable fire cause and origin expert's testimony) (internal quotation marks and alterations omitted), *citing* F.R.E. 702. "The amendment was motivated by the Advisory Committee's observation that in a number of federal cases judges did not apply the preponderance standard of admissibility to Rule 702's requirements of sufficiency of basis and reliable application of principles and methods, instead holding that such issues were ones of weight for the jury." *Id., citing* Committee Notes on Rules—2023 Amendment. "The Committee emphasized that rulings which have held the critical questions of the sufficiency of an expert's basis for his testimony, and the application of the expert's methodology, are generally

questions of weight and not admissibility are an incorrect application of Rules 702 and 104(a)." *Id.*

"Rule 702(d) has also been amended to emphasize that each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology. Judicial gatekeeping is essential because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion, jurors may also lack the specialized knowledge to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support." Committee Notes on Rules—2023 Amendment.

Here, the Court already correctly noted  that "[I]f the sole source of Kitzes' opinion about the existence of pop-up technology was a document whose contents, as relevant here and as indicated by uncontroverted evidence, postdate the manufacture of the at-issue computer by twelve years—then the Court would likely determine that the methodology underlying opinion in Kitzes' report was unreliable and prevent him from testifying as to it." ECF No. 201 at 20. HP thereafter submitted the affidavit of Wesley Dale, Computing Operations Lead, who stated on the basis of personal knowledge with supporting documentation he personally prepared that the sole source of Kitzes' opinion about the existence of the pop-up technology was a document the contents of which postdate the manufacture of the at-issue computer. ECF No. 207-1, ¶¶ 13, 15. The proponent of the expert, in this instance the plaintiff, never adduced any evidence to the contrary, even when invited by the Court to do so by, for example, taking  the deposition of Dale. *See* ECF No. 206.  In seeming recognition of the problem,  plaintiff makes no affirmative argument in his supplemental submission concerning the Rule 702 amendment that Kitzes'

testimony is sufficiently reliable to meet the confirmed standard. *See* ECF No. 216 at 4-5. As the Advisory Committee Notes to the amendment counsel, because Kitzes' basis and methodology do not reliably support his opinions, judicial gatekeeping is therefore essential. Committee Notes on Rules—2023 Amendment. This Rule "does not permit the expert to make claims that are unsupported by the expert's basis and methodology." *Id.*

Courts applying the amendment to Rule 702 have held that the amendment requires the Court to carefully evaluate the sufficiency of the expert's basis for testimony and application of methodology in order to  "avoid the misapplication of Rule 702 identified by the Advisory Committee." *Andrews, supra* at *16 (excluding fire cause and origin expert under amendment); *see also Sardis v. Overhead Door Corp.,* 10 F.4th 268, 284 (4th Cir. 2021) (excluding design defect expert under amendment) ("we confirm once again the indispensable nature of district courts' Rule 702 gatekeeping function in all cases in which expert testimony is challenged on relevance and/or reliability grounds."); *In re Acetaminophen - ASD-ADHD Prods. Liab. Litig*., 2023 U.S. Dist. LEXIS 224899, at *49 n.27 (S.D.N.Y. Dec. 18, 2023) (Cote, J.) (excluding medical causation expert under amendment) ("one purpose of the amendment was to emphasize that judicial gatekeeping is essential because jurors may be unable, due to lack of specialized knowledge to evaluate meaningfully the reliability of scientific and other methods"); *Silva v. Heil, Inc.,* 2023 U.S. Dist. LEXIS 163749, at *5 n.8 (E.D.N.Y. Sep. 14, 2023) (Brodie, J.) (excluding design defect witness under amendment) ("in deciding these motions the Court is mindful of the proposed amendments' purpose of emphasizing that the Court must focus on the expert's opinion, and must find that the opinion actually proceeds from a reliable application of the methodology and explicitly weaving the Rule 104(a) standard into the text of Rule 702.").

Following these cases here–where Kitzes' testimony has been challenged on reliability grounds, where the jurors would be unable to evaluate meaningfully the reliability of his methods, and where Kitzes' opinion does not proceed from a reliable application of methodology– Kitzes' unreliable testimony concerning a failure to warn should be excluded, and the motion for summary judgment should accordingly be granted.

**II. There is no genuine issue of material fact concerning any other failure to warn.**

Kitzes' testimony concerning a battery authentication failure to warn should be excluded under the amended Rule 702. Plaintiff's other expert Kutchek was already precluded from testifying about warnings in this case. *See* ECF No. 211 at 4 (reciting Kutchek's areas of permitted testimony). Thus, there is no admissible evidence or opinions necessary to establish a genuine issue of material fact concerning plaintiff's warning defect claim as required. *See Nelson v. Am. Honda Motor Co.*, 2021 U.S. Dist. LEXIS 93503, at *17 (W.D. Pa. May 17, 2021) (Lanzillo, J.) (expert testimony required in warning defect case); ECF No. 216 at 5.

Further, HP gave multiple warnings to only use HP-approved battery packs, see ECF No. 201 at 2–3 (describing HP Elitebook 8730w warnings), which is dispositive of plaintiff's failure to warn claim as a matter of law. *See Chandler v. L'Oreal USA, Inc.*, 774 F. App'x 752, 754 (3d Cir. 2019). Plaintiff has not adduced any admissible evidence  to show that battery authentication technology was available in 2009, or indeed if it would have made a difference, as he must. *See Conti v. Ford Motor Co.*, 743 F.2d 195, 199 (3d Cir. 1984) (a defendant may be liable in failure-to-warn claims "only when there is sufficient evidence that additional warnings or reminders may have made a difference."). There is no genuine issue of material fact, and summary judgment should enter on the plaintiff's claims.

5

**CONCLUSION**

The Court already indicated that it was likely to find the testimony of plaintiff's

proffered expert Kitzes unreliable and exclude it upon the filing of a competent affidavit from

HP. ECF No. 201 at 20. HP has done so. ECF No. 207-1. Because the amended Rule 702

clarifies and emphasizes the Court's gatekeeping function in excluding testimony that does not

proceed from a reliable methodology,  Kitzes' unreliable testimony, as previously noted by this

Court, must be excluded.  *See e.g. Andrews* at *27 (expert's opinions did not reflect a reliable

application of any standard but "appear eminently reasonable. This is precisely why they must be

excluded."). The motion to exclude Kitzes should be granted. There being no competent expert

evidence of the plaintiff's warning defect claim, or any other genuine issue of material fact

concerning a failure to warn, the motion for summary judgment should also be granted.

/s/ Christopher G. Betke

Christopher G. Betke
*Pro Hac Vice*
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com

Attorneys for HP Inc.

**Certificate of Service**

I hereby certify that on Wednesday, January 17, 2024, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Christopher G. Betke
Christopher G. Betke