**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THOMAS POWER,                     )
                                  )
              Plaintiff,         )
                                  )
v.                                )          2:17-cv-00154
                                  )
HEWLETT-PACKARD COMPANY,          )
                                  )
              Defendant.         )
                                  )
                                  )

**MEMORANDUM ORDER GRANTING MOTION IN LIMINE AS TO WILLIAM F.
KITZES AND DENYING MOTION FOR SUMMARY JUDGMENT**

Plaintiff Thomas Power, via counsel, brings this suit against Defendant, the Hewlett-Packard Company ("HP"), seeking monetary relief for injuries he suffered as a result of his HP-brand laptop catching fire while on his lap. (ECF No. 1). The Defendant moves to exclude the remaining testimony of Plaintiff's only remaining proffered expert, William F. Kitzes, and renews its Motion for Summary Judgment in arguing that it is entitled to summary judgment in its favor. (ECF No. 207). Plaintiff responded (ECF No. 211), and Defendant replied (ECF No. 214).

For the reasons set forth, Defendant's Motion in Limine to preclude the remaining testimony of William F. Kitzes is GRANTED; however, Defendant's Motion for Summary Judgment is DENIED.

**FACTUAL AND PROCEDURAL BACKGROUND**

Thomas Power purchased a used HP Elitebook laptop on eBay.com on April 29, 2013. (ECF No. 101, at 2). The laptop did not come with product documentation. *Id.* The laptop did arrive with a battery pack with an affixed warning reading "Replace with HP Spares." *Id.*

At the time, product documentation for the Elitebook was available to the public on HP.com. *Id.* at 3. That documentation included a warning that stated, "WARNING! To reduce potential safety issues, use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP." *Id*.

Between April 2013 and June 2015, Power used the computer regularly. *Id.* During that time, no warning appeared on the laptop itself, nor did Power receive any on-screen error message concerning the laptop's battery or a warning concerning any other issue. *Id.*

On June 20, 2015 at approximately 1:00 am, Power was using the Elitebook while at a 24-hour gym with the computer balanced directly on his lap. *Id.* After using the computer for approximately 20-60 minutes, the laptop exploded into flame, burning Power's legs. *Id.* He sustained serious injuries, including burns requiring a skin graft, hydrotherapy, catheterization, and intravenous antibiotics. *Id*. After the accident, Power claims that he began to experience urinary and bowel incontinence. *Id.*

Plaintiff initially filed suit against HP in state court, whereupon Defendant removed the case to federal court on diversity grounds. (ECF No. 1). Following a lengthy (over five-year) period of fact discovery and some motions practice, Defendant filed several Motions in Limine to exclude the testimony of each of Plaintiff's proffered expert witnesses. (ECF Nos. 139, 141, 142). That same day, Defendant also filed a Motion for Summary Judgment. (ECF No. 143). The Court held oral argument in October 2022 and subsequently issued an Opinion granting the motion to exclude the testimony of Dr. Michael Drew, MD; granting in part and denying in part the motion to exclude the testimony of Kenneth Kutchek, significantly limiting the scope of Kutchek's testimony; and denying the motion to preclude the testimony of William Kitzes, J.D., without prejudice and with leave to amend. (ECF No. 201).

The Court then granted Defendant leave to file a memorandum supplementing its Motion for Summary Judgment and renewing its Motion in Limine to preclude the testimony of William Kitzes. (ECF No. 206). Defendant promptly filed such supplement. (ECF No. 207). Plaintiff responded (ECF No. 211), and Defendant replied (ECF No. 214). Following the amendment to Fed. R. Evid. 702 that became effective on December 1, 2023, the Court ordered supplemental briefing on the impact of that amendment on the pending Motions. (ECF No. 215). Both parties complied in submitting supplemental briefs addressing that question. (ECF Nos. 216, 217). The matters having been fully briefed, they are now ripe for the Court's disposition.

## DISCUSSION

### I.   Motion in Limine to Exclude Testimony from William F. Kitzes, J.D.

In its Opinion adjudicating the merits of the Defendant's many *Daubert* motions challenging the admissibility of the Plaintiffs' proffered expert testimony from a variety of expert witnesses, the Court evaluated the anticipated testimony of William F. Kitzes, J.D., an expert witness on the subject of consumer product safety, and determined at that time that Kitzes' anticipated testimony met the threshold qualification, reliability, and fit requirements under Federal Rule of Evidence ("FRE") 702. (ECF No. 201, p. 22-23).

