UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | Civil Division |
| *Plaintiff*, | Docket No. 2:17-CV-00154-MRH |
| v. | |
| HEWLETT-PACKARD COMPANY, | Hon. Mark R. Hornak |
| *Defendant*. | Tuesday, August 27, 2024 |

**MOTION FOR RECONSIDERATION**

On July 19, 2024, the Court, Hornak, J., denied HP's Motion for Summary Judgment on the grounds that "there exist genuine issues of material fact, supported by expert opinion and otherwise, as to the adequacy of the warning that HP provided to Elitebook users regarding the potential danger of using non-compatible battery packs, whether HP created the dangerous condition, and whether HP's failure to adequately warn users of the dangerous condition and the nature and scope of the risks involved caused Power's injuries." ECF No. 219 at 13. However, the warnings given with the notebook were adequate as a matter of law as the notebook would have been safe to use had the warnings been heeded, and there is no evidence that a different warning could have been given in real-time. Further, the only remaining expert opinions in this case rely directly on opinions already precluded by this Court. Accordingly, HP requests that this Honorable Court reconsider its Orders on the motions to preclude plaintiffs' expert witnesses and for summary judgment.

**I. BACKGROUND**

**A. The motions to preclude expert testimony**

On HP's motion for preclusion of the plaintiffs' proffered expert testimony, the Court "held oral argument in October 2022 and subsequently issued an Opinion granting the motion to exclude the testimony of Dr. Michael Drew, MD; granting in part and denying in part the motion

1

to exclude the testimony of Kenneth Kutchek, significantly limiting the scope of Kutchek's testimony; and denying the motion to preclude the testimony of William Kitzes, J.D., without prejudice and with leave to amend." ECF No. 219 at 2. As to Kutchek, the Court excluded his opinions that were "factual statements that are neither within the professional expertise nor personal knowledge of Kutchek." ECF No. 201 at 10. After renewing the motion as to Kitzes and submitting further supplemental briefing, the Court granted in part and denied in part the motion to exclude Kitzes' testimony. ECF 219 at 9. The Court held that Kitzes could not testify "as to the existence of pop-up warning technology at the time that Power's laptop exploded." *Id.*

**B. The motion for summary judgment**

On HP's motion for summary judgment, the Court held: "With or without expert testimony, a jury would be more than capable of evaluating whether that warning was adequate to warn Power of the potential danger of explosion or fire from the use of non-compatible battery packs and the nature and severity of the harm that might thereafter ensue. There are simply too many genuine issues of fact, especially with respect to whether the warning was sufficiently specific with respect to the risk of fire or explosion, and the scope and nature of the risk and its consequences, for the Court to determine that the warning HP provided was adequate as a matter of law." ECF No. 219 at 13.

**II. LEGAL STANDARDS**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to address newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not

previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *Max's Cafe ex rel Lou Ann, Inc. v. Quinteros*,176 F.3d 669, 677 (3d Cir. 1999).

### III. ARGUMENT

**A. The warnings given with the notebook were adequate, and there is no evidence that a different warning could have been given in real-time**

As recited by the Court, the notebook product documentation included the warning "WARNING! To reduce potential safety issues, use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP." ECF No. 2019 at 13. Further, the "laptop did arrive with a battery pack with an affixed warning reading "Replace with HP Spares."" *Id*.

In denying summary judgment, the Court held that there were issues of fact concerning the warnings: "There are simply too many genuine issues of fact, especially with respect to whether the warning was sufficiently specific with respect to the risk of fire or explosion, and the scope and nature of the risk and its consequences, for the Court to determine that the warning HP provided was adequate as a matter of law." *Id.* However, Pennsylvania law mandates otherwise. In this matter, there are no genuine issues of fact concerning whether the notebook would have been safe to use had this warning been heeded, <u>which Pennsylvania law presumes it will be</u>. "Where warning is given, the seller may reasonably assume that it will be read and heeded; and a product bearing such a warning, which is safe for use if it is followed, is not in defective condition, nor is it unreasonably dangerous." *Chandler v. L'Oreal USA, Inc*., 774 F. App'x 752, 754 (3d Cir. 2019), *citing* Restatement (Second) of Torts § 402A cmt. j (Am. Law. Inst. 1965); *Davis v. Berwind Corp*., 547 Pa. 260 (Pa. 1997). If the plaintiff had used the battery

3

provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP, the notebook would have been safe to use. There would have been no explosion or fire. There is no evidence in the record to the contrary and it is undisputed by plaintiff.

