**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THOMAS POWER,                                        CIVIL DIVISION

                *Plaintiff,*                                 Docket No.: 2:17-CV-00154-MRH

          vs.                                          Hon. Mark R. Hornak

HEWLETT-PACKARD COMPANY,

                *Defendant.*

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR RECONSIDERATION**

Plaintiff, Thomas Power, by and through his counsel, Friday & Cox, LLC, files the following Memorandum of Law in Opposition to Defendant's Motion for Reconsideration:

**I.      INTRODUCTION**

Defendant, Hewlett-Packard Company ("HP"), has filed a Motion for Reconsideration seeking this Court to reconsider its Order on HP's motions to preclude Plaintiff's expert witnesses and for summary judgment. In support of the current motion, Defendant sets forth two arguments: (1) the Court should exercise its gatekeeping role as to the remaining testimony of Plaintiff's liability experts, as such testimony necessarily relies upon findings stricken by the Court; and (2) the motion for reconsideration should be granted as Plaintiff's failure to warn claim is within the province of the court, not the trier of fact, and Pennsylvania law mandates that the warnings provided by Defendant were adequate as a matter of law. ECF No. 227.

However, Defendant's motion fails to meet the necessary criteria for reconsideration. Defendant has not identified any intervening changes in controlling law, has not offered any evidence which was not previously available, identified any manifest injustice, nor has

demonstrated  any clear error of law or fact. As Defendant has not demonstrated a recognized basis

for altering the Court's earlier rulings, its Motion for Reconsideration must be denied.

## II.     BACKGROUND

### A.   HP's Motion for Summary Judgment

On May 13, 2022, HP filed a Motion for Summary Judgment, asserting, in relevant part,

that: (1) any argument by Plaintiff that a reasonable consumer would be unaware of the risk of

injury based upon the warnings provided are foreclosed pursuant to *Chandler v. L'Oreal USA,*

*Inc.,* 774 F. App'x 752, 754 (3d Cir. 2019); (2) plaintiff has failed to adduce evidence that a

different warning would have prevented his injury; and (3) the determination of whether a warning

is adequate and whether a product is defective due to inadequate warnings are questions of law to

be answered by the trial judge. *See* ECF No. 144, at 7,13,16.

> With regard to HP's motion for Summary Judgment, the Court held that:

> With or without expert testimony, a jury would be more than capable of evaluating
> whether that warning was adequate to warn Power of the potential danger of
> explosion or fire from use of non-compatible battery packs and the nature and
> severity of the harm that might thereafter ensue. There are simply too many genuine
> issues of material fact, especially with respect to whether the warning was
> sufficiently specific with respect to the risk of fire or explosion, and the scope and
> nature of the risk and its consequences, for the Court to determine that the warning
> HP provided was adequate as a matter of law.

ECF No. 219, at 13.

### B.   HP's Motion to Preclude Expert Testimony of Kitzes

On May 13, 2022, HP filed a Motion *in Limine* to preclude the testimony of William F.

Kitzes, J.D. ("Kitzes") by contending that his opinions were not based on reliable principles,

methods, or sufficient facts and data such that they failed to comply with Fed. R. Evid. 702 and

*Daubert* standard. ECF No. 141. Following oral argument in October of 2022, the Court issued an

Opinion denying the motion to preclude the testimony of William Kitzes, J.D., without prejudice

and with leave to amend. ECF No. 219, at 2. Within this Opinion, the Court stated the following

as to opinions 1, 2, 3 and 5, of Kitzes report:

> Here, we have a product safety management expert who reviewed the factual
> record regarding the information that was available to the company about specific
> issues with a particular product and applied his technical knowledge and
> experience to reach a conclusion about what a prudent manufacturer would do with
> the relevant information.

ECF No. 201, at 15.

Subsequently, the court granted HP "leave to file a supplemental brief reaffirming its

Motion for Summary Judgment and supplementing its Motion in Limine seeking to exclude Kitzes,

but soley 'as to the issue of the reliability of the methodology underlying Kitzes' opinion regarding

the availability of pop-up authentication warnings.'" ECF No. 219 (*citing* ECF 206). After

renewing its motion as to Kitzes and submitting further supplemental briefing, the Court granted

in part and denied in part the motion to exclude Kitzes testimony, excluding Kitzes opinion

regarding the existence of pop-up warning technology. *Id.*

### C.   HP's Motion to Preclude Expert Testimony of Kutchek

On May 16, 2022, HP filed a Motion *in Limine* to preclude the testimony of Kenneth W.

