UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                          Civil Division
          *Plaintiff*,                 Docket No. 2:17-CV-00154-MRH
v.
HEWLETT-PACKARD COMPANY,               Hon. Mark R. Hornak
          *Defendant*.                 Tuesday, September 17, 2024

**REPLY IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION**

On August 29, 2024, the Court ordered the plaintiff to respond to HP's motion for reconsideration of the orders on the motions for summary judgment and to preclude plaintiff's experts because the warnings given with the notebook were adequate as a matter of law and the only remaining expert opinions in this case rely directly on opinions already precluded by this Court. The Court also granted leave to plaintiff to file Motion for Judgment as a Matter of Law on the question of the legal adequacy of the warning involved in this case. ECF No. 229. The plaintiff declined the Court's invitation to file such a motion due to the undisputed evidence concerning the warnings given to plaintiff. *See* ECF. No. 183 at 4–5. Specifically, plaintiff was warned, "WARNING! To reduce potential safety issues, use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP," ECF No. 219 at 13. Plaintiff, in his opposition, ECF No. 232, does not dispute that the notebook would have been safe to use had this warning been heeded, and that Pennsylvania law requires the warning must be presumed to have been heeded. HP respectfully requests reconsideration be granted, the plaintiffs' experts be precluded, and summary judgment enter against plaintiff.

**I.  ARGUMENT**

**A.  The warnings given with the notebook were adequate as a matter of law**

It bears emphasis that Plaintiff concedes that under Third Circuit precedent, "the initial

determination of whether a warning is adequate in Pennsylvania is a matter of law." ECF No. 232 at 12, *citing Pavlik v. Lane Ltd./Tobacco Exporters Int'l,* 135 F.3d 876, 886 (3d Cir. 1998), *Nowak v. Faberge USA, Inc.,* 32 F.3d 755, 757 (3d Cir.1994); *Davis v. Berwind Corp.,* 547 Pa. 260 (Pa. 1997). This rule is consistent with *Tincher v. Omega Flex,* 628 Pa. 296 (2014), which holding was expressly limited to claims of defective design. *Tincher, supra* at 432.

Nor does plaintiff dispute that the notebook in this case would have been safe to use had the warning given, "WARNING! To reduce potential safety issues, use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP," ECF No. 219 at 13, been heeded, as Pennsylvania law requires it must. This alone is fatal to his claim. *See Davis, supra* at 268 (manufacturer need not warn against dangers that may arise if the stated warnings are not heeded); *see also Brewer v. Troy-Bilt LLC,* 2023 U.S. Dist. LEXIS 194741, *15 (E.D. Pa. Oct. 31, 2023) (Kenney, J.) (same); *Roudabush v. Rondo, Inc.,* 2017 U.S. Dist. LEXIS 142832, at *7 (W.D. Pa. Sept. 5, 2017) (Gibson, J.); *Hatcher v. SCM Grp. N. Am., Inc.,* 167 F. Supp. 3d 719, 727 (E.D. Pa. Mar. 1, 2016) (Schiller, J.) (same); *Robinson v. Delta Int'l Mach. Corp.,* 274 F.R.D. 518, 524 (E.D. Pa. Mar. 15, 2011) (O'Neill, J.) (same); *Fisher v. Walsh Parts & Serv. Co.,* 296 F. Supp. 2d 551, 567 (E.D. Pa. Oct. 29, 2003) (Smith, J.) (same); *Hittle v. Scripto-Tokai Corp., 1*66 F. Supp. 2d 142, 156 (M.D. Pa. Sept. 21, 2001) (McClure, J.) (same). As in the foregoing cases, summary judgment must enter on the plaintiff's claim of failure to warn.

In *Brewer*, the warning provided with a snow thrower instructed the user not to place one's hands in the discharge chute. *Brewer, supra* at *15. The plaintiff was cleaning the discharge chute with his hands when the snow thrower spontaneously started and injured him. The plaintiff claimed that the warnings should have included a warning about the risk of a spontaneous start.

