# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS POWER,                                        Civil Division
      *Plaintiff,*                                   Docket No. 2:17-CV-00154-MRH

v.

HEWLETT-PACKARD COMPANY,                    Hon. Mark R. Hornak
      *Defendant.*                                  Wednesday, September 25, 2024

## RULE 56(f)(1) POSITION STATEMENT

The Court gave notice under F.R.C.P. 56(f) that "should the Court conclude (as argued by the Defendant) that whether a warning is adequate in a failure to warn case is a pure question of law to be determined by the Court and the Court alone, the Court, in applying such legal rule to the record before the Court, may enter judgment on liability in favor of the Plaintiff on the question of the adequacy of the warning at issue, should the Court conclude as a matter of law that such warning was inadequate." ECF No. 235. HP respectfully submits the Court is required to "make the initial determination on the adequacy of the warning." *Hatcher v. SCM Grp. N. Am., Inc*., 167 F. Supp. 3d 719, 727 (E.D. Pa. Mar. 1, 2016) (Schiller, J.), *citing Mackowick v. Westinghouse Electric Corp*., 525 Pa. 52 (1990). Here, that initial determination should be that the warnings were adequate, because if heeded they would have prevented plaintiff's accident. And, as there is no evidence such that a reasonable juror could conclude otherwise, judgment must enter as a matter of law for HP. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242 (1986). However, the converse does not follow in this case–that the Court can determine initially whether the warnings were inadequate as a matter of law–where there is evidence in the record adduced by HP which would permit a reasonable juror to conclude that the warnings were indeed adequate. Specifically, HP's unchallenged  expert witness Quinn Horn, PhD, P.E. opined that HP provided end users with adequate warning regarding the use of HP-approved battery packs with

the notebook. ECF 152-2 at 2-3.

Further, cases in this Circuit have uniformly held that in cases where the Court has denied a defendant manufacturer's motion for summary judgment because it concluded the warnings given were not adequate as a matter of law, that the issue is then to be determined by the finder of fact. Consistent with this authority, HP is unaware of any  District Courts of the Third Circuit that has  used the procedure set forth in Federal Rule of Civil Procedure 56(f)(1) to grant summary judgment to a nonmovant plaintiff on the issue of adequacy of a warning in any product liability/ failure to warn case. Indeed,   the fact that plaintiff has twice declined to seek the relief of judgment as a matter of law on the adequacy of the warnings is indicative of the fact that this relief is not available to plaintiff. The defendant recognizes the time and attention the Court has given this matter and, respectfully, requests that the Court, upon reconsideration enter summary judgment for the defendant.  If, on reconsideration, the Court does not find that the warnings were adequate as a matter of law, the issue of adequacy and inadequacy of the warnings should be left for the jury. The Court should not enter summary judgment in favor of the nonmovant plaintiff under Rule 56(f)(1).

## I. ARGUMENT

### A. The initial determination as to adequacy of the warnings is to be made by the Court, and here it is undisputed that HP's warnings would have prevented the accident if heeded

As Plaintiff concedes, under Third Circuit precedent, "the **initial** determination of whether a warning is adequate in Pennsylvania is a matter of law." ECF No. 232 at 12, *citing Pavlik v. Lane Ltd./Tobacco Exporters Int'l,* 135 F.3d 876, 886 (3d Cir. 1998), *Nowak v. Faberge USA, Inc.,* 32 F.3d 755, 757 (3d Cir.1994); *Davis v. Berwind Corp.,* 547 Pa. 260 (Pa. 1997). This

initial determination is resolved for adequacy by the undisputed fact that the notebook in this case would have been safe to use had the warning given,"WARNING! To reduce potential safety issues, *use only the battery provided with the computer, a replacement battery provided by HP, or a compatible battery purchased from HP*," (emphasis added) ECF No. 219 at 13, been heeded, as the law presumes. *See Davis*, supra at 268 (manufacturer need not warn against dangers that may arise if the stated warnings are not heeded); *see also* ECF No. 234 at 2 (collecting cases holding same). Thus, the Court's inquiry should end there, and summary judgment be granted for HP.

**B. The warnings cannot be determined to be inadequate as a matter of law where HP's record and expert evidence would permit a reasonable juror to conclude the warnings were adequate**

Here, there is record and expert evidence adduced by HP which would permit a reasonable juror to conclude that the warnings were adequate. This precludes the opposite finding that  the warnings were inadequate as a matter of law. Specifically, HP's unchallenged expert witness Quinn Horn, PhD, P.E. opined that HP provided end users with adequate warning regarding the use of HP-approved battery packs with the notebook. In support of his conclusion thereof, Dr. Horn cited the record evidence in this case: that "multiple warnings to only use HP-approved battery packs were provided with the HP 8730W notebook computer as sold by HP," and that "when the HP 8730W notebook computer was designed, industry standards did not prohibit the use of third-party accessories, nor require an end-user alert when a third-party battery pack was installed." ECF 152-2 at 2-3.

The warnings given have not been disputed by plaintiff. That the accident would have been prevented, had the warnings given been heeded as they are presumed to be under Pennsylvania law, is also not disputed by plaintiff. Equally, Dr. Horn's qualifications have not

been disputed by plaintiff. Dr. Horn's opinions have not been disputed by plaintiff. Plaintiff did

not even elect to depose Dr. Horn or in any way subject his opinions to cross-examination. On

this record, and with this expert evidence, it cannot be said that no reasonable juror could

conclude the warnings were adequate. Accordingly, the warnings cannot be determined to be

inadequate as a matter of law, nor judgment on this issue entered in favor of plaintiff. *Anderson,*

*supra* at 252.

