IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS POWER, | ) |
| Plaintiff, | ) |
| v. | )  2:17-cv-00154 |
| HEWLETT-PACKARD COMPANY, | ) |
| Defendant. | ) |

**AMENDED CIVIL PRETRIAL ORDER**

AND NOW, this __21st__ day of ____October____, **2024,** the Court HEREBY ORDERS as follows:

**A. Final Pretrial Orders:**

1. Jury selection and trial are set for **February 25, 2025 at 9:00 AM,** in Courtroom 6A, 6th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. The Court will seat nine (9) jurors for the trial, no alternates, and all jurors remaining when deliberations begin will participate in deliberations. Each side of the case will have three (3) peremptory challenges. This date may be subject to change if required by the demands of the Court's criminal docket. Should such occur, the Court will endeavor to provide counsel with as much advance notice as is practicable.

2. **Pretrial Conference(s).** A final pretrial conference shall be held on **January 23, 2025 at 9:30 AM,** in Courtroom 6A, 6th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania. All parties, party representatives and any involved insurance representatives (each with full and final settlement authority), along with all lawyers and paraprofessionals who will participate in the trial, must be present at this conference in person.

3. **Exchange of Witness Lists and Exhibits.**

a. Plaintiff shall file a pretrial statement on or before **October 31, 2024.** Plaintiff shall also file a final list of trial witnesses, listing separately (i) the witnesses it <u>will</u> call and (ii) the witnesses it <u>may</u> call if needed (other than purely for impeachment). For each witness listed, Plaintiff shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Plaintiffs witness list and offers of proof shall be due by **October 31, 2024.**

b. Defendant shall file a pretrial statement on or before **December 2, 2024.** Defendant shall also file a final list of trial witnesses, listing separately (i) the witnesses it <u>will</u> call and (ii) the witnesses it <u>may</u> call if needed (other than purely for impeachment). For each witness listed, Defendant shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Defendant's witness list and offers of proof shall be due by **December 2, 2024.**

c. On or before **December 5, 2024,** counsel shall file on CM/ECF a Joint Exhibit List Chart (with columns) setting forth all trial exhibits, by exhibit number, date, author, type of document, objection as to authenticity (if any) with response, and objection as to admissibility with response. At the same time, a copy of each exhibit in a binder or notebook, shall be delivered to Chambers. (The actual copy of the exhibits should not be filed on CM/ECF, only the Joint Exhibit List Chart shall be filed on CM/ECF). The Joint Exhibit List Chart, with a copy of the exhibits in a binder along with a "flash drive" containing electronic copies of the

       Exhibit List and all exhibits, shall be hand-delivered to Chambers by **December 5, 2024.**

    d.    All exhibits must be exchanged and marked in advance of trial. One paper copy of each exhibit displayed during trial is to be provided to the Courtroom Deputy Clerk following its display. In order for the Jurors' Exhibit Binder to be complete when deliberation begins, counsel must have provided one paper copy of each admitted exhibit by the last day of trial. Counsel must provide the Court with binder(s) that will hold the paper copies of the exhibits to be submitted to the jury at the close of trial. Counsel shall coordinate so that all exhibits used at trial are displayed via the electronic courtroom technology system.

    e.    Voluminous data must be presented by summary exhibits pursuant to Fed. R. Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel). Where copies of documents are offered, the originals shall be available for examination, unless waived by stipulation. Counsel shall also prepare and provide to the Court, in a single binder, with accompanying "flash drive" electronic copy, all reports/CV's of any expert witness who may testify at trial. Such shall be delivered to Chambers on or before **December 5, 2024.**

    4.    **Designation of Discovery Excerpts to be Offered at Trial.** The parties shall submit a designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment) by **December 5, 2024.** These submissions shall have resolved all objections, and shall be prepared so as to allow their effective trial presentation, whether by playing video excerpts or otherwise.

5. **Motions.** The parties shall file all motions in limine, including motions and proposed orders of court under Fed. R. Evid. 104(a) and motions to limit or sever issues, together with supporting briefs or memoranda of law, by **December 12, 2024.** Responses shall be filed by **December 26, 2024.** All briefs supporting or opposing such motions (including attachments) are limited to 10 pages, double spaced, with twelve (12) point font.

6. **Proposed Jury Instructions & Verdict Slips.** Counsel shall meet to agree on a joint verdict slip and a joint set of proposed substantive jury instructions regarding Plaintiff(s)' claims and their elements, any defenses and their elements, and any evidentiary or other matters particular or unique to this case; the parties need not submit "boilerplate" or standard civil jury instructions. After said meeting, and on or before **January 9, 2025,** counsel shall file one combined set of proposed instructions, along with CD/flash drive containing the instructions in Word format. The filed set of instructions shall include both the agreed upon instructions and the proposed instructions to which the parties have not agreed. Each agreed upon instruction shall include the following notation at the bottom of each instruction: "This proposed instruction is agreed upon by the parties." Non-agreed upon instructions shall state which party is advancing it, along with the legal authority relied upon by each party in support of and in opposition to each such instruction. Each instruction to which the parties have not agreed shall indicate at the bottom of the instruction the name of the party proffering the instruction. All Proposed instructions by different parties shall be grouped together.