Kitzes, a lawyer by training working as a Board-Certified Product Safety Manager and Hazard Control Manager, (ECF No. 184-1), prepared an expert report opining, among other things, that HP had, by late 2007, developed a battery authentication system for certain laptops to identify 'counterfeit' battery packs, yet the HP EliteBook that Power had been using on the day of the fire did not include such a system. According to the Defendant, Kitzes' "sole source" of methodology for that opinion was "a document [that] Kitzes claimed to have found on HP.com… published on September 29, 2020—over ten years after the manufacture" of the at-issue laptop computer. (ECF

No. 154, p. 11). In attacking the notion that the referenced document existed at the time of the laptop's explosion, the Defendant submitted an affidavit signed by an HP representative averring that the at-issue document had in fact been created on or about September 29, 2020, and therefore could not have been in existence when the fire occurred. (ECF No. 154-2, p. 2-3).

The Court concluded at that time that the affidavit offered by the Defendant failed to comply with the requirements of Fed. R. Civ. P. 56(c)(4), which requires that an affidavit used to support or oppose a motion for summary judgment be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. (ECF No. 201, p. 20-21). Specifically, the Court concluded that the affiant, a paralegal at HP, had only second-hand knowledge of the information included in the affidavit. At the same time, the Court held that,

> if the sole source of Kitzes' opinion about the existence of pop-up technology was a document whose contents, as relevant here and as indicated by uncontroverted evidence, postdates the manufacture of the at-issue computer by twelve years," "then the Court would likely determine that the methodology underlying [Kitzes' proffered opinion testimony] was unreliable and prevent him from testifying as to it.

(*Id.* at 21).

After being granted leave to file a supplemental brief reaffirming its Motion for Summary Judgment and supplementing its Motion in Limine seeking to exclude Kitzes' testimony, but solely "as to the issue of the reliability of the methodology underlying Kitzes' opinion regarding the availability of pop-up authentication warnings," (ECF No. 206), Defendant filed such supplemental brief which included a new affidavit, this time sworn by Wesley Dale, a Computing Operations Lead at HP with personal knowledge of the availability of pop-up warning technology for HP laptop computers and of the existence of the referenced document on HP.com. (ECF No. 207-1). Within the affidavit, the affiant swore upon personal knowledge and expertise that the pop-

up technology and documentation did not exist prior to September 29, 2020. (*Id.* at 4). As such, the Dale affidavit meets the personal knowledge requirement under Fed. R. Civ. P. 56(c)(4).

Defendant argues that this affidavit definitively shows that Kitzes' opinion regarding the availability of the pop-up warning technology for HP laptops and on HP.com is unreliable and thus inadmissible under FRE 702. In the affidavit, Dale states that he personally reviewed versions of the HP.com webpage containing the document upon which Kitzes relies and concluded upon that review that the first version of the webpage to contain the document, version 12.0, was first published on September 29, 2020. (*Id.* at 3). In support of this conclusion, Dale references an 86-page document attached as Exhibit A to the affidavit comprised of screenshots of webpage versions dating back to April 25, 2008, when the webpage was first created, as well as a document attached as Exhibit B capturing the last three versions of the webpage. (*Id.* at Ex. A, B).

Taken together, Dale attests, these two exhibits show that the pop-up error message did not appear on the HP.com webpage until September 29, 2020. (*Id.* at 4). So, HP argues, having now provided the Court with an affidavit based upon personal knowledge that shows that Kitzes' opinion regarding the availability of the pop-up technology was reliant on a document that was not published until 2020, Kitzes' testimony as to the availability of that technology at the time of Power's injuries is unreliable and must be barred.

In response, Plaintiff argues that the affidavit fails to prove that the error message did not appear in any prior versions of the webpage. Specifically, Plaintiff argues that Dale's failure to consider any versions prior to version 11.0 creates the possibility that such document could have existed before version 11.0. But in so arguing, Plaintiff fails to acknowledge that the affidavit also contained an Exhibit (Ex. B) detailing every change made to the webpage since its publication in

April of 2008, and that none of those changes include the publication and subsequent deletion of the referenced document.