Indeed, concerning the argument advanced by plaintiff in opposition to summary judgment and accepted by the Court in its ruling–that there is an issue of fact as to whether "defendant did not disclose the risk of harm to users if they continued to use non-HP approved battery packs," ECF No. 182 at 5, the "initial error lies in the characterization of the danger." *Davis, supra* at 268. In *Davis*, the plaintiff claimed that a blender warning stating "KEEP FINGERS OUT OF DOOR OPENINGS" was inadequate, because it did not warn of the specific hazard, i.e. "the continued rotation of the blades of the meat blender after the power had been turned off." *Id.* However, "[a]n instruction concerning the continued rotation of the blades becomes necessary only if the operator blatantly ignores the specific warning to keep fingers away from the door openings. Appellant is in effect suggesting that we require a manufacturer to warn against dangers that may arise if the stated warnings are not heeded. Such requirement is unreasonable and unwarranted since the law presumes that warnings will be obeyed." *Id.* citing *Baldino v. Castagna*, 505 Pa. 239, (1984) (where a warning is given, the seller may reasonably assume that it will be read and heeded); Comment j of Section 402A of the Restatement (Second) of Torts. As in *Davis*, plaintiff is now arguing that the undisputed warning telling him to use only a battery provided by HP for his safety is somehow inadequate because it did not specifically mention fire–and, as in *Davis*, this argument must be rejected here, because such a fire would only result if the user "blatantly ignores the specific warning" to use only

4

batteries provided by HP. Thus, Pennsylvania law unambiguously demonstrates that the warnings provided by HP were adequate as a matter of law.

Plaintiff's only other argument concerning a genuine issue of material fact as to the adequacy of the warnings is that HP should have included a battery authentication warning, "because plaintiff's experts explained that it was feasible for defendant to directly warn users as they were using nonHP approved battery packs." ECF No. 182 at 5.  However, since Kutchek and Kitzes have both been precluded as to this issue, plaintiff has adduced no other evidence on this issue, and HP has come forward with evidence that battery authentication alerts were not feasible, there is no other basis upon which to find a genuine issue of material fact as to the sufficiency of the warnings. "To reach a jury on a failure to warn theory of liability, the evidence must be such as to support a reasonable inference, rather than a guess, that the existence of an adequate warning might have prevented the injury." *Blake v. Greyhound Lines, Inc*., 448 F. Supp. 2d 635, 642 (E.D. Pa. 2006) (Joyner, J.), *quoting Pavlik v. Lane Ltd./Tobacco Exporters Int'l*, 135 F.3d 876, 881 (3d Cir. 1998) (citing Rest. 2d of Torts § 402(a)). Here, where an adequate warning was given that would have prevented the injury if heeded, and there is no evidence of an additional battery authentication alert or other warning, plaintiff is simply guessing.

Finally, "[t]he determination of whether a warning is adequate and whether a product is defective due to inadequate warnings are questions of law to be answered by the trial judge." *Chandler, supra* at 562, *quoting Davis, supra* at 268. The Court should not defer to the finder of fact what can be determined here as a matter of law: the warnings were adequate. There is no dispute that Plaintiff's ever-changing theory of liability has been relegated to a failure to warn claim.  As the lone remaining claim – failure to warn – is within the province of this Court and

not the trier of fact, coupled with Pennsylvania law mandates that the warnings provided by HP were adequate as a matter of law, the motion for reconsideration should be granted.