Kutchek P.E. ("Kutchek") contending that his opinions were not based on reliable principles,

methods, or sufficient facts and data such that they failed to comply with Fed. R. Evid. 702 and

*Daubert* standard. ECF No. 141. Following oral argument in October of 2022, the Court issued an

Opinion granting in part and denying in part the motion to exclude the testimony of Kenneth

Kutchek. Specifically, the Court found admissible opinions 3, 5, and 9 of Kutchek's expert report,

and opined the following with regard to the same:

> Kutchek has professional's knowledge of how batteries work and what causes
> them to explode or prevents them from exploding. Having examined the at-issue
> computer, viewed scans of it, and read sworn testimony from HP's own
> representatives about the functioning of the computer, Kutchek concluded – in sum

and substance- that HP could not ensure the safety of third-party battery packs such as the one at issue here, that the hazard posed by the situation here was unreasonably dangerous and caused Power's injury and that if HP had prevented the use of non-HP battery packs, the situation would have been prevented. These opinions are hardly unsupported beliefs or speculation, and the Court concludes that the methodology underlying them is reliable.

ECF No. 201, at 15.

## III.    LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harso Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). Due to the paramount interest in finality, particularly at the district court level, such motions "should be granted sparingly." *Williams v. City of Pittsburgh,* 32 F. Supp. 2d. 236, 238 (W.D. Pa. 1998). To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex. Rel. Lou-Ann, v. Quinteros,* 176 F.3d 669, 677 (3rd Cir. 1999).

## IV.    ARGUMENT

In support of the current motion, Defendant sets forth two arguments: (1) the motion for reconsideration should be granted as the lone remaining claim – failure to warn – is within the province of the court, not the trier of fact, and Pennsylvania law mandates that the warnings provided by HP were adequate as a matter of law; and (2) the Court should exercise its gatekeeping role as to the remaining testimony of Plaintiff's liability experts, as such testimony necessarily relies upon findings stricken by the Court. ECF No. 227. In making the aforementioned arguments, Defendant does not claim an intervening change in controlling law, nor does Defendant identify

new evidence previously unavailable. *Id.* Thus, Defendant seemingly advances its current motion

for reconsideration solely on an asserted need to correct a clear error of law.

"In order to show clear error or manifest injustice, the [movant] must base its motion on

arguments that were previously raised but were overlooked by the court – '[p]arties are not free to

relitigate issues that the court has already decided'." *Ricketts v. Titusville Area Sch. Dist.,* No. CV

21-129 ERIE, 2024 WL 1557462 (W.D. Pa. Apr. 10, 2024), at *1 (*citing U.S. v. Jasin*, 292

F.Supp.2D 670,676 (E.D. Pa. 2003). "A motion for reconsideration is not properly grounded in a

request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams,*

32 F. Supp. 2d. at 238. "Moreover, motions for reconsideration should not be used to advance

additional arguments which could have been made by the movant before judgment." *Ricketts*, 2024

WL 1557462 (W.D. Pa. Apr. 10, 2024), at *1 (*citing Reich v. Compton*, 834 F.Supp. 753, 755

(E.D. Pa. 1993) aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995)).

   A. **Grant of Reconsideration is Improper as to the Admissibility of Plaintiff's Expert Witness Testimony as Defendant is Unable to Show Clear Error or Manifest Injustice**

IThe arguments currently advanced by HP regarding Plaintiff's expert witness testimony

are ones that should have been, but were not, raised in Defendant's earlier Motions.  Defendant

now seeks exclusion of Plaintiff' expert testimony on the basis that opinions 3, 5, and 9 of

Kutchek's expert report and opinions 1, 2, 3 and 5 of Kitzes' expert report necessarily rely on

opinions previously stricken by this court. ECF 227, at 6-7.  Specifically, Defendant now argues

that: (1) findings 3 of Kutcheks report necessarily relies upon stricken finding 2 of the same report;

(2) finding 5 of Kutchek's report necessarily relies upon stricken finding 4 of the same report; (3)

finding 9 of Kutchek's report neccesarily relies upon stricken findings 6-8 of the same report; and

(4) findings 1, 2, 3, and 5, of Kitzes report necessarily relies upon stricken finding 4 of the same report. ECF No. 227, at 6-7.