The Court rejected the plaintiff's claim that the current warning was insufficiently detailed and therefore inadequate, because a "spontaneous start, no matter the circumstances, is not material to this case since Mr. Brewer would not have been harmed by a spontaneous start had he obeyed the existing warnings not to place his hands in the discharge chute at any time." *Id.* Here, the plaintiff claims that the risk of fire and explosion were not sufficiently warned against by HP, but as in *Brewer, supra,* such a warning is only useful if the current warning against using a non-HP battery was "blatantly ignored." *Id.*, citing *Davis, supra*; *Makadji v. GPI Div. of Harmony Enters. Inc.*, 2006 U.S. Dist. LEXIS 87530, at *1-3 (E.D. Pa. Dec. 1, 2006) (Schiller, J.) ("granting summary judgment where plaintiff ignored a warning to keep hands out of a trash compactor and requested a more detailed warning"); *Roudabush, supra,* at *7 ("same where plaintiff was injured when disregarding warnings not to place hands in machine and requested more prominent and detailed instructions"); *see also Hatcher, supra* at 727 (same where plaintiff ignored warning not to operate saw without safety guards and requested a more detailed warning).

In *Robinson, supra,* the warnings in a saw's manual instructed the user, "Do not perform any operation free hand." *Robinson, supra* at 524. The plaintiff claimed that the manual should have warned about the risk of cutting injury associated with a free hand cut, but "plaintiff was subjected to such risk only because he first disregarded the warning against making cuts freehand. Like the warning included on the blender in *Davis*, the warning not to perform any operation freehand was sufficient to address the danger and was sufficient to caution the operator. No more is required." *Id.* (Internal quotation and citation omitted). Here, the plaintiff also argues that he should have been warned about the risks associated with using a non-HP battery–a risk to which he was only subjected because he disregarded the warning HP gave and he is presumed to have

heeded.

In *Hittle,* the warning on a lighter instructed the user to keep the lighter away from children. *Hittle, supra* at 156. The plaintiff argued that the warning should have included the additional warning that a child can operate the on/off switch on the lighter. *Id.* The Court, rejecting the argument, held "the "on/off" switch is irrelevant because the Hittles were properly instructed to keep the lighter away from children. Had that warning been followed, no injuries would have been sustained. We will not require Tokai to warn of dangers that may arise in the event that its already-present warnings are ignored." *Id.* Here, as in the foregoing cases, the plaintiff would not have sustained any injuries had the warning to use HP batteries been heeded as it must be presumed to have been. Plaintiff, as in the foregoing cases, "is in effect suggesting that we require a manufacturer to warn against dangers that may arise if the stated warnings are not heeded. Such requirement is unreasonable and unwarranted since the law presumes that warnings will be obeyed." *Davis, supra* at 260 (citations omitted). The motion for reconsideration should be granted and summary judgment should enter on plaintiff's claims.

Plaintiff's cited authority, comprising *Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 817 F. Supp. 2d 535, 546-547 (E.D. Pa. 2011) (Rufi, J.) and three cases from this Court, militate in favor of reconsideration and the entry of summary judgment. Plaintiff cites these four cases in which the Court held that there was a genuine issue of material fact concerning the adequacy of a warning, but they comprise one case with no warning given, and three pharmaceutical cases involving the learned intermediary doctrine. *See* ECF No. 232 at 13, *citing Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 817 F. Supp. 2d 535, 546-547 (E.D. Pa. 2011) (Rufi, J.); *Rowland v. Novartis Pharms. Corp.,* 34 F. Supp. 3d 556, 572 (W.D. Pa. 2014)

(Hornak, J.); *Cohen v. Johnson & Johnson*, 634 F. Supp. 3d 216, 231 (W.D. Pa. 2022) (Hornak, J.)

*Jones v. Swepi L.P.,* 643 F. Supp. 3d 547, 557 (W.D. Pa. 2022)  (Hornak, J.).

In *Jones,* it was undisputed that there was no warning concerning the counterbalance bypass alleged to have caused the plaintiff's injury. *Jones, supra* at 557. Obviously, there was a genuine issue of material fact concerning the adequacy of a warning in *Jones*–there was no warning at all. Not so here. A warning was given to use HP batteries in this case, and it would have prevented plaintiff's injuries had it been heeded, as it must be presumed to have been.

In *Avandia, Rowland,* and *Cohen, supra,* the defendant was a pharmaceutical or medical device manufacturer, and the warnings at issue were allegedly inadequate under the learned intermediary doctrine. In such cases, "adequacy is ordinarily a question for the jury and must be determined based on both risks disclosed and the manufacturer's actual or constructive knowledge at the time the injury occurred." *Rowland, supra* at 572. That is because such cases and the warnings involved are categorically different: "[T]he manufacturer of a prescription drug known to be dangerous for its intended use, has a duty to exercise reasonable care to inform those for whose use the article was supplied of the facts which make the product likely to be dangerous." *Id.* The warning supplied by a drug manufacturer is given to doctors, to list a drug's certain known side effects and interactions. The doctor is to then use his medical judgment, the patient's medical history, and this manufacturer information to decide whether to prescribe the drug. *Id.* Because these warnings concern drugs known to be dangerous for their intended use, there is no instruction the manufacturer can give that would, if heeded, make the drug intrinsically safe.