**C. If HP's motion for summary judgment is denied because the warnings given were not adequate as a matter of law, the issue is properly left to the finder of fact**

As the authority cited by the plaintiff and Court establishes, when the District Court

denies summary judgment to a defendant manufacturer because it holds that the warnings given

were not adequate as a matter of law, the issue is referred to the finder of fact. *See* ECF No. 219

at 11-12, *citing Whyte v. Stanley Black & Decker, Inc.,* 514 F. Supp. 3d 684, 697 (W.D. Pa. Jan.

22, 2021) (Ranjan, J.); *Schrecengost v. Coloplast Corp.*, 425 F. Supp. 3d 448, 467 (W.D. Pa. Dec.

2, 2019) (Gibson, J.); *Rowland v. Novartis Pharms. Corp.,* 34 F. Supp. 3d 556, 572 (W.D. Pa.

2014) (Hornak, J.); ECF No. 232 at 12-13, *citing Avandia Mktg., Sales Practices & Prods. Liab.*

*Litig.,* 817 F. Supp. 2d 535, 546-547 (E.D. Pa. 2011) (Rufi, J.); *Rowland, supra* at 572; *Cohen v.*

*Johnson & Johnson*, 634 F. Supp. 3d 216, 231 (W.D. Pa. 2022) (Hornak, J.) *Jones v. Swepi L.P.,*

643 F. Supp. 3d 547, 557 (W.D. Pa. 2022)  (Hornak, J.).

In each of these cases, the Court, after holding the warning was not adequate as a matter

of law, referred the issue to the finder of fact. In *Whyte,* the warning on the hammer stated

"WARNING: TOOLS OR STRUCK OBJECT CAN CHIP. USER AND BYSTANDERS WEAR

SAFETY GOGGLES." This was not held adequate as a matter of law: the plaintiff, who was

wearing safety goggles and complied with the warning, was injured by a fragment that struck

him in the abdomen. The Court thus denied summary judgment as it was presented with "a genuine issue of fact for the jury." *Id., citing Pavilk, supra* at 884 ("Yet, we similarly cannot find that such a directive is inadequate as a matter of law, and so we must leave the question for the jury"). Having ruled that the warning was not adequate as a matter of law, the Court did not rule on whether it was inadequate as a matter of law, as this was properly for the jury. *Id.; see also Schrecengost, supra* at 462 ("Here, the Court holds that the Aris's warnings are not, as a matter of law, adequate and that the adequacy of the warnings is a proper question for the jury"); *Rowland, supra* at 572 ("The adequacy of the Zometa warnings is a properly a question of fact for the jury to consider."); *In re Avandia, supra* at 545 ("under Pennsylvania law, adequacy is initially a question of law,  where fact questions exist … the question of adequacy is one for the jury."); *Cohen, supra* at 231 (same); *Jones, supra* at 557 ("there is genuine issue of material fact regarding whether CRW fulfilled its duty to warn the end users about the risks associated with this system. Further, the Court concludes that on this record, a jury, not the Court, should be tasked with determining whether CRW's communication with DWS fulfills this duty."). The same result should obtain here if the Court denies HP's motion for summary judgment. . The issue should then be referred to the finder of fact.

Indeed, consistent with the foregoing authority, the District Courts of the Third Circuit have not apparently granted summary judgment under the procedure set forth in Federal Rule of Civil Procedure 56(f)(1) to a nonmovant plaintiff on the issue of adequacy of a warning in **any** product liability or failure to warn case that defendant could locate. This is so despite the fact that in some cases, there was *no express* warning at all. *See, e.g. Jones, supra* at 557 (despite no express warning, issue of adequacy and inadequacy still to be determined by jury not Court).

Thus, it would be a departure from precedent to grant judgment as a matter of law for plaintiff where it is undisputed that a warning was given, the warnings efficacy is attested to by an expert and the defendant itself (a pioneering company in the technology field) and  plaintiff has declined to seek such relief.  The Court should not enter summary judgment in favor of the nonmovant plaintiff under Rule 56(f)(1).

## II. CONCLUSION

HP has sought reconsideration of the order on summary judgment because the warnings here, if heeded as they are presumed to be under Pennsylvania law, would have prevented plaintiff's accident, and were therefore adequate as a matter of law. ECF No. 227 at 3-5. On these facts, "there is no evidence in the record which would permit a reasonable juror to conclude that Defendants are strictly liable under a failure to warn theory." *Roudabush v. Rondo, Inc*., 2017 U.S. Dist. LEXIS 142832, at *7 (W.D. Pa. Sept. 5, 2017) (Gibson, J.). The motion for reconsideration should be granted on this ground and summary judgment should enter for HP. Equally, on these same facts there is record and expert evidence that would permit a reasonable juror to conclude that HP's warnings were adequate, so the warnings cannot be determined to be inadequate as a matter of law. Accordingly, if HP's motion for summary judgment is denied on reconsideration, the issue of adequacy and inadequacy of the warnings should be for the jury. The Court should not enter summary judgment in favor of the nonmovant plaintiff under Rule 56(f)(1).

/s/ Christopher G. Betke

Christopher G. Betke
*Pro Hac Vice*
*N.Y. Atty. Reg. No. 2260065*
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
(617) 988-8005
cbetke@coughlinbetke.com

Michael A. Weiner, Esquire
PA I.D. #93640
Bennett, Bricklin & Saltzburg LLC
611 William Penn Place
Pittsburgh, PA 15219
Phone: (412) 894-4101
Fax: (412) 894-4111
weiner@bbs-law.com

Attorneys for HP Inc.

**Certificate of Service**

I hereby certify that on Wednesday, September 25, 2024, a true and accurate copy of the foregoing was served via the Court's Electronic Case Filing System to all counsel of record.

/s/ Christopher G. Betke
Christopher G. Betke