A final charging conference will be held, at which time a ruling will be made on each point for charge, and a copy of the Court's proposed charge will be supplied to counsel. Counsel are required to state objections to the proposed charge at the charging conference and to supply the alternate language, together with case authority. The Court will discuss all proposed jury

instructions from the parties. The Court generally rules on party-proposed jury instructions at the Final Pretrial Conference.

A joint proposed verdict slip shall be filed by **January 9, 2025.** If parties, after meeting in an attempt to agree on a joint verdict slip are unable to agree, the parties shall submit their respective proposed verdict slips by **January 9, 2025.**

7. **Proposed Voir Dire.** Counsel are permitted to supplement the standard questions, provided that the proposed supplemental voir dire questions are submitted to the Court in writing by **January 9, 2025.**

8. **Joint Stipulations.** The parties shall file joint stipulations by **January 9, 2025.** All possible stipulations shall be made as to:

a.  Facts;

b.  Issues to be decided;

c.  The authenticity and admissibility of exhibits;

d.  Expert qualifications and reports;

e.  Deposition testimony to be read into the record;

f.  A brief statement of the claims and defenses to be read to the jury during voir dire and to introduce the trial; and

g.  Exhibits or other presentation aids to be used in operating statements.

Counsel shall meet virtually/in-person/either at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

### B. Trial Procedure

1. Hours. Court is ordinarily in trial session, unless otherwise ordered by the Court, Monday through Friday, 9:00 a.m. to 5:00 p.m. with lunch and other breaks where appropriate. All

counsel are expected to be in their seats, and witnesses available, and ready to commence at the appointed times.

2. **Exhibits.** Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it should not be necessary during the trial to show exhibits to opposing counsel prior to using them.

3. **Approaching the Witness and related matters.** It will not be necessary for counsel to request permission to approach a witness. Pursuant to this member of the Court's Statement of Courtroom Opportunities for Newer Lawyers, the Court will consider allowing "split" examination of a witness if doing so facilitates allowing newer lawyers to actively participate in the trial.

4. **Opening and Closing Statements.** Up to forty-five (45) minutes is permitted to each side for each of the opening statements and for closing arguments. Counsel may use exhibits or charts in opening argument, provided that the same have been provided to opposing counsel beforehand and either agreement on the content thereof was reached or the Court has ruled upon the matter.

5. **Side Bar Conferences.** The Court believes that counsel should be considerate of the jurors' time. Consequently, side bar conferences are disfavored unless necessary to avoid prejudice. Such conferences tend to disrupt the presentation of evidence, can waste the jury's time and unduly extend the length of the trial. Counsel will meet with the Court at 8:30 a.m. each day (or earlier if necessary to ensure that trial commences on time) to raise points of evidence or other issues that would otherwise necessitate a side bar conference. Failure to raise the issue at that time will generally result in a disposition of the in-court objection in open court. If necessary, counsel and the Court may amplify their objections and rulings on the record after the jury has been excused for a break, for lunch, or for the day.

In addition, it is expected that counsel will anticipate evidentiary issues requiring lengthy argument and will take up such matters out of the presence of the jury. The Court will be available at 8:30 a.m. each morning to address such issues. It is the responsibility of counsel to notify other

counsel of the need for such a conference at 8:30 a.m. and all other counsel will be expected to be present at the appointed time for argument. The Court will not delay the proceedings to respond to last minute requests for conferences to discuss matters that, in the exercise of reasonable diligence, could have been heard at the morning conference.

      6.    **Witness List.** Prior to the commencement of the trial, counsel shall provide opposing counsel with a complete witness list, and shall provide opposing counsel throughout the trial with the actual list of the next day's witnesses by 5:00 p.m. in the order they are expected to be called. The same procedure will be employed by both sides at the end of each trial day. Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

      7.    **Note Taking.** The jury shall be permitted to take notes.

      8.    **Jury Questions/Jury Deliberations.** All written questions submitted by the jury are supplied to counsel. Counsel and the Court will meet to discuss and hopefully agree on a reply. The jury is then summoned to the Courtroom in most cases and the oral reply is given to them. A written reply is provided where appropriate.

      9.    **Jury Instructions.** A copy of the jury instructions shall be provided to the jury for use during its deliberations.

      10.    **Jury Access to Exhibits.** Unless otherwise advised by counsel, it will be assumed that all admitted exhibits will be sent out with the jury.

      11.    **Use of Technology.** The parties are required to use trial presentation technology, courtroom technology, and trial exhibit summaries pursuant to Rule 1006 of the Federal Rules of Evidence, to the fullest extent possible.

      12.    **Other Procedures.** The parties are directed to the Court's Chambers Rules and Procedures, available on the Court's website for additional pretrial and trial procedures.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

cc:   All counsel of record via CM/ECF