The Court concludes that the Dale affidavit sufficiently proves that the document upon which Kitzes relies in stating his conclusion that the pop-up warning technology was available to HP in 2007 is unreliable, as that "HP.com" page and content did not exist until 2020, far after Power's laptop exploded. Further, as noted below, under FRE 702 as it is now in place, the obligation to present proof in support of the admission of expert testimony rests with the proponent of that testimony, here the Plaintiff. And in the face of the documentary evidence advanced on this point by the Defendant, Plaintiff essentially makes an argument based on "could have been/"you never know" advocacy, which does not meet the mark under FRE 702. As such, the Court concludes that Kitzes' methodology in reaching the conclusion that the "pop up" authentication technology existed and was and available to the Defendant—that methodology being the reliance on a document that uncontroverted evidence demonstrates was not in existence until five (5) years after incident at bar—is unreliable and insufficient to meet the requirements of FRE 702.

The Court reaches this conclusion with the understanding that the Federal Rules of Evidence "embody a strong preference for admitting any evidence that may assist the trier of fact," and that FRE 702 in particular, at least prior to the most recent amendment to that Rule, "has a liberal policy for admissibility." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997). At the same time, a judge should find an expert opinion sufficiently reliable under FRE 702 only where it is based on "'good grounds', *i.e.*, if it is based on the methods and procedures of science." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993)). As such, where "the expert's opinion is so fundamentally unsupported

that it can offer no assistance to the jury, it must be excluded." *Sterling v. Redevelopment Auth. of City of Philadelphia*, 836 F. Supp. 2d 251, 272 (2011) (quoting *Children's Broad Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004)) (internal quotations omitted). That is, "an expert's testimony… must be accompanied by a sufficient factual foundation before it can be submitted to a jury." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). And of course, under the most recent amendment to Rule 702, the proponent of expert testimony bears the burden of proving by a fair preponderance of the evidence each and every factor necessary for the admission of such expert testimony. In that way, the historically broader or "liberality" principle has been constrained.

Here, there are no "good grounds" in the record for Kitzes' conclusion that the pop-up authentication technology existed in 2007, or when the laptop exploded in 2015. Neither party disputes that the sole source of Kitzes' belief that the pop-up authentication technology existed at the time of the at-issue computer's manufacture was one document that Kitzes referenced. And HP has now provided uncontroverted evidence, in the form of a Rule-compliant affidavit supported by multiple exhibits, demonstrating that the document relied upon by Kitzes did not exist on the HP.com webpage until September 2020. The Plaintiff has failed to make a convincing argument as to why, despite the evidence provided by the Defendant, the document would have been created in late 2007, then deleted, then reposted in 2020. As such, Kitzes' determination that the document existed at the time of the laptop explosion, having been proven incorrect by uncontroverted evidence, is fundamentally unsupported and cannot be said to be reliable. And the Plaintiff's arguments in response, which boil down to speculation about what "could have been", are not sufficient to carry the day under FRE 702.

The Court would have come to the above conclusion in any event but does so especially in light of the amendment to FRE 702 that became effective on December 1, 2023. The amendment to the Rule does two things: first, it clarifies that expert testimony is not to be considered presumably admissible, but is instead subject to a preponderance of the evidence standard; and second, it emphasizes that a court must evaluate the reliability of an expert's conclusions drawn from his or her methodology, not just the methodology itself. So, while the Advisory Committee Note accompanying the amendment states that "nothing in the amendment imposes any new specific procedures," Fed. R. Evid. 702, Advisory Committee Notes, 2023 Amendments, the amendment makes clear the importance of judicial gatekeeping when it comes to expert opinion testimony and the vigor with which courts should be evaluating the reliability of such testimony, especially with respect to the methodology used and the conclusions an expert reaches from that methodology. *See, e.g., Andrews v. Brethren Mut. Ins. Co.*, No. 4:19-cv-02107, 2023 WL 6690710, at *10 (M.D. Pa. Oct. 12, 2023) (applying the amended Rule 702 to exclude testimony on fire causation and origin and emphasizing the rule's requirement that the court carefully evaluate the sufficiency of an expert's basis for his testimony and the application of his methodology).

Here, evaluating Kitzes' proffered testimony under the preponderance of the evidence standard and the burden Plaintiff carries in those regards, it is substantially more likely than not that Kitzes' opinion as to the probable existence of the pop-up authentication technology at the time of Power's injuries is unreliable. And upon evaluating Kitzes' conclusion drawn from his methodology—i.e., his conclusion that the pop-up authentication technology existed at the time of the explosion because a document *could have* existed on a website in 2015, even though there is no evidence that it existed prior to 2020—the Court concludes that that conclusion is speculative at best, and legally and factually unreliable.

HP's Motion in Limine seeking to exclude the testimony of William F. Kitzes, J.D. as to the existence of pop-up warning technology at the time that Power's laptop exploded is GRANTED. Kitzes is therefore barred from testifying as to opinion 4 of his expert report.