**B. The plaintiff's liability experts' remaining opinions must be precluded because they rely directly on precluded opinions**

While the Court held that the plaintiff's failure to warn claim may proceed with or without expert testimony, ECF No. 219 at 13, it bears emphasis that the Court has limited the plaintiff's expert's opinions such that the remaining opinions cannot stand. The Court "deemed admissible opinions 3, 5, and 9 of Kutchek's report, relating to the existence of an unreasonably dangerous condition and HP's causation of that condition" ECF 219 at n.1. However, each of these opinions necessarily relies on those "findings" of Kutchek that were stricken by the Court. The permitted Finding 3, that HP could not ensure safety protections for **non-approved** battery packs, necessarily relies on the immediately preceding stricken Finding 2, that HP could ensure safety protection for its **approved** battery packs. ECF No. 166- 2, at 17. Finding 5, that "this combination of hazard and risk created an unreasonably dangerous condition," necessarily relies on the preceding stricken Finding 4 that identifies the "hazard" to which Finding 5 refers. Finding 9, that if HP prevented the use of non-HP battery packs the incident would have been prevented, necessarily relies on the preceding stricken Findings 6-8, which identify the manners in which HP could have purportedly prevented the use of non-approved battery packs, by authentication, alerts, and interlocks. As such, each of Kutchek's remaining Findings cannot stand without the stricken Findings–which the Court held were "factual statements that are neither within the professional expertise nor personal knowledge of Kutchek." ECF No. 201 at 10.

Similarly, with the exclusion of Kitzes' opinion concerning HP's purported failure to

include a battery authentication alert, Kitzes' remaining opinions cannot stand. In its ruling on the renewed motion as to Kitzes, the Court struck "opinion 4 of Kitzes' expert report, i.e., his opinion relating to the availability of pop-up warning technology at the time of the laptop's explosion," and admitted "opinions 1, 2, 3, and 5, relating to HP's failure to act as a reasonably prudent manufacturer in adequately protecting computer users from foreseeable risks and to adequately warn of the danger of such risk." ECF No. 219 at 10. But Kitzes' opinion that HP did not act as a reasonably prudent manufacturer and warned of risks necessarily relies upon Kitzes' related opinion that HP had developed battery authentication technology that it failed to include in Power's notebook.  Without the preceding, stricken opinions, the opinions left standing amount to little more than impermissible *ipse dixit*.  *See Hurd, et al. v. Yaeger, et al.*, 2009 U.S. Dist. LEXIS 72032, 11-12 (M.D.Pa. 2009), *citing General Electric v. Joiner*, 522 U.S. 136, 142 (1997) ("Nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert"); *see also Oddi v. Ford Motor Co.*, 234 F.3d 136, 156, 158 (3d Cir. 2000) (excluding expert testimony in products liability case where expert engaged in a "haphazard, intuitive inquiry" using "little, if any, methodology beyond his own intuition" because his "*ipse dixit* [did] not withstand Daubert's scrutiny").

As the Court noted, the amendment to Rule 702 the "makes clear the importance of judicial gatekeeping when it comes to expert opinion testimony and the vigor with which courts should be evaluating the reliability of such testimony, especially with respect to the methodology used and the conclusions an expert reaches from that methodology." ECF No. 219 at 8, *citing Andrews v. Brethren Mut. Ins. Co.*, 2023 WL 6690710, at *10 (M.D. Pa. Oct. 12, 2023). In view

7

of the existing limitations of the plaintiff's expert's testimony, the Court should exercise its gatekeeping role as to the remaining testimony, relying as it does upon that which was struck. The motion for reconsideration should be granted.

## IV. CONCLUSION

For the foregoing reasons, HP requests reconsideration of the Court's Orders on the motions in limine to preclude plaintiff's liability experts and for summary judgment.

/s/ Christopher G. Betke

Christopher G. Betke
*Pro Hac Vice*
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com

Attorneys for HP Inc.

**Certificate of Service**

I hereby certify that on Tuesday, August 27, 2024, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Christopher G. Betke
Christopher G. Betke