However, such argument overlooks the findings of this Court set forth within its initial Opinion on Defendant's Daubert Motions and Motion for Summary Judgment, namely the court found, in light of the precluded opinions, that opinions 3, 5, and 9 of Kutchek's expert report and opinions 1, 2, 3 and 5 of Kitzes' expert report are the product of reliable methodology. ECF No. 201. Irrespective  of the points mentioned above, Defendant's arguments with regard to the admissibility of Plaintiff's expert witness testimony are based on flawed reasoning and lack merit. For these reasons, more fully set forth below, Defendant's Motion for Reconsideration must be denied as to the admissibility of Plaintiff's expert testimony.

> ### 1. *The Arguments Currently Advanced by Defendant Regarding Plaintiff's Expert Witness Testimony are Ones Which Should Have Been, But Were Not, Raised in Defendant's Earlier Motions in Limine*

The arguments presently advanced by Defendant regarding the admissibility of Plaintiff's expert testimony represent issues that Defendant had the opportunity to raise but did not include in its earlier Motions *in Limine*. *See Ricketts*, 2024 WL 1557462 (W.D. Pa. Apr. 10, 2024). In Defendant's earlier Motion *in Limine* to exclude the testimony of Kenneth Kutchek, Defendant sought preclusion on the grounds that Kutchek was not qualified to offer any opinion in the case, that his findings were "not based on reliable scientific data or methodology," in that "Kutchek conducted no tests, examinations or investigations" and relied in-part on the results of a Google search, and that his opinion evidence were irrelevant and, thus  not a fit for the issues in the case. ECF No. 141, at 6-7, 14.

Likewise, Defendant sought exclusion of the testimony of Kitzes on the basis that such testimony failed to meet the three prerequisites for expert testimony under Fed. R. Evid. 702. ECF

No. 154, at 8-13. Notably, Defendant failed to raise the arguments which it now seeks to advance within either of these motions. It had the chance to argue the supposed interdependence among the Kitzes opinions and among the Kutchek opinions, but elected not to do so.  By not raising these arguments previously, Defendant forfeited the chance to fully address the concerns which it now seeks to introduce. Allowing the Defendant a second opportunity to introduce these arguments would undermine the judicial process its paramount interest in finality. *Williams v. City of Pittsburgh,* 32 F. Supp. 2d. 236, 238 (W.D. Pa. 1998). Therefore, Defendants request to revisit these arguments now must be denied.

### 2. Defendant's Argument Regarding Plaintiff's Expert Testimony Overlooks the Findings of this Court Set Forth Within Its Initial Opinion on Defendant's Daubert Motions

In its prior decision on Defendant's Motions *in Limine* to exclude the testimony of Plaintiff's expert witnesses, this Court thoroughly examined and ruled upon reliability of the methodology underlying opinions 3, 5, and 9 of Kutchek's expert report and opinions 1, 2, 3 and 5 of Kitzes' expert report, finding the methodology underlying such opinions to be reliable . ECF No. 201. Specifically, the Court stated the following with regard to these expert opinions:

> Kutchek has professional's knowledge of how batteries work and what causes them to explode or prevents them from exploding. Having examined the at-issue computer, viewed scans of it, and read sworn testimony from HP's own representatives about the functioning of the computer, Kutchek concluded – in sum and substance- that HP could not ensure the safety of third-party battery packs such as the one at issue here, that the hazard posed by the situation here was unreasonably dangerous and caused Power's injury and that if HP had prevented the use of non-HP battery packs, the situation would have been prevented. These opinions are hardly unsupported beliefs or speculation, and the Court concludes that the methodology underlying them is reliable.

ECF No. 201, at 15.

> Here, we have a product safety management expert who reviewed the factual record regarding the information that was available to the company about specific issues with a particular product and applied his technical knowledge and

experience to reach a conclusion about what a prudent manufacturer would do with
the relevant information.

ECF No. 201, at 19.