Conversely, here, there is a warning that made the notebook in this case safe to use: "WARNING! To reduce potential safety issues, use only the battery provided with the computer, a

replacement battery provided by HP, or a compatible battery purchased from HP," ECF No. 219 at

13. It is undisputed that the warning given in this case would have prevented the injury if heeded,

and that Pennsylvania law requires the Court presume it was heeded. Plaintiff does not dispute

HP's contention that there is no evidence of any other additional battery authentication alert or

other warning that could have been given. The motion for reconsideration should be granted and

summary judgment should enter against plaintiff.

**B. Reconsideration of the orders precluding in part plaintiff's liability experts is procedurally proper and appropriate where their remaining opinions are derived from the precluded ones**

As an initial matter, plaintiff's arguments concerning reconsideration of the orders on the

motions in limine to preclude his expert witnesses are at odds. On the one hand, he claims HP

should have–somehow–raised the issue of the dependence of the experts' remaining opinions

upon the precluded opinions, **before the Court even ruled** on preclusion. ECF No. 232 at 6. On

the other hand, he claims that HP is relitigating issues it already briefed to the Court. *Id*. at 7. In

any event, the fact of the dependence of the experts permitted opinions upon the stricken opinions

could only become apparent upon the Court's final ruling on the motions in limine. Thus, the

motion is procedurally proper, insofar as it is addressed to an error of law only apparent upon the

final of the Court's rulings on the pending motions.

Further, the plaintiff strains the language of his expert's reports in an effort to disentangle

the precluded opinions from the remaining opinions, but this is unavailing. The Court struck

certain of Kutchek's "findings" insofar as they concerned facts not in evidence or in Kutchek's

personal knowledge or professional expertise–facts concerning what HP knew and did. ECF No.

201 at 10. If Finding 2 is precluded because Kutchek is not permitted to opine what is not

personally known to him–what safety protections HP did or did not assure for its approved battery packs–Finding 3, concerning what safety protections HP did or did not assure for non-approved battery packs, cannot be be personally known to him.

If Finding 4–that "HP was aware of the potential safety hazard of using non-HP approved battery packs"–was precluded as not within Kutchek's knowledge, Finding 5, that "this combination of hazard and risk created an unreasonably dangerous condition" cannot be within his personal knowledge. That the "hazard" to which Finding 5 refers is merely "inferred" from the remaining, non-precluded findings 3 and 9, rather than expressly referring to the "hazard" referenced in the immediately preceding Finding 4, stretches credulity. ECF No. 232 at 9.

If Findings 6-8 are precluded as not wishing Kutchek's knowledge—concerning HP's alleged failure to deploy authentication, alerts, and interlocks to prevent the use of non-HP battery packs–then Finding 9, concerning what would have resulted from HP's deployment of such methods of prevention, cannot be within his personal knowledge. Kutchek's remaining opinions, dependent as they are on the precluded opinions, must too be precluded.

So too with Kitzes: the Court struck "opinion 4 of Kitzes' expert report, i.e., his opinion relating to the availability of pop-up warning technology at the time of the laptop's explosion." ECF No. 219 at 10. Without the opinion that HP could have and failed to provide a contemporaneous warning, his remaining opinions, relating to "HP's failure to act as a reasonably prudent manufacturer in adequately protecting computer users from foreseeable risks and to adequately warn of the danger of such risk," cannot stand. ECF No. 219 at 10. Kitzes' opinions, far from relying on "general industry standards," ECF No. 232 at 10, were directed at the adequacy of the specific warnings alleged not to have been given in this case–battery

authentication alert warnings developed years after the manufacture of the notebook in this case.

The motion for reconsideration should be granted and the plaintiffs' experts' opinions precluded.

## II. CONCLUSION

For the foregoing reasons, HP requests reconsideration of the Court's Orders on the motions in limine to preclude plaintiff's liability experts and for summary judgment.

/s/ Christopher G. Betke

Christopher G. Betke
*Pro Hac Vice*
N.Y. Atty. Reg. No. 2260065
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
707 Grant Street, Suite 1800
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com

Attorneys for HP Inc.

**Certificate of Service**

I hereby certify that on Tuesday, September 17, 2024, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Christopher G. Betke
Christopher G. Betke