## II.    Defendant's Motion for Summary Judgment

Having concluded that Kitzes' testimony as to the availability of pop-up warning technology is unreliable, the Court now turns to whether, considering the remaining record evidence, the Defendant should be granted summary judgment.

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(c). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "There is a genuine dispute of material fact if the evidence is sufficient for a reasonable fact finder to return a verdict for the nonmoving party." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016) (citing *Anderson*, 477 U.S. at 248). However, a mere "scintilla of evidence" in the nonmovant's favor does not create a genuine issue of fact, nor does speculation or conjecture defeat a motion for summary judgment. *Ramara*, 814 F.3d at 666 (citing *Anderson*, 477 U.S. at 252; *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 228 (3d Cir. 2009)).

Under Pennsylvania law, to state a products liability failure to warn claim, "a plaintiff must prove that adequate instructions or warnings were not provided and the omission of such warnings, which could have reduced or avoided the foreseeable risks of harm posed by the product, not only renders the product not reasonably safe but caused the plaintiff's harm." *Lynn ex rel. Lynn v. Yamaha Golf-Car Co.*, 894 F. Supp. 2d 606, 639 (W.D. Pa. 2012). So, for such a claim to get to a jury, there must be genuine issues of material fact as to the existence of a defect, whether adequate warnings were given, and whether the failure to adequately warn caused the Plaintiff's injuries.

In its renewed Motion for Summary Judgment, HP argues that, once Kitzes' testimony as to the availability of pop-up warning technology has been excluded, there remains no expert evidence on the topics of failure to warn, defect, or causation such that Plaintiff's claims fail as a matter of law. In response, Plaintiff argues that even in the absence of Kitzes' testimony as to the availability of the pop-up warning technology, there remains sufficient evidence, in the form of expert testimony and otherwise, such that there are genuine questions of material fact as to each element of Power's claims.

For the sake of clarity, the following expert testimony remains admissible at this stage. First, while the Court struck some of the testimony offered by Kenneth W. Kutchek, P.E., Plaintiff's expert in electrical engineering and fire and explosion investigation, it deemed admissible opinions 3, 5, and 9 of Kutchek's report, relating to the existence of an unreasonably dangerous condition and HP's causation of that condition.[1] Second, while the Court now strikes opinion 4 of Kitzes' expert report, i.e., his opinion relating to the availability of pop-up warning technology at the time of the laptop's explosion, opinions 1, 2, 3, and 5, relating to HP's failure to act as a reasonably prudent manufacturer in adequately protecting computer users from foreseeable risks and to adequately warn of the danger of such risk, have been deemed admissible.[2]

---

[1] Those opinions are that 3) HP could not ensure any safety protections, testing and quality control for non-approved battery packs, creating a risk for notebook users; 5) that the combination of hazard and risk created an unreasonably dangerous condition, and that Power's exposure to this dangerous condition was a cause of his injuries; and 9) that had HP prevented the use of non-HP approved battery packs, this incident would have been prevented. (ECF No. 166-2, at 17).

[2] Those opinions are that 1) HP failed to act as a reasonably prudent manufacturer in adequately protecting laptop users from severe burn injuries associated with the foreseeable use of their product with non-approved batteries; 2) HP failed to adequately warn notebook owners of the dangers associated with non-compatible replacement battery packs; 3) HP never clearly identified which battery packs were compatible and which were not; and 5) there is no readily available evidence that HP took corrective steps to assist users in selecting approved HP replacement battery packs.

HP's statement that "there is no expert evidence, as required, of a failure to warn[,] defect, or of causation," (ECF No. 207, p. 4) is therefore incorrect. Plaintiff plans to present expert testimony from Kutchek indicating that HP's failure to ensure safety protections as to the use of non-approved battery packs created an unreasonably dangerous condition, which tends to show that the laptop was defective. Plaintiff plans to present expert testimony from Kutchek that Power's exposure to the dangerous condition created by HP was a cause of his injuries, and that had HP taken more steps to prevent the use of non-HP approved battery packs the incident would not have occurred, which tends to show causation. And Plaintiff plans to present expert testimony from Kitzes that HP failed to adequately warn notebook owners of the scope and severity of dangers associated with the use of non-compatible battery replacement packs, and that HP never identified which batteries were compatible and which were not, both of which tend to show failure to warn.