Subsequently, the court granted Defendant leave to supplement its Motion *in Limine* to

exclude Kitzes testimony, but only as to the reliability of the methodology underlying Kitzes'

opinion regarding the availability of pop-up authentication warnings, an opinion which was

ultimately excluded by this Court. ECF No. 219. Despite the exclusion of this opinion, this Courts

determination regarding opinions 1, 2, 3 and 5 of Kitzes' expert report and opinions 3, 5 and 9 of

Kutchek's expert report remain unaffected and reflect a careful evaluation of the evidence and

methodology presented. Defendant's Motion for Reconsideration, which seeks to revisit these

issue, is nothing more than an impermissible attempt to request that the court rethink a decision it

has already made, and, thus, fails to set forth a proper basis for a grant of reconsideration. *See*

*Williams,* 32 F. Supp. 2d. at 238.

### 3. *Defendants Argument Regarding the Admissibility of Plaintiff's Expert Witness Testimony are Based on Flawed Reasoning and Lack Merit.*

Regardless of whether this Court previously addressed the issues now being challenged,

or whether these challenges should have been raised in a prior motion, the arguments presented by

Defendant with respect to Plaintiff's expert testimony are fundamentally flawed and lack merit.

Defendant's first contention involves opinion 3 of Kutchek's expert report, which asserts that HP

could not ensure any safety protections, testing and quality control for non-approved battery packs,

creating a risk to users. ECF 227, at 6; *See also* ECF No. 166-2. Defendant argues that this opinion

necessarily relies on opinion 2 of Kutchek's report, which states that HP ensured that its approved

battery packs contained various safety protections and underwent various levels of testing and

quality control. *Id.* Defendants attempt to link these opinions is based on flawed reasoning.

Evidently, Opinion 3 acknowledges Defendant's inability to guarantee testing and quality control for third-party battery packs over which it had no control, irrespective of the rigorous standards applied to its own approved battery packs. Defendant is implying and arguing a false inverse. Therefore, the argument that opinion 3 depends on stricken opinion 2 is incorrect and misleading.

HP further contends that opinion 5 of Kutchek's expert report, "[t]his combination of hazard and risk created an unreasonably dangerous condition…," relies on the previously stricken opinion 4. *Id*. Opinion 4 states that "HP was aware of the potential safety hazard of using non-HP approved battery packs in their HP notebooks and warned users against it. Powers was exposed to this hazard." ECF No. 166-2. However, this hazard referenced in opinion 4 can sufficiently be inferred from the admissible opinions 3 and 9, making this argument irrelevant. Kutchek's admissible opinions provide ample basis for understanding the potential safety hazard associated with the use of non-HP approved battery packs, without needing to rely on the previously stricken opinion 4.

Lastly, HP argues that opinion 9 of Kutchek's expert report, which asserts that if HP prevented the use of non-HP approved battery packs the incident would have been prevented, necessarily relies on stricken findings 6-8. ECF No. 227, at 6. These findings are that HP failed to authenticate installed battery packs, inform or warn users of the use of non-HP approved battery packs, and failed to have interlocks preventing the use of non-HP approved battery packs. ECF No. 166-2. Yet, Opinion 9 broadly addresses Defendant's overall failure to prevent the use of non-HP approved battery packs, regardless of the specific failures noted in Findings 6-8. Due to its general nature, Opinion 9 stands independently of the stricken findings.

Similarly, HP seeks reconsideration of the admissibility of Kitzes opinions 1,2,3 and 5. ECF No. 227, at 6-7. These opinions relate to HP's failure to act as a reasonably prudent

manufacturer in adequately warning users of the danger of foreseeable risks and in protecting users from the same. ECF No. 164-1. The specific opinions in question are as follows: (1) HP failed to act as a reasonably prudent manufacturer in adequately protecting laptop users from severe burn injuries associated with the foreseeable use of their product with non-approved batteries; (2) HP failed to adequately warn notebook users of the dangers associated with non-compatible replacement battery packs; (3) HP never clearly identified which battery packs were compatible and which were not; and (5) there is no readily available evidence that HP took any corrective steps to assist users in selecting approved HP replacement battery packs. *Id.*

HP argues that these opinions are nothing more than impermissible *ipse dixit,* which rely upon the previously stricken opinion regarding Defendant's development of, but failure to incorporate, battery authentication technology in the at-issue notebook. ECF No. 227, at 7. However, the validity of opinions 1, 2, 3, and 5 do not hinge on the specifics of the stricken opinion, but rather on the general industry standards and Defendant's duty as a manufacturer. As Defendant's arguments with regard to Plaintiffs expert testimony are based on flawed reasoning and lack merit, Defendant's motion for reconsideration as to this Court's Order on the motions *in limine* to preclude the testimony of plaintiff's liability experts must be denied.