HP's claim that Power's case must fail as a matter of law because expert testimony is required in all failure to warn cases is also legally inaccurate. "As a general principle, expert evidence is not necessary if all the primary facts can be accurately and intelligibly described to the jury, and if they, as persons of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training of special or peculiar training of the subject under investigation." *Oddi v. Ford Motor Co.*, 234 F.3d 136, 159 (3d Cir. 2000). In the specific context of failure to warn cases, while it is true that, under Pennsylvania law, "expert testimony is generally required for complex issues, a jury is capable—without expert testimony—of deciding whether a simple warning label… is inadequate so as to render the product unreasonably dangerous." *Whyte v. Stanley Black & Decker, Inc.*, 514 F. Supp. 3d 684, 699 (W.D. Pa. 2021); *see also Dion Graduate Hosp. of Univ. of Pa.*,

360 Pa. Super. 416, 426 (Pa. 1987) ("Where any layperson can understand the insufficiency of a warning, expert testimony is not necessary.").

In *Whyte*, the Court considered whether there existed a genuine issue of material fact as to the adequacy of a warning label affixed to a hammer. 514 F. Supp. at 698. The Court held that, despite the exclusion of the Plaintiff's only proffered expert testimony on the question of the adequacy of the warning label, the question could nevertheless reach the jury. In so holding, the Court emphasized the jury's ability to evaluate the adequacy of a straightforward, easily comprehended warning label on a simple, well-known product like a hammer. *Id.* at 699; *see also Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 415-16 (3d Cir. 1999) (holding that there was a genuine issue of fact as to whether non-expert testimony was sufficient to establish that the lack of safety guard for blades on a chicken cutting machine constituted a failure to adequately warn of a dangerous defect under Pennsylvania law).

Here, in the circumstances of this case, the Court concludes that a laptop computer and the battery pack that powers it, like a hammer, is a product with which the average layperson procuring and then using it is sufficiently familiar, and that a jury is capable of deciding whether the warning HP provided regarding the use of backup battery packs was adequate. Importantly, "for a warning to be considered adequate as a matter of law under Pennsylvania law, that warning must: (1) accurately and unambiguously convey the scope and nature of the risk, and (2) state the risk with sufficient specificity. *Schrecengost v. Coloplast Corp.*, 425 F. Supp. 3d 448, 462 (W.D. Pa. 2019) (citing *Rowland v. Novartis Pharm. Corp.*, 34 F. Supp. 3d 556, 572 (W.D. Pa. 2014) (applying Pennsylvania law)). "A warning of a particular risk is not adequate as a matter of law, even when that warning is accurate, if there are disputes over whether the warning was sufficiently explicit and detailed." *Id.*; *see, e.g., Maya v. Johnson & Johnson*, 97 A.3d 1203, 1215 (Pa. Super. Ct. 2014).

12

Here, the warning that HP provided, included on product documentation but not affixed to the laptop or included battery pack, read, "WARNING! To reduce potential safety issues, use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP." With or without expert testimony, a jury would be more than capable of evaluating whether that warning was adequate to warn Power of the potential danger of explosion or fire from the use of non-compatible battery packs and the nature and severity of the harm that might thereafter ensue. There are simply too many genuine issues of fact, especially with respect to whether the warning was sufficiently specific with respect to the risk of fire or explosion, and the scope and nature of the risk and its consequences, for the Court to determine that the warning HP provided was adequate as a matter of law.

And, as a reminder, Plaintiff has proffered admissible expert testimony on the question of the Defendant's failure to warn; namely, opinions 2 and 3 of Kitzes' expert report. The degree to which these opinions are convincing, i.e., the degree to which one credits these opinions, is for a jury to decide, not the Court.

HP's Motion for Summary Judgment is DENIED as there exist genuine issues of material fact, supported by expert opinion and otherwise, as to the adequacy of the warning that HP provided to Elitebook users regarding the potential danger of using non-compatible battery packs, whether HP created the dangerous condition, and whether HP's failure to adequately warn users of the dangerous condition and the nature and scope of the risks involved caused Power's injuries.

**CONCLUSION**

The Defendant's Motion in Limine to Preclude Testimony from William F. Kitzes, J.D. (ECF No. 142), renewed at ECF No. 207, is hereby GRANTED, and Kitzes may not testify as to opinion 4 of his Expert Report regarding the availability by late 2007 of pop-up battery authentication technology. (ECF No. 154, p. 11). The Defendant's Motion for Summary Judgment (ECF No. 143), supplemented at ECF No. 207, is DENIED without prejudice.

It is SO ORDERED.

  s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:  July 19, 2024