**B. Defendant has Failed to Demonstrate that this Court Committed Clear Error in Rendering its Prior Orders on Defendant's Motion for Summary Judgment**

The Supreme Court has held that a finding of clear error requires a "definite and firm conviction that a mistake has been committed." *Easely v. Comartie,* 532 U.S. 234, 242 (2001) (*citing U.S. v. U.S. Gypsum Co.,* 333 U.S. 364. 395 (1948)). Clear error can be found in both factual and legal determinations. "Clear error of law occurs when the court misapplies or fails to recognize controlling precedent." *Smith v. Presidio Networked Sols., LLC,* No. 22-736, 2024 U.S. Dist. LEXIS 124717 (E.D. Pa. July 16, 2024).

In the present case, Defendant contends that this Court committed clear error of law in two respects: (1) in finding that the adequacy of the warnings provided by the Defendant were a question of fact, rather than a question of law; and (2) in failing to apply Pennsylvania's heeding presumption to conclude that the warnings provided by Defendant were adequate as a matter of law. However, Plaintiff maintains that this Court's treatment of the adequacy of warnings as a factual determination for the jury is consistent with the prevailing standard in this jurisdiction, so as to preclude a finding of clear error.

### 1. The Adequacy Of Product Warnings Is A Factual Determination For The Jury, Especially Where Genuine Issues Of Material Fact Exist

Defendant contends that this Court erred by treating genuine issues of material fact regarding adequacy of the warnings provided by Defendant as a question of fact rather than a question of law. This argument, however, overlooks the prevailing standards in this jurisdiction and fails to account for developments in Pennsylvania and Federal law.

In *Mazur v. Merck & Co., Inc.*, 964 F.2d 1348, 1366 (3d Cir. 1992), the United States Court of Appeals for the Third Circuit noted that under Pennsylvania law, the determination of whether a warning was adequate was a question of law. This perspective was supported by the court's reliance on *Mackowick v. Westinghouse Elec. Corp.*, 525 Pa. 52, 575 A.2d 100, 102 (1990), which itself was grounded in the decision of *Azzarello v. Black Bros. Inc.*, 391 A.2d 1020 (Pa. 1978), *overruled by Tincher v. Omega Flex, Inc.*, 104 A.3d 328 (Pa. 2014). Specifically, *Mackowick* relied upon the following excerpt from *Azarello* in rendering the relevant opinion:

> These are questions of law and their resolution depends upon social policy. Restated, the phrases "defective condition" and "unreasonably dangerous" are used in the Restatement formulation are terms of art involved when strict liability is a appropriate. It is a judicial function to decide whether, under the plaintiff's averment of the facts, recovery would be justified; and only after this judicial determination is made is the cause submitted to the jury to determine whether the facts of the case support the averments of the case.

*Azzarello*, 391 A.2d at 1026.

However, this perspective was fundamentally altered by the Pennsylvania Supreme Court

in *Tincher*, 104 A.3d 328 (Pa. 2014). In *Tincher*, the court held that:

> Whether a product is in a defective condition is a question of fact ordinarily
> submitted for determination to the finder of fact; the question is removed from the
> jury's consideration only where it is clear that reasonable minds could not differ on
> the issue. Thus, the trial court is relegated to its traditional role of determining issues
> of law, e.g., on dispositive motions, and articulating the law for the jury, premised
> upon the governing legal theory, the facts adduced at trial and relevant advocacy by
> the parties.

*Tincher*, 104 A.3d at 309.

Further, even if *Tincher* is held not to apply to adequacy of warnings, Defendant's reliance

upon *Davis v. Birwand Corp.* does not take into account the subsequent 3rd Circuit Court of

Appeals opinion in *Pavlik v. Lane Ltd./Tobacco Exporters Int'l*, which harmonized *Davis* and the

existence of genuine issues of material fact requiring a jury's determination:

> The initial determination of whether a warning is adequate in Pennsylvania is a
> matter of law. *See Nowak v. Faberge USA, Inc.*, 32 F.3d 755, 757 (3d Cir.1994),
> aff'g, 812 F.Supp. 492 (M.D.Pa.1992); *Davis, supra.* Since, as we develop below,
> we discern a genuine issue of material fact regarding the adequacy of the Clipper
> warning, and since we believe that Clipper more adequately warns of the danger of
> using butane as an inhalant than does the Zeus can, we cannot conclude that
> Stephen's awareness of the Zeus label provides a reason for finding no causation.
> To the contrary, based on the present record, we have serious doubts that the Zeus
> warning sufficiently warns users of the potentially fatal consequences of butane
> inhalation, and we are not convinced of its adequacy under § 402A. More
> specifically, the "DO NOT BREATHE SPRAY" warning appears to give the user
> no notice of the serious nature of the danger posed by inhalation, intentional or
> otherwise, and no other language on the Zeus can does so. Yet, we similarly cannot
> find that such a directive is inadequate as a matter of law, and so we must leave the
> question for the jury.
>
> . . .
>
> Drawing all inferences from the record in plaintiff's favor, we find that there is a
> genuine issue of material fact whether the Clipper warning was sufficient to catch

Stephen Pavlik's attention and, by its terms, render an additional warning on the Zeus can unnecessary.

*Pavlik v. Lane Ltd./Tobacco Exporters Int'l, 135 F.3d 876, 886-887 (3d Cir. 1998).*

This is later echoed in *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig,* 817 F. Supp. 2d 535, 545–46 (E.D. Pa. 2011):

Though under Pennsylvania law, adequacy is initially a question of law, where fact questions exist (e.g., regarding the sufficiency of the warning for a particular risk identified in the label and whether the warning was diluted by marketing representations), the question of adequacy is one for the jury.

Moreover, this Court in *Rowland v. Novartis Pharms. Corp.*, 34 F. Supp. 3d 556, 572 (W.D. Pa. 2014), and subsequently in *Cohen v. Johnson & Johnson*, 634 F. Supp. 3d 216, 230 (W.D. Pa. 2022) and *Jones v. SWEPI L.P.*, 643 F. Supp. 3d 547, 557 (W.D. Pa. 2022) has adhered to this principle that the adequacy of product warnings, when contested by factual disputes, is within the jury's domain.

In light of these precedents, Defendant's assertion that the adequacy of the warnings should always be treated as a legal issue is inconsistent with the current legal framework. *Tincher* overruled the basis for the earlier finding of the United States Court of Appeals for the Third Circuit that the determination of whether a warning was adequate was a question of law. Moreover, should *Tincher* not apply, the 3rd Circuit in *Pavlik* specifies that, while the initial determination of the adequacy is a question of law for the Court, genuine issues of material fact require that the matter be referred to the jury for determination. Further, prior district court rulings of this jurisdiction align with this holding. Here, this Court found such genuine issues of material fact to exist and therefore was correct in deferring the matter to the jury for consideration. Accordingly, Defendant's motion for reconsideration should be denied in this respect as it does not reflect the current and applicable legal standards governing the issue. As Defendant has failed to manifest a

definite and firm conviction that a mistake has been committed, a grant of reconsideration of this

Court's prior Opinion on the basis of clear error is improper.

**V.   CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court

deny Defendant's Motion for Reconsideration.


Respectfully submitted,

FRIDAY & COX, LLC



By:/s/ Peter D. Friday
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

J. Patrick Denton, Esquire
Pa. I.D. # 333533
pdenton@fridaylaw.com

Madeline T. Stuchell, Esquire
Pa. I.D. # 334611
mstuchell@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on September 10, 2024 that a copy of the foregoing

***Memorandum of Law in Opposition to Defendant's Motion for Reconsideration*** was served

upon the following via the Court's CM/ECF system:

Michael A. Weiner, Esquire
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
weiner@bbs-law.com

Christopher G. Betke, Esquire
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
cbetke@coughlinbetke.com

/s/ Peter D. Friday
Peter D. Friday, Esquire
Pa. I.D. # 48746
pfriday@fridaylaw.com

J. Patrick Denton, Esquire
Pa. I.D. # 333533
pdenton@fridaylaw.com

Madeline T. Stuchell, Esquire
Pa. I.D. # 334611
mstuchell@fridaylaw.com

1405 McFarland Road
Pittsburgh, PA  15216
Phone: (412) 561-4290
*Counsel for Plaintiff*